DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (*pro hac vice* pending)

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | **Case No. 20-11563 (_)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND
546(c) OF THE BANKRUPTCY CODE FOR APPROVAL OF
PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS**

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that

are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**";

the Debtors collectively with their direct and indirect non-Debtor subsidiaries, the

"**Company**" or "**Aeroméxico**") hereby move (this "**Motion**") this Court (as defined

herein) for entry of an order, substantially in the form attached hereto as **Exhibit B** (the

"**Order**"), granting the relief described below. In support thereof, the Debtors refer to the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

contemporaneously-filed *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Sánchez Declaration**") and further represent as follows:

<u>**Jurisdiction and Venue**</u>

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.      The Debtors and their direct and indirect subsidiaries constitute the largest airline in Mexico and are collectively known as Mexico's "global airline," providing public air carrier services for passengers and goods (including fleet and cargo services) in and outside of Mexico, and services related to such air operations. The Debtors are one of the four founding members of the SkyTeam airline alliance, and their businesses include Aeroméxico, Aeroméxico Connect, Aeroméxico Cargo and Aeroméxico Servicios. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness and the events leading up to the Petition Date can be found in the Sánchez Declaration, filed contemporaneously herewith.

## Relief Requested

5.      Consistent with the normal operation of their businesses, prior to the Petition Date, the Debtors ordered merchandise from various vendors on varying credit terms. For example, the Debtors regularly purchase, among other things, equipment, aircraft and engine parts, parts for ground equipment and other materials that are necessary for their operations. These goods are typically delivered directly to the Debtors, to their storage facilities or to facilities owned by third parties. Given the extension of credit by various vendors, the Debtors are perpetually in possession of goods for which payment had not been made at the time of delivery.

6.      Upon commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code, which provides that sellers who sold goods to debtors in the ordinary course of the seller's business may reclaim the goods if: (a) the debtor received the goods while insolvent within forty-five days before the date of the commencement of the case, (b) the seller makes a reclamation demand in writing

3

(i) before forty-five days after receipt of the goods by the debtor or (ii) if the forty-five day period expires after the Petition Date, before twenty days after the date of commencement of the case[2] and (c) the seller is otherwise entitled to reclamation under applicable state law.

7.      By this Motion, the Debtors seek authority, pursuant to sections 105(a) and 546(c) of the Bankruptcy Code, to establish certain procedures for the resolution of reclamation claims against the Debtors (the "**Reclamation Procedures**").  The Debtors submit that implementation of the Reclamation Procedures is in the best interests of the Debtors' estates and all parties in interest.

## The Reclamation Procedures

8.      The Debtors anticipate that some vendors may file demands under section 546(c)(1) of the Bankruptcy Code (each, a "**Reclamation Demand**") asserting their rights to reclaim goods from the Debtors.

9.      The Debtors submit that implementation of the Reclamation Procedures will facilitate the reconciliation of reclamation claims and minimize litigation costs associated with such claims. Neither the filing of this Motion nor any of the information contained herein shall constitute an admission of the solvency or insolvency of the Debtors as of the Petition Date.

---

[2] Notwithstanding the foregoing, a seller of goods that fails to provide notice in the manner described in section 546(c) "still may assert" an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for goods sold to the debtor in the ordinary course of the debtor's business within 20 days before the date of the commencement of the case.

A.       **Reclamation Demand**

10.     The Debtors propose that a Reclamation Demand not be valid unless:

(a)     The Reclamation Claim Form, attached hereto as **Exhibit A**, is completed in writing and identifies (i) the particular goods it seeks to reclaim (the "**Goods**"), (ii) the quantity or dollar value of the Goods, (iii) the date the Goods were delivered to the Debtors, (iv) the invoice numbers applicable to the Goods and (v) the basis for the Reclamation Demand;

(b)     The Reclamation Demand, accompanied by the applicable invoice(s), and bill(s) of lading or other documentation establishing proof of delivery and proof of the date of delivery of the Goods, are filed with the Court and received by (i) the Debtors' proposed notice and claim agent, Epiq Bankruptcy Solutions, LLC, either by email to aeromexicoinfo@epiqglobal.com or delivery, if by first class mail to: Grupo Aeroméxico, S.A.B. de C.V., Claims Processing Center, PO Box 4421, Beaverton, OR 97076-4421, or if by hand delivery or overnight mail to: Grupo Aeroméxico, S.A.B. de C.V., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005 and (ii) the attorneys for Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Stephen Piraino,

A.      before 45 days after the receipt of such Goods by the Debtors; or

B.      if such 45-day period expires after the Petition Date, before 20 days after the date of the commencement of the case, unless the period of time specified in subparagraph (b)(A) above or this subparagraph (b)(B) expires on a day that is not a

business day in which case such period shall expire on the next business day, which Reclamation Demand shall be set forth on the Reclamation Claim Form.

11.     The Debtors submit that any entity who fails to timely submit a Reclamation Demand pursuant to the Reclamation Procedures and section 546(c)(1) shall be deemed to have irrevocably waived its right to payment on account of any purported reclamation claim.

**B.      Reconciliation Process**

12.     As soon as practicable after the receipt of a Reclamation Demand, the Debtors shall review the demand and evaluate (a) the legal sufficiency of the Reclamation Demand, (b) whether the Goods were in the Debtors' possession when they received the Reclamation Demand, (c) the invoice amount of the Goods and (d) any setoffs, deductions, credits and other defenses and claims that the Debtors may have against the party asserting the Reclamation Demand.

13.     If, at any point in the reconciliation process, the Debtors determine that a claim asserted in a Reclamation Demand should be allowed (each an "**Allowed Reclamation Claim**"), the Debtors may, in their sole discretion, (a) make the Goods available for pick-up by the seller or (b) agree that the seller that filed the Reclamation Demand (the "**Reclamation Vendor**") is entitled to an administrative claim to be paid pursuant to any plan of reorganization confirmed in these chapter 11 cases.

14.     The Debtors are also authorized, in their sole discretion, to (a) negotiate with Reclamation Vendors whose Reclamation Demands have not been reconciled in order to reach agreement (a "**Reclamation Settlement**") regarding any unresolved claims

or portions thereof and (b) make payments pursuant to such a Reclamation Settlement that may be less than the amount of the Reclamation Demand.

15.    Payment of an Allowed Reclamation Claim or Reclamation Settlement shall constitute a waiver, release, discharge and satisfaction of any and all other Claims (as defined in section 101(5) of the Bankruptcy Code) related to any and all reclamation claims of the holder of the Allowed Reclamation Claim or the party to the Reclamation Settlement against any of the Debtors, their affiliates and estates, and the Reclamation Vendor shall be barred from asserting any and all other Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, related to any and all reclamation claims asserted by the Reclamation Vendor in these chapter 11 cases.

C.    **Reclamatin Reports**

16.    No later than one-hundred twenty (120) days after entry of an order granting the relief requested herein, the Debtors shall file with the Court a report (the "**Report**") including the following information (a) the names of the Reclamation Vendors whose Reclamation Demands have not been reconciled, (b) the date of each of the Reclamation Demands listed in the Report, (c) the basis upon which the Debtors believe that the Reclamation Demands are not legally valid, (d) a description of the Debtors' proposed treatment of each of the Reclamation Demands identified in the Report and (e) any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reclamation Demands.

17.    On the date the Report is filed with the Court, the Debtors shall send such Report by facsimile, overnight or hand delivery, to the following parties (a) the Office of

the U.S. Trustee, 201 Varick Street, Suite 1006. New York, NY 10014, Attn: Andrea B. Schwartz and (b) the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases. The Reclamation Report shall also be sent, by U.S. mail, to each Reclamation Vendor whose Reclamation Demand is identified in the Reclamation Report.

### D.    Objection

18.    The deadline to file objections to the Report shall be 4:00 p.m. prevailing Eastern time on the day that is twenty (20) calendar days from the day on which the Report is filed and served. Any objections must be received by (a) the Debtors, Grupo Aeroméxico S.A.B. de C.V., Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500, Attn: Alfonso Enrico Aranalde Aguilar Alvarez, (b) the Debtors' notice and claim agent, Epiq Bankruptcy Solutions, LLC, either by email to aeromexicoinfo@epiqglobal.com or delivery to: Grupo Aeroméxico, S.A.B. de C.V., Grupo Aeroméxico – Reclamation Objection, PO Box 4420, Beaverton, OR 97076-4420 and (c) the attorneys for Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Stephen Piraino on or before the objection deadline.

(a)    With respect to each Reclamation Demand in the Reclamation Report as to which no objection is timely received, the Debtors request that they be authorized, without further order of the court, to treat the Reclamation Demand as set forth in the Reclamation Report.

(b)    With respect to each Reclamation Demand in the Reclamation Report as to which an objection is timely received, and such objection is settled by the Debtors and the applicable Reclamation Vendor, the Debtors request that they be

authorized, without further order of the court, to treat the agreed upon Reclamation

Demand as an Allowed Reclamation Claim in accordance with the Reclamation

Procedures, unless otherwise agreed by the parties.

(c)    With respect to any Reclamation Demand in the Reclamation

Report as to which an objection is timely received, and such objection cannot be settled

by the Debtors and the applicable Reclamation Vendor, the Debtors request that such

Reclamation Demand(s) shall not be deemed allowed except upon order of the Court,

after a hearing on such Reclamation Demand(s) to be requested by the Debtors.

### E.    Stay of Adersary Proceedings

19.    Pending completion of the Reclamation Procedures, a stand-still shall be in

effect such that Reclamation Vendors may not take any action to establish the validity

and amount of their Reclamation Demand, including the filing of an adversary

proceeding, except pursuant to the Reclamation Procedures. As to all parties that timely

comply with the Reclamation Procedures, the Debtors hereby waive their right to assert

as a defense to a Reclamation Demand that a Reclamation Vendor has failed promptly to

commence or prosecute an adversary proceeding to enforce its Reclamation Demand,

without prejudice to any and all other rights, claims and defenses that the Debtors may

have with respect to the Reclamation Demand.

20.    The Debtors propose that the Reclamation Procedures be the sole and

exclusive method for the assertion, resolution, allowance, and satisfaction of reclamation

claims and request that all Reclamation Vendors be prohibited from invoking any other

means therefor, including, without limitation, the filing of a motion for allowance, or to

compel payment, of any Reclamation Claims.

**F.      Claims Against Vendors Are Not Waived**

21.     The Debtors also seek clarification that approval and implementation of the Reclamation Procedures shall not constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets. The Debtors expressly reserve their rights to pursue such claims. By requesting approval of the Reclamation Procedures, the Debtors are not consenting or agreeing to reclamation rights of any party, the Debtors are not waiving any rights with respect to any Reclamation Demand, and the Debtors are reserving all rights to dispute and contest any Reclamation Demand.

### Implementation of the Reclamation Procedures Is in the Best Interests of the Debtors and Their Estates and Creditors

22.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a). The Debtors submit that approval of the Reclamation Procedures is appropriate and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

23.     Implementation of the Reclamation Procedures is consistent with both the Bankruptcy Code. As permitted by section 546(c) of the Bankruptcy Code, the Reclamation Procedures provide that, for vendors with valid Reclamation Demands, the Debtors will either (a) make the Goods available for pick-up by the Reclamation Vendor or (b) grant the Reclamation Vendor an administrative claim. In addition, the Reclamation Procedures satisfy due process by providing interested parties with notice and an opportunity to object to the Debtors' designation of their Reclamation Demand.

24.     Absent implementation of the streamlined Reclamation Procedures, the Debtors would likely be subject to numerous claims and adversary proceedings, each of which would result in the unnecessary expenditure of time, effort and moneys by the Debtors. Most importantly, this litigation would be detrimental to the Debtors' business relationships and, therefore, to their successful reorganization. Accordingly, the Debtors submit that the Reclamation Procedures are in the best interests of the estates.

25.     Finally, procedures to address reclamation claims are often granted in complex airline chapter 11 cases. *See, e.g.*, *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (Bankr. S.D.N.Y. May 30, 2020) [Docket No. 65]; *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) [Docket No. 46]; *In re Republic Airways Holdings, Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) [Docket No. 15]; *In re Hawaiian Airlines, Inc.*, Case No. 03-00817 (RJF) (Bankr. D. Haw. Mar. 21, 2003) [Docket No. 65]; *In re UAL Corp., et. al.*, Case No. 02-B-48191 (Bankr. N.D. Ill. Dec. 9, 2002) [Docket No. 67]; *In re U.S. Airways Group, Inc., et al.*, Case No. 02-83984 (SSM) (Bankr. E.D.Va. Aug. 12, 2002) [Docket No. 72]. The Debtors submit that their circumstances warrant similar relief.

## Notice

26.     Notice of this Motion will be provided to (a) the U.S. Trustee, (b) each of the Debtors' 30 largest unsecured creditors on a consolidated basis, (c) each of the Debtors' five largest secured creditors on a consolidated basis, (d) the Internal Revenue Service, (e) the United States Attorney's Office for the Southern District of New York, (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").    A copy of this Motion and any order approving it will also be

made available on the Debtors' Case Information Website located at https://dm.epiq11.com/aeromexico. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **No Previous Request**

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.


WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 30, 2020

DAVIS POLK & WARDWELL LLP


By: */s/ Timothy Graulich*


450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (*pro hac vice* pending)
*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

### RECLAMATION CLAIM FORM
### Grupo Aeroméxico Case No. 20-11563  ( )

*Supplier and Reclamation Demand Information:*

| | |
|---|---|
| Supplier Name: | |
| Date: | |
| Supplier Contact Information | |
| Name: | |
| Address: | |
| City: | |
| State: | |
| Zip: | |
| Phone Number: | |
| Email: | |
| Description of Goods Being Sought for Reclamation: | |
| Dollar Value of Goods: | |
| Quantity of Goods | |
| Basis for Demand | |

*Invoice Information for Goods Being Sought for Reclamation:*

| Invoice Number | Delivery Date | Invoice Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V., et al.,** | **Case No. 20-11563 (_)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

### ORDER PURSUANT TO SECTIONS 105(a) AND 546(c) OF THE BANKRUPTCY CODE APPROVING PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS

Upon the motion (the "**Motion**")[2] of Grupo Aeroméxico, S.A.B. de C.V. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an Order for authorization pursuant to sections 105(a) and 546(c) of title 11 of the United States Code (the "**Bankruptcy Code**") to establish procedures for the treatment of reclamation claims (the "**Reclamation Procedures**"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Sánchez Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      That the relief requested in the Motion is hereby granted.

2.      That neither the filing of this Motion nor any of the information contained therein shall constitute an admission of the solvency or insolvency of the Debtors as of the Petition Date.

3.      That pursuant to sections 105(a) and 546(c) of the Bankruptcy Code, the following Reclamation Procedures are hereby approved and shall be implemented throughout the Debtors' chapter 11 cases:

### **Reclamation Demand**

4.      The Debtors propose that a Reclamation Demand not be valid unless:

(a)      The Reclamation Claim Form, attached to the Motion as **Exhibit A**, is completed in writing and identifies (i) the particular goods it seeks to reclaim (the "**Goods**"), (ii) the quantity or dollar value of the Goods, (iii) the date the Goods were

delivered to the Debtors, (iv) the invoice numbers applicable to the Goods and (v) the basis for the Reclamation Demand.

      (b)    The Reclamation Demand, accompanied by the applicable invoice(s), and bill(s) of lading or other documentation establishing proof of delivery and proof of the date of delivery of the Goods, are filed with the Court and received by (i) the Debtors' proposed notice and claim agent, Epiq Bankruptcy Solutions, LLC, either by email to aeromexicoinfo@epiqglobal.com or delivery, if by first class mail to: Grupo Aeroméxico, S.A.B. de C.V., Claims Processing Center, PO Box 4421, Beaverton, OR 97076-4421, or if by hand delivery or overnight mail to: Grupo Aeroméxico, S.A.B. de C.V., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005 and (ii) the attorneys for Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Stephen Piraino,

      A.    before 45 days after the receipt of such Goods by the Debtors; or

      B.    if such 45-day period expires after the Petition Date, before 20 days after the date of the commencement of the case, unless the period of time specified in subparagraph (b)(A) above or this subparagraph (b)(B) expires on a day that is not a business day in which case such period shall expire on the next business day, which Reclamation Demand shall be set forth on the Reclamation Claim Form.

5.      Any entity that fails to timely submit a Reclamation Demand pursuant to the Reclamation Procedures shall be and hereby is deemed to have irrevocably waived its right to payment on any account of any purported reclamation claim.

**Reconciliation Process**

6.      As soon as practicable after the receipt of a Reclamation Demand, the Debtors shall review the demand and evaluate (a) the legal sufficiency of the Reclamation Demand, (b) whether the Goods were in the Debtors' possession when they received the Reclamation Demand, (c) the invoice amount of the Goods and (d) any setoffs, deductions, credits and other defenses and claims that the Debtors may have against the party asserting the Reclamation Demand.

7.      If, at any point in the reconciliation process, the Debtors determine that a claim asserted in a Reclamation Demand should be allowed (each an "**Allowed Reclamation Claim**"), the Debtors may, in their sole discretion, (a) make the Goods available for pick-up by the seller or (b) agree that the seller that filed the Reclamation Demand (the "**Reclamation Vendor**") is entitled to an administrative claim to be paid pursuant to any plan of reorganization confirmed in these chapter 11 cases.

8.      The Debtors are also authorized, in their sole discretion, to (a) negotiate with Reclamation Vendors whose Reclamation Demands have not been reconciled in order to reach agreement (a "**Reclamation Settlement**") regarding any unresolved claims or portions thereof and (b) make payments pursuant to such a Reclamation Settlement that may be less than the amount of the Reclamation Demand.

9.      Payment of an Allowed Reclamation Claim or Reclamation Settlement shall constitute a waiver, release, discharge and satisfaction of any and all other Claims

4

(as defined in section 101(5) of the Bankruptcy Code) related to any and all reclamation claims of the holder of the Allowed Reclamation Claim or the party to the Reclamation Settlement against any of the Debtors, their affiliates and estates, and the Reclamation Vendor shall be barred from asserting any and all other Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, related to any and all reclamation claims asserted by the Reclamation Vendor in these chapter 11 cases.

**Reclamation Report**

10.     No later than one-hundred twenty (120) days after entry of an order granting the relief requested herein, the Debtors shall file with the Court a report (the "**Report**") including the following information (a) the names of the Reclamation Vendors whose Reclamation Demands have not been reconciled, (b) the date of each of the Reclamation Demands listed in the Report, (c) the basis upon which the Debtors believe that the Reclamation Demands are not legally valid, (d) a description of the Debtors' proposed treatment of each of the Reclamation Demands identified in the Report and (e) any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reclamation Demands.

11.     On the date the Report is filed with the Court, the Debtors shall send such Report by facsimile, overnight or hand delivery, to the following parties (a) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") 201 Varick Street, Suite 1006. New York, NY 10014, Attn: Andrea B. Schwartz and (b) the attorneys for the official committee of unsecured creditors appointed in these chapter 11

5

cases. The Reclamation Report shall also be sent, by U.S. mail, to each Reclamation

Vendor whose Reclamation Demand is identified in the Reclamation Report.

## Objections

12.    The deadline to file objections to the Report shall be 4:00 p.m. prevailing

Eastern time on the day that is twenty (20) calendar days from the day on which the

Report is filed and served. Any objections must be received by (a) the Debtors, Grupo

Aeroméxico S.A.B. de C.V., Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc,

Mexico City, C.P. 06500, Attn: Alfonso Enrico Aranalde Aguilar Alvarez, (b) the

Debtors' notice and claim agent, Epiq Bankruptcy Solutions, LLC, either by email to

aeromexicoinfo@epiqglobal.com or delivery to: Grupo Aeroméxico, S.A.B. de C.V.,

Grupo Aeroméxico – Reclamation Objection, PO Box 4420, Beaverton, OR 97076-4420

and (c) the attorneys for Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue,

New York, New York, 10017, Attn: Stephen Piraino on or before the objection deadline.

(i)    With respect to each Reclamation Demand in the Reclamation

Report as to which no objection is timely received, the Debtors request that they be

authorized, without further order of the court, to treat the Reclamation Demand as set

forth in the Reclamation Report.

(ii)    With respect to each Reclamation Demand in the Reclamation

Report as to which an objection is timely received, and such objection is settled by the

Debtors and the applicable Reclamation Vendor, the Debtors request that they be

authorized, without further order of the court, to treat the agreed upon Reclamation

Demand as an Allowed Reclamation Claim in accordance with the Reclamation

Procedures, unless otherwise agreed by the parties.

(iii)    With respect to any Reclamation Demand in the Reclamation Report as to which an objection is timely received, and such objection cannot be settled by the Debtors and the applicable Reclamation Vendor, the Debtors request that such Reclamation Demand(s) shall not be deemed allowed except upon order of the Court, after a hearing on such Reclamation Demand(s) to be requested by the Debtors.

## Stay of Adversary Proceedings

13.    Pending completion of the Reclamation Procedures, a stand-still shall be in effect such that Reclamation Vendors may not take any action to establish the validity and amount of their Reclamation Demand, including the filing of an adversary proceeding, except pursuant to the Reclamation Procedures.

14.    As to all parties that timely comply with the Reclamation Procedures, the Debtors hereby waive their right to assert as a defense to a Reclamation Demand that a Reclamation Vendor has failed to promptly commence or prosecute an adversary proceeding to enforce its Reclamation Demand, without prejudice to any and all other rights, claims and defenses that the Debtors may have with respect to the Reclamation Demand.

15.    The Procedures shall be the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of Reclamation Claims; and all Reclamation Vendors are hereby prohibited from invoking any other means therefor, including, without limitation, the filing of a motion for allowance, or to compel payment, of any Reclamation Claims.

16.    That nothing in this Order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers

and other potential claims, counterclaims, or offsets. The Debtors expressly reserve their rights to pursue such claims.

17.    The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

18.    The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

19.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated: New York, New York
         [ ], 2020


_____
UNITED STATES BANKRUPTCY JUDGE