DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (*pro hac vice* pending)

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (_)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**DEBTORS' MOTION FOR AN ORDER (I) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS
TO VENDORS ARISING FROM THE POSTPETITION DELIVERY OF
GOODS ORDERED PREPETITION, (II) AUTHORIZING DEBTORS TO PAY
THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND
(III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS**

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that

are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**";

the Debtors collectively with their direct and indirect non-Debtor subsidiaries, the

"**Company**" or "**Aeroméxico**") hereby move (this "**Motion**") this Court (as defined

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

herein) for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below. In support thereof, the Debtors refer to the contemporaneously-filed *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Sánchez Declaration**") and further represent as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

-2-

3.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.      The Debtors and their direct and indirect subsidiaries constitute the largest airline in Mexico and are collectively known as Mexico's "global airline," providing public air carrier services for passengers and goods (including fleet and cargo services) in and outside of Mexico, and services related to such air operations. The Debtors are one of the four founding members of the SkyTeam airline alliance, and their businesses include Aeroméxico, Aeroméxico Connect, Aeroméxico Cargo and Aeroméxico Servicios. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness and the events leading up to the Petition Date can be found in the Sánchez Declaration, filed contemporaneously herewith.

## **Relief Requested**

5.      By this Motion, and pursuant to sections 503(b) and 363(c) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of the Order, substantially in the form attached hereto, (a) granting the vendors and suppliers (the "**Vendors**") administrative priority status for undisputed obligations arising from outstanding Prepetition Purchase Orders (as defined herein) for parts, inventory, supplies, equipment and other goods (the "**Goods**") delivered after the Petition Date and (b) authorizing, but not directing, the Debtors to pay such obligations in the ordinary course of business. The Debtors also respectfully request that the Order (a) authorize and direct all applicable banks and other financial institutions (collectively, the "**Banks**") to receive, process, honor and pay any and all checks, drafts and other forms of

-3-

payment, including fund transfers, on account of amounts owing under outstanding prepetition purchase orders (the "**Prepetition Purchase Orders**") for Goods ordered prepetition for which delivery will not occur until after the Petition Date, whether such checks or other requests were submitted before, on or after the Petition Date; (b) authorize the Banks to rely on the representations of the Debtors as to which checks and fund transfers are subject to this Motion, *provided* that no Bank shall have any liability to any party for relying on such representations; (c) prohibit the Banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the Prepetition Purchase Orders; and (d) authorize the Debtors to issue new post-petition checks or effect new post-petition fund transfers to replace any checks, drafts and other forms of payment, which may be dishonored or rejected and to reimburse any expenses that may be incurred as a result of any Bank's failure to honor a prepetition check or other form of payment.

6.      In connection with the normal operation of their businesses, the Debtors rely on numerous Vendors to provide the Debtors with Goods for use in the regular operation of the Debtors' airline businesses. Goods are generally shipped by Vendors to the Debtors' primary maintenance and engineering facilities and then distributed as needed to satellite locations.

7.      While it is difficult to estimate the total amount due and owing to Vendors under outstanding Prepetition Purchase Orders for Goods ordered prepetition for which delivery will not occur until after the Petition Date, the Debtors submit that the total amount to be paid to the Vendors in connection with the Prepetition Purchase Orders, if the requested relief is granted, is *de minimis* compared with the importance and necessity of the Goods. Moreover, any related claims are likely administrative in nature in any

event. Indeed, even if the Goods had been received in the ordinary course of the Debtors' businesses 20 days *before* the Petition Date, the related claims would have received administrative expense priority under section 503(b)(9) of the Bankruptcy Code. The Debtors therefore seek the authority, in their sole discretion, to pay all claims arising from the Prepetition Purchase Orders.

8.     As a consequence of the commencement of these chapter 11 cases, the Vendors may be concerned that Goods purchased before the Petition Date pursuant to the Prepetition Purchase Orders that are delivered to the Debtors postpetition will render the Vendors general unsecured creditors of the Debtors' estates on account of those shipments. Accordingly, Vendors may refuse to provide Goods to the Debtors (or may recall shipments thereof) unless the Debtors issue substitute purchase orders postpetition or obtain an order of the Court (i) providing that all undisputed obligations of the Debtors arising from the postpetition delivery of Goods subject to Prepetition Purchase Orders are afforded administrative expense priority under section 503(b) of the Bankruptcy Code and (ii) authorizing the Debtors to satisfy those obligations in the ordinary course of their businesses.

9.     The relief requested herein is necessary for the successful reorganization of the Debtors' businesses and will help ensure a continuous supply of materials indispensable to the Debtors' operations. The Debtors submit that, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of desired and necessary Goods, including Goods ordered prepetition, are in fact administrative expense priority claims in virtually all cases. Thus, the granting of the relief requested herein will likely not provide the Vendors with any

greater priority than they would otherwise have if the relief herein is not granted. Absent

such relief, however, the Debtors may be required to expend substantial time and effort to

reissue the Prepetition Purchase Orders or even obtain further relief from the Court to

provide the Vendors with the assurance of such administrative priority, causing

disruption to the Debtors' businesses.

### Basis for Relief

A.    **Obligations Arising from the Postpetition Delivery of Goods Ordered by the Debtors Prepetition Should Be Afforded Administrative Expense Status and Satisfied in the Ordinary Course of Business**

10.    Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in

possession to "use property of the estate in the ordinary course of business without notice

or a hearing." 11 U.S.C. § 363(c)(1). Section 503(b)(1)(A) of the Bankruptcy Code

provides administrative expense status to claims for "the actual, necessary costs and

expenses of preserving the estate." These administrative expenses are entitled to second

priority status pursuant to Section 507(a)(2) of the Bankruptcy Code. Section 105(a) of

the Bankruptcy Code gives the Court broad discretion to issue orders necessary to "carry

out the provisions of this title."

11.    Courts in this and other jurisdictions have authorized the relief requested

herein in other chapter 11 cases. *See, e.g., In re LATAM Airline Group S.A.*, Case No. 20-

11254 (Bankr. S.D.N.Y. May, 26, 2020); *In re Avianca Holdings S.A.*, Case No. 20-

11133 (MG) (Bankr. S.D.N.Y. May, 12, 2020); *In re AMR Corp.*, Case No. 11-15463

(SHL) (Bankr. S.D.N.Y. Nov. 30, 2011); *In re Loehmann's Holdings, Inc.*, Case No. 10-

16077 (Bankr. S.D.N.Y. Nov. 15, 2010); *In re Uno Restaurant Holdings Corp.*, Case No.

10-10209 (Bankr. S.D.N.Y. Jan. 20, 2010); *In re Frontier Airlines Holdings, Inc.*, Case

No. 08-11298 (RDD) (Bankr. S.D.N.Y. May 15, 2008); *In re Delta Air Lines, Inc.*, Case

No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005); *In re Northwest Airlines, Inc.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 15, 2005).

12.     The authorization sought in this Motion will not prejudice the Debtors' ability to contest the validity of any invoices, and it will not extend to any amounts that are disputed by the Debtors or that are in respect of Goods that are not received and accepted by the Debtors subsequent to the Petition Date. In addition, the approval sought herein will not constitute postpetition assumption or reaffirmation of any of the related agreements pursuant to section 365 of the Bankruptcy Code. The Debtors are in the process of reviewing these agreements and reserve all of their rights under the Bankruptcy Code with respect thereto.

13.     Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate and in the best interests of the Debtors' estates and creditors, and therefore should be granted.

**B.     Applicable Financial Institutions Should Be Authorized to Honor and Process Related Checks and Transfers**

14.     The Debtors also request that all applicable banks and other financial institutions be authorized to (a) receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before, on or after the Petition Date and (b) rely on the Debtors' designation of any particular check as approved by order of the Court.

## Debtors Have Satisfied Bankruptcy Rule 6003(b)

15.      Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days of filing a petition. Irreparable harm "is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotations omitted). The "harm must be shown to be actual and imminent, not remote or speculative." *Id.*

16.      As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtors' operations and going-concern value. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and that Bankruptcy Rule 6003(b) is satisfied.

## Request for Waiver of Stay

17.      To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) and waive the fourteen (14) day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h). As explained above and in the Sánchez Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to find the notice requirements of Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent the notice requirement and stay apply.

## Notice

18.     Notice of this Motion will be provided to (a) the U.S. Trustee, (b) each of the Debtors' 30 largest unsecured creditors on a consolidated basis, (c) each of the Debtors' five largest secured creditors on a consolidated basis, (d) the Internal Revenue Service, (e) the United States Attorney's Office for the Southern District of New York, (f) the Federal Aviation Administration, (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 and (h) the Vendors (collectively, the "**Notice Parties**").  A copy of this Motion and any order approving it will also be made available on the Debtors' Case Information Website located at https://dm.epiq11.com/aeromexico. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## Reservation of Rights

19.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Previous Request**

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
          June 30, 2020

DAVIS POLK & WARDWELL LLP

By: /s/ *Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 607-7983
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (*pro hac vice* pending)
*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | Case No. 20-11563 (_) |
| Debtors.[1] | **(Joint Administration Pending)** |

ORDER (I) GRANTING ADMINISTRATIVE EXPENSE STATUS
TO DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS
ARISING FROM THE POSTPETITION DELIVERY OF GOODS
ORDERED PREPETITION, (II) AUTHORIZING DEBTORS TO PAY
THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND
(III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR
<u>AND PROCESS RELATED CHECKS AND TRANSFERS</u>

Upon the motion (the "**Motion**")[2] of Grupo Aeroméxico S.A.B. de C.V. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") to (i) grant administrative expense status to the Debtors' undisputed obligations to vendors (the "**Vendors**") arising from the postpetition delivery of goods (the "**Goods**") ordered pursuant to prepetition purchase orders (the "**Prepetition Purchase Orders**"), (ii) authorize the Debtors to pay such obligations in the ordinary course of business and (iii) authorize financial institutions to honor and process related checks and transfers, all as set forth more fully in the Motion;

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Sánchez Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted on a final basis as set forth herein.

2.      The Vendors shall be afforded administrative expense priority status, pursuant to section 503(b) of the Bankruptcy Code, with respect to the undisputed obligations of the Debtors for Goods delivered and accepted postpetition under Prepetition Purchase Orders.

3.     The Debtors are authorized, but not directed, to pay, in their sole discretion, all undisputed obligations arising from the postpetition delivery or shipment by the Vendors of Goods, including shipments of parts, inventory, supplies and equipment, subject to the Prepetition Purchase Orders, consistent with their customary practices in the ordinary course of their businesses.

4.     All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on or after the Petition Date to the extent the Debtors have good funds standing to their credit with banks or other financial institutions. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

6.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

-3-

7.      Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Prepetition Purchase Orders.

8.      Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity or priority of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

9.      The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

10.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

12.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

13.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated:    _____, 2020
            New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE