DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ASSUME CERTAIN AGREEMENTS WITH WORLD FUEL SERVICES, INC.**

**PLEASE TAKE NOTICE** that on September 8, 2020, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion Pursuant to Section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure for Authorization to Assume Certain Agreements with World Fuel Services, Inc.* (the "**Motion**"). A hearing on the Motion will be held on **September 22, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

"**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"),[2] the Hearing will be conducted telephonically. Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com). Instructions to register for CourtSolutions, LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/aeromexico. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, in accordance with the customary

---

[2] A copy of the General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on July 8, 2020 [ECF No. 79], so as to be filed and received no later than **Friday, September 18, 2020 at 12:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to telephonically attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated:   September 8, 2020
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors
and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE**
**AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO ASSUME CERTAIN AGREEMENTS**
**WITH WORLD FUEL SERVICES, INC.**

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below. In further support of the Motion, the Debtors contemporaneously submit the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Motion Pursuant to Section 365 of the Bankruptcy Code and Rule 6006 of*

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984 ("**Aerovías**"); Aerolitoral, S.A. de C.V. 217315 ("**Aerolitoral**"); Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

*the Federal Rules of Bankruptcy Procedure for Authorization to Assume Certain Agreements with World Fuel Services, Inc.*, attached hereto as **Exhibit B**, and further represent as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On June 30, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (these "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 13, 2020, the United States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors (the "**Committee**") in these Chapter 11 Cases. World Fuel Services, Inc. is a member of the Committee. No trustee or examiner has been appointed in these Chapter 11 Cases.

3. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 30] entered by the Court in each of the Chapter 11 Cases. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Ricardo Javier*

2

*Sanchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20].

### The World Fuel Agreements

4.  As the leading Mexican airline, the Debtors operate flights throughout Mexico and the world. In order to facilitate these flights, the Debtors are party to various agreements with certain fuel and related service providers to secure the necessary fuel needed for their operations. One of the Debtors' key fuel providers is World Fuel Services, Inc. (together with its subsidiaries and affiliates, "**World Fuel**"). Certain of the Debtors entered into a fuel sales agreement with World Fuel on July 1, 2012 (as supplemented, modified and amended pursuant to annexes, location schedules or other instruments, executed in connection therewith, the "**Fuel Sales Agreement**"). In addition, certain of the Debtors entered into a ground handling agreement with World Fuel on February 1, 2017 (as supplemented, modified and amended pursuant to annexes, amendments, location schedules or other instruments executed in connection therewith, the "**Ground Handling Agreement**," and together with the Fuel Sales Agreement, the "**Original WFS Agreements**").

5.  The Debtors seek the authority to assume the Original WFS Agreements, as amended by that certain Global Amendment No. 1 (the "**World Fuel Amendment**," attached hereto in substantially final form as **Exhibit C**, and together with the Original WFS Agreements, the "**World Fuel Agreements**"), attached hereto in substantially final form as **Exhibit D**. The World Fuel Amendment provides for, among other things, World Fuel to continue providing the Debtors with fuel and related services, the payment of the Cure Amount (as defined herein) in installments, and a non-collateralized credit line (the "**Credit Line**") of between ▇▇▇▇▇▇ ▇▇▇▇▇▇ to purchase fuel and related services from World Fuel. Importantly, the World Fuel

3

Amendment also extends the term of the Original WFS Agreements from September 30, 2020 to ███████.

6. Pursuant to the World Fuel Amendment, the Debtors shall pay World Fuel, in full and final satisfaction of its obligation to cure defaults thereunder pursuant to section 365(b) of the Bankruptcy Code, the sum of $14,227,785.20 (the "**Cure Amount**"), payable in five equal installments of $2,845,557.04 (each an "**Installment**"). The first Installment shall be payable on the date on which the Order becomes a final, non-appealable order, and the remaining Installments shall be due on consecutive 30-day intervals immediately thereafter. Moreover, World Fuel shall extend the Debtors a Credit Line of ███████ with immediate effect on the date the amendment is executed. Thereafter, upon timely receipt by World Fuel of each Installment, the Credit Line will be increased by ███████ (per Installment), up and until the Cure Amount is paid in full and the Credit Line is ███████

### Relief Requested

7. Pursuant to this Motion, the Debtors seek authority to assume the World Fuel Agreements and to pay the Cure Amounts. This relief is compelled by the unique facts and circumstances of these Chapter 11 Cases, and in particular the benefits and considerations related to maintaining the Debtors' uninterrupted ability to obtain fuel and related services from World Fuel, an important operational partner.

8. By this Motion, and pursuant to Bankruptcy Code sections 105(a), 365(a), Bankruptcy Rule 6006, and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to assume the World Fuel Agreements, attached hereto in substantially final form as **Exhibit C and Exhibit D**.

**Basis for Relief**

A.     **Section 365(a) of the Bankruptcy Code Allows the Debtors to Assume the World Fuel Agreements.**

    9.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993). An executory contract is a "contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d. Cir. 1989) (internal citations omitted); *see also In re Keren Ltd. P'ship*, 225 B.R. 303, 307 (S.D.N.Y. 1997) (same). In determining whether to permit the debtor to assume or reject a contract, "the debtor's interests are paramount." *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d. 373, 383 (2d Cir. 2008).

    10.     Accordingly, the decision to assume or reject is governed by the business judgment rule, which requires that the debtor determine that the requested assumption would be beneficial to its estates. *See In re Group of Inst. Investors, Inc. v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question [of assumption] is one of business judgment"); *Penn Traffic*, 524 F.3d at 383; *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006); *see also In re Sharon Steel Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re Armstrong World Indus.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006)

5

("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or lease is appropriate under section 365(a).").

11. A debtor exercises sound business judgment with respect to its decision to assume or reject an executory contract or unexpired lease where it determines, in good faith, that the proposed action will benefit the estate. *See In re MF Global Inc.*, No. 11-2790, 2011 WL 6792758, at *2 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment."); *Helm*, 335 B.R. at 538 ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate.").

12. Absent a showing of "bad faith, or an abuse of business discretion," the debtor's business judgment will generally not be altered. *Old Carco*, 406 B.R. at 188 (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994)); *Mission Product Holdings, Inc. v Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) ("[t]he bankruptcy court will generally approve that choice [to assume or reject an executory contract or lease], under the deferential 'business judgment' rule") (internal citations omitted). The party opposing a debtor's exercise of its business judgment has the burden of rebutting the presumption of validity. *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

13. Upon finding that the debtor has exercised its sound business judgment in determining that the assumption or rejection of an executory contract or unexpired lease is in the best interests of the debtor, its creditors and all parties in interest, the court should approve such assumption or rejection under section 365(a) of the Bankruptcy Code. *See In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court

should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion.").

14. The Debtors submit that the assumption of the World Fuel Agreements is appropriate under the circumstances. First, the World Fuel Agreements are plainly executory contracts. They contemplate continuing obligations by and among the Debtors and World Fuel. The Debtors have a continuing obligation to, among other things, timely pay for and take receipt of the fuel provided by World Fuel. And World Fuel has a continuing obligation to, among other things, provide the Debtors with fuel and related services and access to the Credit Line. Therefore, since both parties to the World Fuel Agreements have continuing obligations, the World Fuel Agreements are executory contracts assumable under section 365 of the Bankruptcy Code.

15. Second, the Debtors' decision to assume the World Fuel Agreements is clearly a sound exercise of their business judgment. The World Fuel Agreements have been vigorously negotiated at arm's length, in good faith, and represent the best deal that the Debtors believe they could obtain. The World Fuel Agreements provide the Debtors access to fuel at competitive prices and on terms that permit the Debtors to more effectively manage their liquidity. Moreover, the World Fuel Agreements provide the Debtors with a savings of approximately █████ per year as compared to the Original WFS Agreements,[2] which come from World Fuel's discounts on the price per gallon of fuel sold. Additionally, the World Fuel Agreements provide the Debtors with a non-collateralized Credit Line, which is critical to the Debtors' liquidity and continued financial flexibility. Without the Credit Line, the Debtors would not be able to purchase fuel and related

---

[2] Any realized savings will depend on when the Debtors purchase fuel and the volume of their purchase; however, using ███████ fuel prices and ███ of pre-COVID volume, the estimated savings are approximately $███████ per year.

services when needed and in a manner that would not otherwise initiate a corresponding liquidity crunch.

16.  Furthermore, the World Fuel Agreements are also important because they amend the agreements' renewal date from September 2020 to ▮▮▮▮▮▮▮ which is beneficial because a longer contract period provides the Debtors with certainty around fuel pricing constructs. And, such certainty is valuable when the Debtors have to otherwise focus on operating their businesses and restructure in these Chapter 11 Cases. The World Fuel Agreements also provide the Debtors with the option to increase or decrease their allocation of fuel at certain airports. This is economically advantageous as it provides the Debtors with the flexibility to adjust their fuel consumption as needed without an adverse effect on the unit price of the fuel they purchase.

17.  Lastly, the World Fuel Agreements are important because they ensure that the Debtors have access to the most competitively priced fuel at the airports they fly through. Without the World Fuel Agreements, the Debtors would be limited to the fuel options available at the airports and would have to give up the benefits embodied therein, and this could result in one of two negative outcomes. First, World Fuel may be able to reallocate the fuel that would have otherwise been sold to the Debtors and instead provide it to the Debtors' competitors, which would effectively accede the benefits of the World Fuel Agreements to competitors. Second, if World Fuel ceases to provide fuel at certain Mexican airports where the Debtors operate, then the previously dominant suppliers in the Mexican market may regain their monopoly powers on selling fuel at such airports, which could drive up fuel prices.

18.  In sum, as described above the World Fuel Agreements are executory contracts and sound business purposes clearly exist for the Debtors' assumption of the World Fuel Agreements.

Accordingly, the Debtors submit that the requested relief is appropriate and in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

## Notice

19. Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://dm.epiq11.com/aeromexico), (b) counsel to World Fuel, (c) counsel to the Committee, and (d) counsel to Apollo Management Holdings, L.P. The Debtors respectfully submit that no further notice is required.

## No Previous Request

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Dated:  New York, New York
        September 8, 2020

By: */s/ Timothy Graulich*
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 607-7983
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors and Debtors in Possession*