**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| Debtors.[1] | **(Jointly Administered)** |

**ORDER (I) AUTHORIZING, IN PART, THE DEBTORS TO MAKE PAYMENTS TO CERTAIN NON-INSIDER, NON-UNIONIZED EMPLOYEES AND (II) <u>GRANTING RELATED RELIEF</u>**

Upon the motion (the "**Motion**")[2] of Grupo Aeroméxico, S.A.B. de C.V. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (this "**Order**") authorizing the Debtors to pay severance to certain non-insider, Non-Union Employees; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

#93841473v3

adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Debtors having clarified with the parties that the relief sought by this Motion is limited solely to the 564 Debtor Non-Union Employees and not the balance of non-Debtor Non-Union Employees; and the Debtors having further agreed to defer seeking authority to pay severance to the 11 Senior Managers (as defined in the Motion) so that they may continue discussions with the U.S. Trustee in response to his informal objection; and all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, in part, as extent set forth herein.

2. The Debtors are authorized, but not directed, to pay severance and to provide Outplacement and Medical Services to the 553 Debtor Non-Union Employees, as described in the Motion, in an aggregate amount of approximately $12.83 million.

3. For the avoidance of doubt, the Debtors shall not be authorized to pay severance to the 11 Senior Managers (as defined in the Motion) without further Order of this Court.

4. Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of

#93841473v3

the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis of, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Furthermore, any payment made by the Debtors pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' rights to dispute such claim.

6. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

7. Nothing in this Order shall be deemed to constitute (a) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (b) a waiver of any rights, claims or defenses of the Debtors.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The provisions and effect of this Order shall survive the conversion, dismissal and/or closing of these Chapter 11 Cases, appointment of a trustee herein, confirmation of a plan of reorganization, and/or the substantive consolidation of these Chapter 11 Cases with any other case or cases.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

#93841473v3

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  November 17, 2020
        New York, New York

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE