**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES, (II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND (III) OMNIBUS CLAIMS HEARING PROCEDURES

Upon the motion (the "**Motion**")[2] of Grupo Aeroméxico and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, approving the Omnibus Claims Objection Procedures, Omnibus Claims Settlement Procedures and Omnibus Claims Hearing Procedures, both as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      The Debtors[3] and other parties in interest are authorized to object to claims in accordance with the following procedures (the "**Omnibus Claims Objection Procedures**"):

(a)      Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest are authorized to file Omnibus Claims Objections to claims seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and, together with those grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

i)      The amount claimed is inconsistent with the Debtors' books and records and the Debtors, after review and consideration of any information provided by the claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

ii)      The Proof of Claim fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim;

iii)      The claim is filed against non-Debtors, the wrong Debtor, or is filed against multiple Debtors, except to the extent permitted under the Bar Date Order;

iv)      The claim is filed in a currency other than U.S. Dollars or Mexican Pesos;

---

[3] Except as otherwise indicated, for the purposes of the Omnibus Claim Objection Procedures, the term "Debtors" shall mean the Debtors or any other party in interest that has been authorized by the Court to use the foregoing procedures.

v)      The claimant is not entitled to the asserted secured status or other priority;

vi)     The claim has been satisfied in full by a party that is not a Debtor;

vii)    The claim has been waived, withdrawn, or disallowed pursuant to an agreement with the Debtors or the entry of a Court order; or

viii)   The claim is objectionable pursuant to section 502(e)(1) of the Bankruptcy Code.

(b)     The decision of Debtors, or any party in interest, to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such party's right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date. For the avoidance of doubt, the decision of Debtors, or any party in interest, to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such party's right to pursue related fact-based objections (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c)     The Debtors are authorized to file Omnibus Claims Objections to no more than two hundred and fifty (250) claims at a time on the Permitted Grounds. Such Omnibus Claims Objections shall list claimants alphabetically, provide a cross-reference to claim numbers, and list claimants by category of claims.

(d)     Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e)     Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual order had been entered for such claim.

(f)     The Debtors are authorized to serve an Omnibus Claims Objection Notice on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel. The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached exhibit or otherwise), and

3

information on how the claimant may obtain a complete copy of the Omnibus Claims Objection.

(g)    The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved notice and claim agent, Epiq Corporate Restructuring, LLC ("**Epiq**") at https://dm.epiq11.com/aeromexico.

(h)    Notice of claim objections shall be limited to: (a) a complete copy of each claim objection (whether an omnibus objection or an individual objection) by email to the U.S. Trustee, counsel for the Creditors' Committee, Apollo, the Ad Hoc Group and, in the event a non-Debtor party is objecting, the Debtors; (b) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

(i)    With respect to service of an individual claim objection and service of an Omnibus Claims Objection Notice, the Debtors will: (i) use reasonable best efforts to mail the applicable information to be served to the applicable parties by both (a) first-class United States or Mexican mail or international courier certified service and (b) email (where the Debtors have both a mailing address and an e-mail address for a particular party), and (ii) take reasonable efforts to provide copies of the applicable materials to be served in English and Spanish, where appropriate, including to those creditors who submitted their Proof of Claim in Spanish. Omnibus Claims Objection Notices sent by email shall include an English copy of the Omnibus Claims Objection. Omnibus Claims Objection Notices served by mail are not required to include the Omnibus Claims Objection but shall have an email contact and clear instructions on how to obtain a copy of the Omnibus Claims Objection.[4] Service of the Omnibus Claims Objection Notice, the Omnibus Claims Objection and/or the individual objection on the affected claimant represents good and sufficient notice of the relevant claims objection and no further notice shall be required.

---

[4] The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' discretion.

3.      Responses to the Debtors' individual and Omnibus Claims Objections shall be due thirty (30) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline; *provided further* that Debtors also shall be authorized, with the consent of the affected claimant, to extend the deadline for filing responses without further order of this Court.

4.      The Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Omnibus Claims Settlement Procedures**"):

(a)      If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000 or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $200,000 without regard to any unliquidated amounts asserted by such claimant, the Debtors shall submit by email the proposed settlement to counsel for the Creditors' Committee, Apollo, the Ad Hoc Group and Chubb Fianzas Monterrey, Aseguradora de Caucion, S.A. ("**Chubb**") (together, the "**Settlement Notice Parties**")[5], together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**").   Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Notice Parties, any of the Settlement Notice Parties may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement

---

[5] For purposes of this paragraph 4(a), Chubb shall have the rights of "Settlement Notice Parties" to informally object, determine notice periods and approve settlements solely to the extent the relevant Proof(s) of Claim relate to obligations that are related to bonds or similar instruments issued by Chubb.

Summary (such objection shall not be filed on the docket). If there is a timely objection in accordance with the requirements of this paragraph made by any of the Settlement Notice Parties, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Notice Parties or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made in accordance with this paragraph by Settlement Notice Parties, or if the Debtors receive written approval from the Settlement Notice Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Notice Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest;

(b)     If the Settlement Amount is greater than $500,000 and the Claim Difference is greater than $200,000, the Debtors shall seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)     The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code, (iii) general unsecured claims, and (iv) administrative claims under section 503(b)(9) of the Bankruptcy Code or otherwise.

(d)     The Debtors or their counsel may notify Epiq of any settlement entered into in accordance with the foregoing procedures and Epiq shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

5.     The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Omnibus Claims Settlement Procedures, including to enter into any stipulations.

6.     Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their discretion.

7.       The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

(a)      The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court.

(b)      Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c)      The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d)      The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their discretion, as set forth herein. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

i)       For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 7(a) of these Omnibus Claims Hearing Procedures (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted;

ii)      For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, Apollo, and the Ad Hoc Group, and file with the Court, a notice substantially in the form attached

7

hereto as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

(e)     Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f)     The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

(g)     The Debtors, in their discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

8.     The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Omnibus Claims Hearing Procedures.

9.     Nothing in the Omnibus Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided, however*, that any such settlement is subject to the Omnibus Claims Settlement Procedures.

10.     The Debtors are authorized to, in their discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1 to Exhibit 2**. The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have

8

rejected the Offer of Settlement. Any settlement reached in accordance with this paragraph shall be subject to the Omnibus Claims Settlement Procedures.

11. Notwithstanding anything in the Motion or this Order to the contrary, the Omnibus Claims Objection Procedures, Omnibus Claims Settlement Procedures and Omnibus Claims Hearing Procedures, in each case, shall not apply to any claims (as defined in section 101(5) of the Bankruptcy Code) of (a) any Affiliate (as such term is defined in the section 101(2) of the Bankruptcy Code) or (b) any direct or indirect non-Debtor parent of any Affiliate. For purposes of this Order, (x) PLM Premier, S.A.P.I. de C.V. ("**PLM**") shall be deemed to be an Affiliate of the Debtors and (y) Aimia Holdings UK I Limited and Aimia Holdings UK II Limited (collectively, "**Aimia**") shall be deemed to be a non-Debtor parent of an Affiliate of the Debtors; provided that all parties' rights are reserved as to whether PLM is an Affiliate of the Debtors for other purposes.

12. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

13. Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9

16.    The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.


New York, New York
Dated: February 17, 2021

_____/S/ Shelley C. Chapman_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Notice of Omnibus Claims Objection**

THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS
NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT
ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS
THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
GRUPO AEROMÉXICO'S COUNSEL,
DAVIS POLK & WARDWELL LLP, AT [insert relevant contact(s) here].

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

NOTICE OF HEARING ON DEBTORS' [insert ordinal]
OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
([insert basis for objection])

PLEASE TAKE NOTICE that, on _____, 2021, Grupo Aeroméxico,

S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their

[insert ordinal] Omnibus Claims Objection to Proofs of Claim ([insert basis for objection]) the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

("**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing Eastern Time on _____, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and title of

2

the Objection to which the response is directed; (ii) the name of the claimant and description of

the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the

claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the

Objection, including, but not limited to, the specific factual and legal bases upon which you will

rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the

extent not included with the proof of claim previously filed with the Bankruptcy Court, upon

which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must

return any reply to your response, if different from that presented in the proof of claim; and (vi)

the name, address, and telephone number of the person (which may be you or your legal

representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim

on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed,

served, and received.  A response will be deemed timely filed, served, and received <u>only if</u> the

original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of

the Honorable Judge Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green,

New York, New York 10004; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New

York, New York 10017 (Attn: Marshall S. Huebner, Timothy Graulich, James I. McClammy,

and Stephen D. Piraino), counsel to the Debtors; and (iii) Morrison & Foerster LLP, 250 West

55th Street, New York, New York 10019 (Attn: Brett H. Miller, Todd M. Goren, Erica J.

Richards, and Benjamin W. Butterfield), counsel to the Official Committee of Unsecured

Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing

will be held on _____, **2021** to consider the Objection.  The hearing will be

held at _____, prevailing Eastern Time, in the United States Bankruptcy Court for the Southern District of New York.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s).  If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A** on the grounds set forth above, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

Objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. You may participate in a hearing telephonically  by making arrangements through CourtSolutions, LLC (www.court-solutions.com).  Instructions to register for CourtSolutions, LLC are attached to General Order M-543.[2]

If you wish to view the complete Objection, you can do so for free at https://dm.epiq11.com/aeromexico.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

*[Remainder of Page Intentionally Left Blank]*

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

4

Dated:    [_____]
            New York, New York

DAVIS POLK & WARDWELL LLP

By:    _____
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors
and Debtors in Possession*

<u>**Exhibit B to Exhibit 1**</u>

**Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

The Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Grupo Aeroméxico, S.A.B. de C.V. and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on July 8, 2020 [ECF No. 79] (the "**Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their discretion, as set forth herein.

4.      The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

(a)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the Claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, Apollo, and the Ad Hoc Group, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

(continued….)

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

5.      Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

7.      The Debtors, in their discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

## **Exhibit 2**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.*, | **Case No. 20-11563 (SCC)** |
| Debtors.[1] | **(Jointly Administered)** |

### NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ____], 202[_], Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ____], 202[_], at [_] (Prevailing Eastern Time), in accordance with the *Order Approving (i) Omnibus Claims Objection Procedures, (ii) Omnibus Claims Settlement Procedures and (iii) Omnibus Claims Hearing Procedures*, entered [Date] (ECF No. xxxx) (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 2021
    New York, New York

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

**<u>Annex 1 to Exhibit 2</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.*, | Case No. 20-11563 (SCC) |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' OFFER OF SETTLEMENT**
**WITH RESPECT TO PROOF OF CLAIM NO. [＿＿＿]**

    The Debtors, in their discretion, have elected to offer to settle Proof of Claim number [＿＿＿＿] (such offer, the "**Offer of Settlement**") for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [＿＿＿＿＿＿＿] in the amount of [＿＿＿＿＿＿] (the "**Settlement Amount**"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [＿＿＿＿].

By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [＿＿＿＿]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

**[ ] I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**[ ] I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [＿＿＿＿＿＿＿] at [＿＿＿＿＿＿].**

**Please email this completed form to [＿＿＿＿＿].**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

_____

Signature of Claimant's Authorized Representative


_____

Printed Name


_____

Company Name, if applicable