**Hearing Date and Time: April 21, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: April 14, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
Joshua Y. Sturm
Thomas S. Green

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO AIRCRAFT LEASE AGREEMENTS WITH CERTAIN COUNTERPARTIES**

**PLEASE TAKE NOTICE** that on March 9, 2021, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Authorization to Enter Into Aircraft Lease Agreements with Certain Counterparties* (the "**Motion**"). A hearing on the Motion will be held on **April 21, 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), or at such

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"),[2] the Hearing will be conducted telephonically. Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com). Instructions to register for CourtSolutions, LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/aeromexico. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motion(s) to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, in accordance with the customary

---

[2] A copy of the General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on July 8, 2020 [ECF No. 79], so as to be filed and received no later than **April 14, 2021 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to telephonically attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated:  March 9, 2021
        New York, New York

                                        DAVIS POLK & WARDWELL LLP

                                        By:  */s/ Timothy Graulich*

                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile:  (212) 701-5800
                                        Marshall S. Huebner
                                        Timothy Graulich
                                        Joshua Y. Sturm
                                        Thomas S. Green
                                        *Counsel to the Debtors
                                        and Debtors in Possession*

3

**Hearing Date and Time: April 21, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: April 14, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
Joshua Y. Sturm
Thomas S. Green

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | Case No. 20-11563 (SCC) |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO**
**AIRCRAFT LEASE AGREEMENTS WITH CERTAIN COUNTERPARTIES**

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"; the Debtors collectively with their direct and indirect non-Debtor subsidiaries, the "**Company**" or "**Aeroméxico**") hereby move (this "**Motion**") this Court (as defined herein) to enter the proposed

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de Mexico, S.A. de C.V 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

order annexed hereto as **Exhibit A** (the "**Proposed Order**") authorizing the Debtors' entry into new long-term aircraft lease agreements (the "**New Aircraft Leases**") with (i) BBAM Aviation Services Limited ("**BBAM**") substantially consistent with the terms set forth in the letters of intent annexed to the Proposed Order as **Exhibit 1-a** (the "**BBAM Letters of Intent**") and (ii) Merx Aviation Servicing Limited ("**Merx**," and together with BBAM, the "**Counterparties**") substantially consistent with the terms set forth in the letter of intent annexed to the Proposed Order as **Exhibit 1-b** (the "**Merx Letter of Intent**," and together with the BBAM Letters of Intent, the "**Letters of Intent**"). This Motion is supported by the *Declaration of Matthew Landess in Support of Letter of Intent Motion and Related Pleadings*.

## Jurisdiction and Venue

1.  The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

2.  By this Motion, and pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors seek authorization to enter into the Letters of Intent and the New Aircraft Leases.

**General Background**

3.      On June 30, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 13, 2020, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 92]. No request has been made for the appointment of a trustee or examiner in above-captioned chapter 11 cases.

4.      These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 30] entered by the Court in each of the chapter 11 cases.

5.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Richard Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20].

**The Debtors' Fleet Optimization Process**

5.      As this Court is aware, the Debtors have been engaged in a multi-step process to (a) analyze their anticipated fleet needs, (b) make corresponding adjustments to the size and composition of their operating fleet, and (c) seek to obtain the most favorable terms for new agreements for fleet aircraft equipment. The process has developed over three stages.

6.      First, at the very outset of these chapter 11 cases, the Debtors sought approval to promptly reject certain aircraft equipment that the Debtors determined was not necessary for their continuing business. On July 3, 2020, the Debtors filed the *Motion for Entry of an Order (I)*

-3-

*Authorizing Debtors to Reject Certain Aircraft Leases, Nunc Pro Tunc and (II) Approving Lease Rejection-Return Procedures* [ECF No. 52] (the "**First Rejection Motion**"). Under the First Rejection Motion, the Debtors sought to reject certain leases for nineteen (19) airframes and four (4) engines listed on the schedules thereto (the "**Rejected Leases**"). The Court entered an order approving the First Rejection Motion on July 23, 2020 [ECF No. 177]. The Court subsequently entered a second rejection order for two additional engine leases on July 29, 2020 [ECF No. 210].

7. In the second stage, the Debtors negotiated interim stipulations with lessors of aircraft equipment that the Debtors have continued to operate (the "**Current Aircraft Equipment**"), in order to minimize administrative costs incurred during these Chapter 11 Cases. On September 15, 2020, the Debtors filed their *Motion for Approval of Stipulations and Orders Between Debtors and Counterparties Concerning Certain Aircraft and Engines* [ECF No. 373] (the "**Equipment Stipulation Motion**"). Pursuant to that Motion, the Debtors sought approval of stipulations between certain Debtors and certain counterparties concerning prepetition leases of certain equipment, relating to ninety-six (96) different aircraft. The stipulations enabled the Debtors to continue to utilize the Equipment (as defined in the Equipment Stipulation Motion) on their operating routes and to maintain the Equipment when not being operated. Broadly speaking, these interim stipulations provide, with limited variation, for payment of rent calculated based on actual usage of the Equipment (called a "power by the hour" or "PBH" arrangement), rather than a fixed monthly rental payment. The Court subsequently approved the stipulations [ECF Nos. 399-429, 475, 491, 502] (the "**PBH Stipulations**").

8. The PBH Stipulations served only as interim measures in place while the Debtors proceeded with the third stage of analyzing their longer-term fleet needs and seeking to obtain the most favorable terms for their fleet's aircraft equipment. To that end, the Debtors are engaged in

-4-

extensive negotiations with counterparties on agreements for their Current Aircraft Equipment with respect to the long-term restructuring of the terms of those current agreements.[2]

9. The Debtors have also solicited proposals from a number of other equipment lessors and financiers seeking potential new leases and financing agreements to determine whether those alternatives could provide more attractive terms than the terms in agreements governing the Debtors' Current Aircraft Equipment. The Debtors are pleased to announce that, after extensive arms'-length negotiations, and consultation with the Debtors' key stakeholders, the Debtors have reached agreement on new leases with two separate Counterparties. Under the Letters of Intent, BBAM or its nominee will lease three Boeing model 737-800 aircraft to the Debtors and Merx or its nominee will lease three other Boeing model 737-800 to the Debtors. By this Motion, the Debtors are seeking approval to enter into the transactions contemplated by the Letters of Intent.

## The Letters of Intent

10. The Letters of Intent set forth commercial terms that will be contained in lease agreements between each of the Counterparties and the Debtors. By agreeing on the majority of the core terms at the Letters of Intent stage, the Debtors have certainty in adding six Boeing model 737-800 aircraft to their fleet on terms that fit the Debtors' short- and long-term needs. These additional aircraft will improve the Debtors' fleet structure. Partially redacted summaries of the principal terms and conditions of the BBAM Letters of Intent and of the Merx Letter of Intent are set forth in Exhibits B-1 and B-2 to this Motion, respectively.

---

[2] For reference, the form lease documentation that the Debtors have proposed to potential counterparties for new and amended aircraft leases is publicly available on the Case Website (as defined herein) at https://dm.epiq11.com/case/aeromexico/info.

11.     As discussed below, because entry into the transactions contemplated by the Letters of Intent represent a sound exercise of the Debtors' business judgment, the Debtors respectfully request that the Court authorize the Debtors to enter into the Letters of Intent and the transactions contemplated thereby.

### Applicable Authority

12.     The Debtors believe that the transactions contemplated by the Letters of Intent are ordinary course transactions because the leasing of aircraft is commonplace in the airline industry, and the Debtors have frequently engaged in aircraft lease transactions in the past that are similar to the ones now proposed. Accordingly, the Debtors believe that they are authorized to enter into the transactions contemplated by the Letters of Intent under section 363(c) of that Bankruptcy Code that authorizes them to "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing . . . ." 11 U.S.C. § 363(c)(1). Nevertheless, out of an abundance of caution, the Debtors seek authorization to enter into the New Aircraft Leases to the extent that such authorization is required under section 363(b) of the Bankruptcy Code.

13.     Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." Debtors' decisions to use, sell or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must find from the evidence presented before him a good business reason to grant such application); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere*

20-11563-scc    Doc 954    Filed 03/09/21    Entered 03/09/21 22:17:08    Main Document
                                    Pg 10 of 13

*Clubs, Inc.*, 100 B.R. 670, 674 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is "good business reason").

14. The business judgment rule is satisfied "when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (internal quotations omitted). In fact, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts in this district have consistently and appropriately been loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence and will uphold a board's decisions as long as they are attributable to any "rational business purpose." *In re Integrated Res. Inc.*, 147 B.R. at 656.

15. Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The Debtors respectfully submit that the requested relief represents a sound exercise of their business judgment and is justified under sections 363(b) and section 105(a) of the Bankruptcy Code. As described above, the Debtors are seeking to reset their fleet costs to a market level and therefore desire to enter the proposed new agreements with BBAM and with Merx in order to obtain the benefit of the most attractive costs and lease conditions that will create

-7-

operational flexibility. In accordance with their fiduciary duties, the Debtors have evaluated and negotiated the Letters of Intent in the context of the Debtors' Current Aircraft Equipment agreement negotiations and available alternatives, and now seek to enter into transactions contemplated thereby because they represent economically sound transactions to achieve that goal for the Debtors' estates. Further, the New Aircraft Leases contemplated by the Letters of Intent will provide the Debtors with six Boeing 737 aircraft. The Debtors have determined that the terms of the Letters of Intent, including the payment schedules thereunder, represent the best available transactions under the circumstances of these chapter 11 cases (and are superior to at least some of the existing leases). Furthermore, the Debtors and their advisors negotiated the Letters of Intent at arms' length and in good faith, and in consultation with their key stakeholders and DIP lenders.

17.    For the reasons set forth above, the Debtors believe that the relief requested in this Motion (a) is in the best interest of their estates and economic stakeholders and (b) will further serve to maximize value for the benefit of all creditors. Therefore, the Debtors respectfully request that the Court permit the Debtors to enter into the Letters of Intent.

## Waiver of Bankruptcy Rule 6004(h)

18.    To implement the foregoing successfully, the Debtors respectfully request that the Court enter an order providing that the Debtors have established cause to exclude the relief requested herein from the fourteen (14) day stay period provided under Bankruptcy Rule 6004(h).

## Notice

19.    Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://dm.epiq11.com/case/aeromexico/info) (the "**Case Website**"), (b) the U.S. Trustee, (c) counsel to the Committee, (d) counsel to Apollo Management Holdings, L.P., (e) counsel to the

-8-

ad hoc group of holders of unsecured notes issued by certain Debtors, (e) counsel to the Counterparties; and (f) any person or entity with a particularized interest in the subject matter of this Motion. The Debtors respectfully submit that no further or other notice is required.

### No Prior Request

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

Dated: New York, New York
March 9, 2021

DAVIS POLK & WARDWELL LLP

By: */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 607-7983
Marshall S. Huebner
Timothy Graulich
Joshua Y. Sturm
Thomas S. Green
*Counsel to the Debtors and Debtors in Possession*