THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT(S) AND SCHEDULE(S) ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT GRUPO AEROMÉXICO'S COUNSEL, DAVIS POLK & WARDWELL LLP, AT aeromexicoclaims@dpw.com, RICHARD J. STEINBERG (richard.steinberg@davispolk.com or +1-212-450-4362), OR ERIK P. JERRARD (+1-212-450-4769).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF HEARING ON DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (SATISFIED, AMENDED, AND DUPLICATE CLAIMS)

PLEASE TAKE NOTICE that, on July 8, 2021, Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their *Eighth Omnibus Claims Objection to Proofs of Claim (Satisfied, Amended, and Duplicate Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection is annexed hereto as **Exhibit A**. The Objection requests that the Bankruptcy

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

Court disallow and expunge one or more of your Claims[2] listed on the schedules attached to <u>Exhibit 1</u> of the Objection annexed hereto on the grounds that such Claims (i) have been paid or otherwise satisfied after the Petition Date in accordance with the Bankruptcy Code, applicable rules, or an order issued by the Bankruptcy Court, (ii) have been amended or superseded by other Claims, or (iii) are duplicative of other Claims, filed by or on behalf of the same claimants relating to the same purported liabilities.  By this Objection, the Debtors seek disallowance and expungement of each of the Claims listed on the schedules attached to <u>Exhibit 1</u> of the Objection in order to limit each claimant to a single Claim and recovery against the applicable Debtor's estate arising from the same alleged liability.  Any Claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Omnibus Claims Hearing Procedures**"), annexed hereto as **<u>Exhibit B</u>**, apply and govern the Objection to your Proof(s) of Claim.  The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.  Therefore, please review the Omnibus Claims Hearing Procedures carefully.  Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance and expungement of your Claim(s) listed on the schedules attached to <u>Exhibit 1</u> of the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your Claim(s) listed on the schedules attached to <u>Exhibit 1</u> of the Objection, then you MUST file with the Bankruptcy Court <u>and</u>

---

[2]     Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

serve on the parties listed below a written response to the Objection (a "**Response**") so that it is received on or before **August 9, 2021, at 4:00 p.m.** (prevailing Eastern Time) (the "**Response Deadline**").

Your Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your Response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received.  A Response will be deemed timely filed, served, and received <u>only if</u> prior to the Response Deadline, the Response is (a) filed electronically with the Bankruptcy Court on the docket of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC), in accordance with the Bankruptcy Court's General Order M-399 (available on the Bankruptcy Court's website at <u>http://www.nysb.uscourts.gov</u>), by registered users of the Bankruptcy Court's electronic case filing system, (b) sent to the chambers of the Honorable Judge Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green, New York, New York 10004; and (c) served (via email or

otherwise) so as to be <u>actually received</u> on or before the Response Deadline upon (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Timothy Graulich (timothy.graulich@davispolk.com), Stephen D. Piraino (stephen.piraino@davispolk.com), Erik P. Jerrard (erik.jerrard@davispolk.com), and Richard J. Steinberg (richard.steinberg@davispolk.com)), counsel to the Debtors; and (iii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), Craig Damast (cdamast@willkie.com), and Debra M. Sinclair (dsinclair@willkie.com)), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing (the "**Hearing**") will be held on **August 12, 2021**, at **10:00 a.m.** (prevailing Eastern Time), to consider the Objection. The Hearing will be held in the United States Bankruptcy Court for the Southern District of New York. If you file a written Response to the Objection, you should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to your claim(s). If the Debtors do continue the Hearing with respect to your Claim(s), then the Hearing will be held at a later date. If the Debtors do not continue the Hearing with respect to your Claim(s), then the Hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your Claim(s) listed on the schedules attached to <u>Exhibit 1</u> of the Objection on the grounds set forth above, then the Debtors have the right to object on other grounds to the Claim(s) (or to any other Claims you may have filed) at a later date. You will receive a separate notice of any such objections.

Responding parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. You may participate in the Hearing

telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com).

Instructions to register for CourtSolutions, LLC are attached to General Order M-543.[3]

  If you wish to view the complete Objection, you can do so for free at https://dm.epiq11.com/aeromexico. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**


Dated: July 8, 2021
   New York, New York


       DAVIS POLK & WARDWELL LLP

       By: */s/ Timothy Graulich*
       450 Lexington Avenue
       New York, New York 10017
       Telephone: (212) 450-4000
       Facsimile:  (212) 701-5800
       Marshall S. Huebner
       Timothy Graulich
       James I. McClammy
       Stephen D. Piraino (admitted *pro hac vice*)

       *Counsel to the Debtors*
       *and Debtors in Possession*

---

[3] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

# Exhibit A

**Objection**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)
*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (SATISFIED, AMENDED, AND DUPLICATE CLAIMS)

> **\* \* \***
> **TO THE CLAIMANTS LISTED ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN):   YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION (AS DEFINED HEREIN) AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.   THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER.**
> **\* \* \***

Grupo Aeroméxico S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Debtors'*

*Eighth Omnibus Claims Objection to Proofs of Claim (Satisfied, Amended, and Duplicate Claims)*

---

[1]    The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

(the "**Objection**"), pursuant to the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Claims Objection Procedures Order**"). This Objection is supported by the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Eighth Omnibus Claims Objection to Proofs of Claim (Satisfied, Amended, and Duplicate Claims)* (the "**Sánchez Declaration**"), attached hereto as **Exhibit 2** and incorporated herein by reference. In further support of the Objection, the Debtors respectfully state as follows:

### Relief Requested

1.     By this Objection, and pursuant to sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and the Claims Objections Procedures Order, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**" and, if entered, the "**Order**"), disallowing and expunging each of (i) the claims identified on Schedule 1 to the Proposed Order (the "**Satisfied Claims**"), (ii) the claims identified on Schedule 2 to the Proposed Order (the "**Amended Claims**"), and (iii) the Duplicate Claims (as defined below) identified on Schedule 3 to the Proposed Order.[2]

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors

---

[2]     The schedules attached to the Proposed Order are incorporated herein by reference.

consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.      The legal predicates for the relief requested herein are sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3007.

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.      General Background**

5.      On June 30, 2020 (the "**Petition Date**"), the Debtors each commenced in this Court a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

7.      On July 13, 2020, the United States Trustee formed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the Chapter 11 Cases.  No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      The Court entered a (i) *Final Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Related Third Parties and to Otherwise Continue Customer Programs, (II) Relief from Stay to Permit Setoff in Connection with the Customer Programs and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 205] (the "**Customer Programs Order**"); (ii) *Final Order Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments and Fees and (II) Financial Institutions to Honor and Process*

3

*Related Checks and Transfers* on July 29, 2020 [ECF No. 206] (the "**Taxes Order**"); (iii) *Final Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed With Outstanding Workers' Compensation Claims And (III) Financial Institutions to Honor and Process Related Checks and Transfers* on July 30, 2020 [ECF No. 216] (the "**Wages Order**"); and (iv) *Final Order Authorizing (I) Payment of Certain Prepetition Claims of Critical Vendors and Foreign Vendors and (II) Financial Institutions to Honor and Process Related Checks and Transfers* on August 20, 2020 [ECF No. 309] (the "**Critical Vendors Order**" and together with the Customer Programs Order, Taxes Order, and Wages Order, the "**First Day Orders**").

9.        Detailed information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20], filed with the Court on the Petition Date.

**B.        Claims Resolution Process in the Chapter 11 Cases**

10.        On July 2, 2020, the Court entered an *Order Authorizing Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [ECF No. 47], thereby appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as the Debtors' claims and noticing agent in these Chapter 11 Cases.

11.        On August 25, 2020, the Debtors filed Grupo Aeroméxico's schedules of assets and liabilities and its statement of financial affairs [ECF Nos. 326–33], along with the schedules and statements of the remaining Debtors (collectively, the "**Chapter 11 Schedules**" and "**Statements**,"

4

respectively).[3]   On December 17, 2020, the Debtors filed amendments to certain of Grupo Aeroméxico's Chapter 11 Schedules [ECF Nos. 737–40], along with amendments to certain Chapter 11 Schedules of the other Debtors.[4]   On January 15, 2021, Grupo Aeroméxico filed additional amendments to certain Chapter 11 Schedules [ECF Nos. 808–10].

12.     On November 18, 2020, the Court entered an *Order (I) Establishing Deadline for Filing Proofs of Claim and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof* [ECF No. 648] (the "**Bar Date Order**") establishing January 15, 2021 at 5:00 p.m. (prevailing Pacific Time) as the General Bar Date (as defined in the Bar Date Order) (the "**Bar Date**").

13.     On December 11, 2020, Epiq duly served the *Notice of Deadline Requiring Filing of Proofs of Claim on or Before January 15, 2021* (the "**Bar Date Notice**").  *See* Bowdler Aff., ECF No. 778.  Between December 14, 2020 and December 16, 2020, the Debtors caused the Bar Date Notice to be published in the *New York Times International Edition*, the *New York Times*, and the *Wall Street Journal*.  *See* Noblesala Aff., ECF No. 759; Noblesala Aff., ECF No. 760; Bell Aff., ECF No. 761.

14.     In the ordinary course of business, the Debtors maintain books and records (the "**Book and Records**") that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors.

---

[3]     The Chapter 11 Schedules and Statements of each Debtor were filed on their respective individual docket. *See In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF Nos. 6–7; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 6–7; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 6–7.

[4]     These amendments were filed on each Debtor's respective individual docket. *See In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF Nos. 10–11; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 10–11; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 10–11.

15.     The Debtors' claims register (the "**Claims Register**"), prepared and maintained by Epiq, reflects that approximately 6,053 proofs of claim (collectively, the "**Proofs of Claim**") have been filed in the Chapter 11 Cases asserting claims against the Debtors (each a "**Claim**," and collectively, the "**Claims**").  The Debtors and their advisors are comprehensively reviewing and reconciling all Claims, including both the Claims listed on the Schedules (the "**Scheduled Claims**") and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in the Chapter 11 Cases.  The Debtors and their advisors are also comparing the Claims asserted in the Proofs of Claims with the Debtors' Books and Records to determine the validity of the asserted Claims.

16.     This reconciliation process includes identifying particular categories of Claims that the Debtors believe should be reduced, reclassified, disallowed, or expunged.  To avoid a possible double recovery or otherwise improper recovery by claimants, the Debtors will continue to file omnibus objections to such categories of Claims if and where warranted.  This Objection is one such omnibus objection.

17.     On February 17, 2021, the Court entered the Claims Objection Procedures Order.  On March 16, 2021, the Debtors filed their *First Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 985], *Second Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 986], and *Third Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 987].  On April 16, 2021, the Debtors filed their *Fourth Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 1074] and *Fifth Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 1075].  The Court subsequently entered orders granting each of these objections [ECF Nos. 1086–87, 1102, 1207–08].  On June 3, 2021, the Debtors filed their *Sixth Omnibus Claims Objection to Proofs of Claim*

6

*(Satisfied Claims and Incorrectly Classified Claims)* [ECF No. 1265] and *Seventh Omnibus Claims Objection to Proofs of Claim (Wrong Debtor Claims)* [ECF No. 1266].

18.    The Debtors submit that this Objection, and the notice provided to claimants in connection hereto, are consistent with the Claims Objection Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules.

## **Basis for Relief**

19.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

20.    When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Lehman Bros. Holdings, Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019); *In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *See In re Lehman Bros.*, 602 B.R. at 574.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *See In re Dreier LLP*, 544 B.R. 760, 766 (Bankr. S.D.N.Y. 2016), *aff'd*, No. 08-15051 (SMB), 2016 WL 3920358 (S.D.N.Y. July 15, 2016), *aff'd*, 683 F. App'x 78 (2d Cir. 2017) (quoting *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 CIV. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (in turn quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992))).  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  *See In re Dreier*, 544 B.R. at

766.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *See id*.

21.    A court should not deem a claim to be allowable if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11. U.S.C. § 502(b)(1). A debtor may file an omnibus claims objection if all the claims being objected to fall under one of several listed categories as described in the Bankruptcy Rules and the Claims Objection Procedures Order.  *See* Fed. R. Bankr. P. 3007(d); Claims Obj. Proc. Order, ¶ 2(a), ECF No. 904 (providing additional bases under which the Debtors may file omnibus claim objections).

## Objection

### A.    Satisfied Claims

22.    The Debtors object to the Satisfied Claims listed on <u>Schedule 1</u> to the Proposed Order, and request that each Satisfied Claim be disallowed and expunged in its entirety.  Based on a review of the Claims Register and the Satisfied Claims, the Debtors have determined that the Satisfied Claims have been paid or otherwise satisfied after the Petition Date "in accordance with the Code, applicable rules, or a court order."  Fed. R. Bankr. P. 3007(d)(5).  In fact, certain of the Satisfied Claims have been paid or otherwise satisfied pursuant to this Court's First Day Orders.

23.    As the Debtors do not owe any further amounts with respect to the Satisfied Claims, in order to preserve the integrity and accuracy of the Claims Register, and to avoid the same claimant from improperly receiving multiple recoveries on account of the same Claim at the expense of the Debtors and other creditors, the Debtors request that the Satisfied Claims be disallowed and expunged in their entirety.

B.    **Amended Claims**

24.    The Debtors object to the Amended Claims listed on <u>Schedule 2</u> to the Proposed

Order, and request that the Amended Claims be disallowed and expunged in their entirety.  A debtor

cannot be required to pay the same claim multiple times.  *See, e.g.*, *Phelan v. Local 305 of United*

*Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d

1050, 1063 (2d Cir. 1992); *see also In re Finley, Kumble, Wagner, Heine, Underberg, Manley,*

*Myerson & Carey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  This Court has routinely reduced, reclassified,

disallowed, or expunged claims on the basis that such claim had been amended or superseded by

other claims.  *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y.

Feb. 11, 2021) [ECF No. 1857]; *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y.

Jan. 27, 2021) [ECF No. 3201]; *In re Windstream Holdings, Inc.*, No. 19-22397 (RDD) (Bankr.

S.D.N.Y. Dec. 21, 2020) [ECF No. 2758]; *In re Stearns Holdings, LLC*, No. 19-12226 (SCC)

(Bankr. S.D.N.Y. Mar. 11, 2020) [ECF Nos. 562–63].

25.    Based on a review of the Claims Register and the Amended Claims, the Debtors have

determined that the Amended Claims have been amended or superseded by other Claims filed by or

on behalf of the same claimants relating to the same purported liabilities.  If the Amended Claims

identified on <u>Schedule 2</u> to the Proposed Order are not disallowed, the claimants identified therein

may obtain double recovery from the same alleged liability, at the expense of the Debtors and other

creditors.  By this Objection, the Debtors seek disallowance and expungement of each of the

Amended Claims in order to limit each claimant to a single Claim and recovery against the

applicable Debtor's estate arising from the same alleged liability.

9

26. For each of the Amended Claims, the Debtors have identified a surviving Claim (an "**Amended Surviving Claim**"), which asserts the same liability and is identified on Schedule 2 to the Proposed Order in the applicable row labeled "Surviving Claim."  Unless objected to on other grounds in this Objection or otherwise by the Debtors, such Amended Surviving Claims will be unaffected by the relief requested in this Objection, and each of the claimants' rights to assert these liabilities against the applicable Debtor's estate will be preserved, subject to the Debtors' reservations of their rights to object to such Amended Surviving Claims and other Claims on all grounds, whether legal, factual, procedural, substantive, or non-substantive.

27. Accordingly, the Amended Claims should be disallowed and expunged in their entirety.

## C.    Duplicate Claims

28. By this Objection, the Debtors also seek to disallow and expunge the Claims listed on Schedule 3, which include: (i) Claims filed against multiple Debtors that are only valid against one Debtor (the "**Redundant Claims**"); and (ii) Claims that are duplicative of other Claims filed by or on behalf of the same claimant relating to the same purported liability (the "**Duplicative Claim**s," and together with the Redundant Claims, the "**Duplicate Claims**").

29. A debtor cannot be required to pay the same claim multiple times.  *See, e.g.*, *Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1063 (2d Cir. 1992); *see also In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Carey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  This Court has routinely reduced, reclassified, disallowed, or expunged duplicate claims.  *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Feb. 14, 2021) [ECF No. 1861]; *In re NTS W.*

10

*USA Corp.*, No. 20-35769 (CGM) (Bankr. S.D.N.Y. Feb. 2, 2021) [ECF No. 168]; *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Jan. 27, 2021) [ECF No. 3201]; *In re Windstream Holdings, Inc.*, No. 19-22397 (RDD) (Bankr. S.D.N.Y. Dec. 21, 2020) [ECF No. 2758]; *In re Stearns Holdings, LLC*, No. 19-12226 (SCC) (Bankr. S.D.N.Y. Mar. 11, 2020) [ECF No. 562].

30.     Based on a review of the Claims Register and the Duplicate Claims, the Debtors have determined that the Duplicate Claims are redundant of other Claims filed by or on behalf of the same claimant relating to the same purported liability.  If the Duplicate Claims are not disallowed, the claimants may obtain double recovery for the same alleged liability, at the expense of the Debtors and other creditors.  By this Objection, the Debtors seek disallowance and expungement of the Duplicate Claims in order to limit each claimant to a single Claim and recovery against the applicable Debtor's estate arising from the same alleged liability.

31.     For each of the Duplicate Claims, the Debtors have identified a surviving Claim (a "**Duplicate Surviving Claim**") which asserts the same liability and is identified on <u>Schedule 3</u> to the Proposed Order in the applicable row labeled "Surviving Claim."  Unless objected to on other grounds in this Objection or otherwise by the Debtors, such Duplicate Surviving Claims will be unaffected by the relief requested in this Objection, and each of the claimants' rights to assert these liabilities against the applicable Debtor's estate will be preserved, subject to the Debtors' reservations of their rights to object to such Duplicate Surviving Claims on all grounds, whether legal, factual, procedural, substantive, or non-substantive.

32.     Accordingly, the Duplicate Claims should be disallowed and expunged in their entirety.

11

## Separate Contested Matters

33.     Each of the Claims and the Objection with respect thereto constitutes a separate

contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order

entered by this Court with respect to a request for disallowance and expungement herein shall be

deemed a separate order with respect to each Claim.

## Response to Omnibus Objections

34.     To contest this Objection, a claimant must file and serve a written response to this

Objection (a "**Response**") so that it is received no later than the deadline set forth in the

accompanying notice (the "**Response Deadline**").  All Responses shall be filed electronically with

the Court on the docket of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC),

in accordance with the Court's General Order M-399 (available on the Court's website at

http://www.nysb.uscourts.gov), by registered users of the Court's electronic case filing system, and

served (via email or otherwise) so as to be actually received on or before the Response Deadline

upon:

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Attn:   Timothy Graulich (timothy.graulich@davispolk.com)
            Stephen D. Piraino (stephen.piraino@davispolk.com)
            Erik P. Jerrard (erik.jerrard@davispolk.com)
            Richard J. Steinberg (richard.steinberg@davispolk.com)
*Counsel to the Debtors*

-and-

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Attn:   Brett H. Miller (bmiller@willkie.com)
            Todd M. Goren (tgoren@willkie.com)
            Craig Damast (cdamast@willkie.com)
            Debra M. Sinclair (dsinclair@willkie.com)
*Counsel to the Creditors' Committee.*

35.    Every Response to this Objection must contain, at a minimum, the following

information:

a.    A caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the Objection to which the response is directed;

b.    The name of the claimant and a description of the basis for the amount of the Claim;

c.    A concise statement setting forth the reasons why the Claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which will be relied on in opposing the Objection;

d.    All documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which will be relied on in opposing the Objection; and

e.    The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and

f.    The name, address, and telephone number of the person (which may be the claimant or their legal representative) possessing ultimate authority to

13

reconcile, settle, or otherwise resolve the Claim on the claimant's behalf.

36.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging their Claim(s), without further notice or a hearing.

## **Reservation of Rights**

37.     The Debtors expressly reserve the right to amend, modify, or supplement this Objection, including, without limitation, to modify the currency associated with each Claim set forth on the schedules attached to the Proposed Order.  Should the grounds for objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Claims on any other grounds that the Debtors discover or elect to pursue.  The Debtors reserve their right to assert substantive and/or one or more additional non-substantive objections to the Claims at a later time.

38.     Notwithstanding anything contained in this Objection, or the exhibits or schedules attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (i) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the claimants subject to this Objection, (ii) enforce the Debtors' rights of setoff against the claimants relating to such avoidance actions, or (iii) seek disallowance pursuant to section 502(d) of the Bankruptcy Code of Claims of the claimants that are subject to such avoidance actions.

## **Notice**

39.     Notice of this Objection will be given to (i) the United States Trustee for the Southern District of New York; (ii) each of the parties listed on the schedules attached to the Proposed Order; (iii) each of the parties listed in paragraph 2(h) of the Claims Objection Procedures Order; and

14

(iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

### **No Prior Request**

40.    The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **<u>Exhibit 1</u>**, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated:   July 8, 2021
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors
and Debtors in Possession*

16

## **Exhibit 1 to Objection**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER GRANTING DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (SATISFIED, AMENDED, AND DUPLICATE CLAIMS)

Upon the objection (the "**Objection**")[2] of the above-captioned Debtors, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking to disallow and expunge the Claims identified on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached hereto; and upon the Sánchez Declaration, attached to the Objection as Exhibit 2; and the Court having jurisdiction to consider the matters raised in the Objection pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having authority to hear the matters raised in the Objection pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and consideration of the Objection and the relief requested therein being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Objection and opportunity for a hearing on the Objection having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Objection; and the Court

---

[1]    The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2]    Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

having the opportunity to hold a hearing on the Objection; and the Court having determined that the

legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and

the Court having found that the relief granted herein being in the best interests of the Debtors, their

creditors, and all other parties in interest; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Objection is hereby granted as set forth herein.

2.      The Satisfied Claims identified on **Schedule 1** annexed hereto are hereby disallowed

and expunged in their entirety.

3.      The Amended Claims identified on **Schedule 2** annexed hereto are hereby disallowed

and expunged in their entirety.

4.      The Duplicate Claims identified on **Schedule 3** annexed hereto are hereby disallowed

and expunged in their entirety.

5.      All Claims identified on **Schedule 2** and **Schedule 3** annexed hereto as a "Surviving

Claim" will be unaffected by the relief granted herein, and each of the claimants' rights to assert

these liabilities against the applicable Debtor's estate will be preserved, subject to the Debtors'

reservations of their rights to object to such surviving Claims on all grounds, whether legal, factual,

procedural, substantive, or non-substantive.

6.      This Order shall be deemed a separate Order with respect to each of the Claims

identified on **Schedule 1**, **Schedule 2**, and **Schedule 3**.  Any stay of this Order pending appeal by

any claimants whose Claims are subject to this Order shall only apply to the contested matter that

involves such claimant and shall not act to stay the applicability and/or finality of this Order with

respect to the other contested matters listed in the Objection or this Order.

2

7.      The Debtors, Epiq Corporate Restructuring, LLC, and the Clerk of this Court are authorized to take, or refrain from taking, any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

8.      Notwithstanding any Bankruptcy Rule, the Local Bankruptcy Rules for the Southern District of New York, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from, arising under, or related to the Chapter 11 Cases, to the fullest extent permitted by law, including, without limitation, to enforce this Order.

Dated:  _____, 2021
            New York, New York

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1 to Proposed Order

### Satisfied Claims

Eighth Omnibus Claims Objection

**Schedule 1**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Satisfied Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 20017 | NO | Aerovias Empresa De Cargo, S.A. De C.V. | 365I PUNTO MX SAPI DE CV MONTECITO 38 PISO 28 OFICINA 12 COL NAPOLES ALCALDIA BENITO JUAREZ CDMX, DF,  03810 MX | 0.00 | 0.00 | 0.00 | 22,098.00 | 22,098.00 MXN | NO |
| | **Date Filed:** | 9/2/2020 | | | | | | | | | |
| 2 | | 105 | NO | Grupo Aeroméxico, S.A.B. De C.V. | Alpine Independent School District ATTN LEGAL DEPT 2520 WW THORNE HOUSTON, TX 77073 US | 140.94 | 0.00 | 0.00 | 0.00 | 140.94 USD | NO |
| | **Date Filed:** | 10/13/2020 | | | | | | | | | |
| 3 | | 10207 | NO | Grupo Aeroméxico, S.A.B. De C.V. | BALBOA LOGISTICS & AIRPORT SERVICES INC C/O RICARDO BARRERO- BLAS INC AEROPUERTO TOCUMEN T1, NIVEL 300 PANAMA CITY 111001 PANAMA | 0.00 | 0.00 | 0.00 | 27,158.70 | 27,158.70 USD | NO |
| | **Date Filed:** | 8/31/2020 | | | | | | | | | |
| 4 | | 561017020 | NO | Aerovías De México, S.A. De C.V. | BALBOA LOGISTICS & AIRPORT SERVICES INC AEROPUERTO TOCUMEN PANAMA | 0.00 | 0.00 | 0.00 | 25,011.70 | 25,011.70 USD | NO |
| | **Date Filed:** | Scheduled | | | | | | | | | |
| 5 | | 565010860 | NO | Aerolitoral, S.A. De C.V. | Brenda Janett Rosas Hernandez CALLE ALAMO 3104 MODERNA NUEVO LEON MONTERREY, NUEVO LEON 64530 MX | 0.00 | 0.00 | 0.00 | 2,573.95 | 2,573.95 USD | NO |
| | **Date Filed:** | Scheduled | | | | | | | | | |
| 6 | | 289 | NO | Aerovías De México, S.A. De C.V. | BURSAMERICA SA DE CV AV EJERCITO NACIONAL 326 INT 502 CIUDAD DE MEXICO 11570, MX | 0.00 | 0.00 | 40,755.97 | 0.00 | 40,755.97 USD | NO |
| | **Date Filed:** | 12/29/2020 | | | | | | | | | |
| 7 | | 20149 | NO | Aerovías De México, S.A. De C.V. | BURSAMERICA SA DE CV AV EJERCITO NACIONAL NO 326 INT 502 COL CHAPAULTEPEC MORALES ALCALDIA MIGUEL HIDALGO CIUDAD DE MEXICO MX 11570, MX | 0.00 | 0.00 | 0.00 | 37,511.45 | 37,511.45 MXN | NO |
| | **Date Filed:** | 12/28/2020 | | | | | | | | | |
| 8 | | 561022310 | NO | Aerovías De México, S.A. De C.V. | Carga Aerea matrix CARR AEROPUERTO INTERNACIONAL 300 AEROPUERTO TIJUANA, BAJA CALIFORNIA 22404 MX | 0.00 | 0.00 | 0.00 | 6,653.20 | 6,653.20 USD | YES |
| | **Date Filed:** | Scheduled | | | | | | | | | |

Eighth Omnibus Claims Objection

# Schedule 1

## Satisfied Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | | 76 | NO | Aerovias Empresa De Cargo, S.A. De C.V. | Carga Aerea matrix C/O JOSE ANTONIO GUEVARA HERRERA BLVD AGUA CALIENTE 4558 PISO 18 COL AVIACION TIJAUNA BC, 22014 MX | 0.00 | 0.00 | 0.00 | 17,280.00 | 17,280.00 USD | NO |
| | Date Filed: | 8/31/2020 | | | | | | | | | |
| 10 | | 20021 | NO | Aerovías De México, S.A. De C.V. | COMERCIALIZADORA ALUS SA DE CV HIDALGO 107 PISO 1 GUERRERO CIUDAD DE MEXICO, MX, 06300 | 0.00 | 0.00 | 0.00 | 132,634.79 | 132,634.79 MXN | YES |
| | Date Filed: | 9/7/2020 | | | | | | | | | |
| 11 | | 12066 | NO | Aerovías De México, S.A. De C.V. | DGAC - GENERAL CIVIL AVIATION DIRECTION 1 RUE VINCENT AURIOL AIX EN PROVENCE CEDEX 1, 13617 FR | 0.00 | 0.00 | 260,186.32 | 0.00 | 260,186.32 USD | YES |
| | Date Filed: | 1/7/2021 | | | | | | | | | |
| 12 | | 20119 | NO | Aerolitoral, S.A. De C.V. | DR SERVICIOS SA DE CV CANADA 427-A COLONIA VISTA HERMOSA MONTERREY, NL 64620 MX | 0.00 | 0.00 | 0.00 | 10,850.13 | 10,850.13 USD | YES |
| | Date Filed: | 12/16/2020 | | | | | | | | | |
| 13 | | 561056660 | NO | Aerovías De México, S.A. De C.V. | Incline Aviation 9 Limited 4TH FL BLK 2 W PIER DUN LAOGHAIRE, DUBLIN A96N6T7 IE | 0.00 | 0.00 | 0.00 | 170,187.87 | 170,187.87 USD | YES |
| | Date Filed: | Scheduled | | | | | | | | | |
| 14 | | 561057260 | NO | Aerovías De México, S.A. De C.V. | INNOVACION ESPACIOS AUTOSUSTENTABLES SA CALZ SAN ISIDRO EJE 3 NORTE 164 INT B 803 INDUSTRIAL SAN ANTONIO AZCAPOTZALCO, CDMX 2760 MX | 0.00 | 0.00 | 0.00 | 32,962.16 | 32,962.16 USD | NO |
| | Date Filed: | Scheduled | | | | | | | | | |

Eighth Omnibus Claims Objection

**Schedule 1**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Satisfied Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|-----|---|---------|-------------|--------|------------------------------|---------|----------------|----------|-----------|-------|--------------|
| 15 | | 20164 | NO | Grupo Aeroméxico, S.A.B. De C.V. | INNOVACION DE ESPACIOS AUTOSUSTENTABLES INSURGENTES SUR 527 INT 201 COL. HIPODROMO CONDESA DEL CUAUHTEMOC CIUDAD DE MÉXICO CUAUHTEMOC, DF 06100, MX | 0.00 | 0.00 | 0.00 | 59,384.96 | 59,384.96 MXN | YES |
| | Date Filed: | 1/3/2021 | | | | | | | | | |
| 16 | | 566005950 | NO | Aerovías Empresa De Cargo, S.A. De C.V. | INNOVACION ESPACIOS AUTOSUSTENTABLES SA CALZ SAN ISIDRO EJE 3 NORTE 164 INT B 803 INDUSTRIAL SAN ANTONIO AZCAPOTZALCO, CDMX 2760 MX | 0.00 | 0.00 | 0.00 | 25,041.12 | 25,041.12 USD | NO |
| | Date Filed: | Scheduled | | | | | | | | | |
| 17 | | 561065310 | NO | Aerovías De México, S.A. De C.V. | LOGISTICA TGBA SA DE CV ORIENTE 166 NO 197 MOCTEZUMA 2A SECCION VENUSTIANO CARRANZA, CDMX 15530 MX | 0.00 | 0.00 | 0.00 | 12,389.05 | 12,389.05 USD | NO |
| | Date Filed: | Scheduled | | | | | | | | | |
| 18 | | 20129 | NO | Grupo Aeroméxico, S.A.B. De C.V. | LOGISTICA TGBA SA DE CV ORIENTE 166 NUM 199 COL MOCTEZUMA 2DA CIUDAD DE MEXICO, MX 15530 MX | 0.00 | 0.00 | 0.00 | 339,097.44 | 339,097.44 MXN | YES |
| | Date Filed: | 12/18/2020 | | | | | | | | | |
| 19 | | 20545 | NO | Grupo Aeroméxico, S.A.B. de C.V. | LOGISTICA TGBA SA DE CV ORIENTE 166 NUM 197 COL. MOCTEZUMA 2DA CIUDAD DE MEXICO MX 15530 MX | 0.00 | 0.00 | 0.00 | 339,097.44 | 339,097.44 MXN | YES |
| | Date Filed: | 6/21/2021 | | | | | | | | | |
| 20 | | 20546 | NO | Aerolitoral, S.A. | LOGISTICA TGBA SA DE CV OTE 166 197 COL. MOCTEZUMA 2DA SECC CIUDAD DE MEXICO MX 15530 MX | 0.00 | 0.00 | 0.00 | 337,654.04 | 337,654.04 MXN | YES |
| | Date Filed: | 6/21/2021 | | | | | | | | | |
| 21 | | 20547 | NO | Grupo Aeroméxico, S.A.B. de C.V. | LOGISTICA TGBA SA DE CV ORIENTE 166 NUM 197 COL. MOCTEZUMA 2DA CIUDAD DE MEXICO MX 15530 MX | 0.00 | 0.00 | 0.00 | 339,097.44 | 339,097.44 MXN | YES |
| | Date Filed: | 6/21/2021 | | | | | | | | | |

Eighth Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 1

## Satisfied Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 20548 | NO | Aerolitoral, S.A. | LOGISTICA TGBA SA DE CV<br>OTE 166 197 COL. MOCTEZUMA 2DA SECC<br>CIUDAD DE MEXICO MX 15530<br>MX | 0.00 | 0.00 | 0.00 | 337,654.04 | 337,654.04 MXN | YES |
| **Date Filed:** | 6/21/2021 | | | | | | | | | |
| 23 | 561065650 | NO | Aerovías De México, S.A. De C.V. | Lopez Velazquez<br>LAGO HURON 111<br>AGUA AZUL SECCION PIRULES<br>NEZAHUALCOYOTL, MEXICO 57510<br>MX | 0.00 | 0.00 | 0.00 | 7,022.90 | 7,022.90 USD | NO |
| **Date Filed:** | Scheduled | | | | | | | | | |
| 24 | 561066030 | NO | Aerovías De México, S.A. De C.V. | LUMO Eagle<br>JUSTO SIERRA MZA 7 LOTE 2<br>CALZADA JALAPA<br>CIUDAD DE MEXICO, CDMX 1260<br>MX | 0.00 | 0.00 | 0.00 | 5,961.57 | 5,961.57 USD | NO |
| **Date Filed:** | Scheduled | | | | | | | | | |
| 25 | 148 | NO | Aerovías De México, S.A. De C.V. | NY STATE DEPT OF TAXATION & FINANCE<br>ATTN BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205-0300<br>US | 0.00 | 0.00 | 6,882.23 | 50.00 | 6,932.23 USD | YES |
| **Date Filed:** | 12/10/2020 | | | | | | | | | |
| 26 | 14509 | NO | Aerovías De México, S.A. De C.V. | ORACLE AMERICA INC ("ORACLE")<br><br>C/O BUCHALTER PC<br>ATTN SHAWN M CHRISTIANSON, ESQ<br>55 2ND ST, 17TH FL<br>SAN FRANCISCO, CA 94105<br>US | 0.00 | 0.00 | 0.00 | 1,281,001.64 | 1,281,001.64 USD | NO |
| **Date Filed:** | Scheduled | | | | | | | | | |
| 27 | 14606 | NO | Aerovías De México, S.A. De C.V. | ORACLE CREDIT CORPORATION<br><br>C/O BUCHALTER PC<br>ATTN SHAWN M CHRISTIANSON, ESQ<br>55 2ND ST, 17TH FL<br>SAN FRANCISCO, CA 94105<br>US | 0.00 | 0.00 | 0.00 | 16,899,048.90 MXN | 16,899,048.90 MXN | YES |
| **Date Filed:** | 1/15/2021 | | | | | | | | | |

Eighth Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 1

## Satisfied Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 20142 | NO | Aerolitoral, S.A. De C.V. | SILVA HERZOG CONSORCIO ADUANAL SC AV.601 NO.54 SAN JUAN DE ARAGON 3ERA SEC CIUDAD DE MEXICO 07970,  MX | 0.00 | 0.00 | 0.00 | 400,881.64 | 400,881.64 MXN | YES |
| | Date Filed: 12/24/2020 | | | | | | | | | |
| 29 | 20141 | NO | Aerovías De México, S.A. De C.V. | SILVA HERZOG CONSORCIO ADUANAL SC AV.601 NO.54 SAN JUAN DE ARAGON 3ERA SEC CIUDAD DE MEXICO 07970,  MX | 0.00 | 0.00 | 0.00 | 467,289.89 | 467,289.89 MXN | YES |
| | Date Filed: 12/24/2020 | | | | | | | | | |
| 30 | 142 | NO | Aerovias Empresa De Cargo, S.A. De C.V. | Suarez, Francisco Fernandez ALFA #60 COL ROMERO DE TERREROS ALC COYOACAN CIUDAD DE MEXICO, 04310,  MX | 0.00 | 0.00 | 101,878.16 | 0.00 | 101,878.16 MXN | YES |
| | Date Filed: 12/10/2020 | | | | | | | | | |
| 31 | 14825 | NO | Aerovías De México, S.A. De C.V. | TDA LOGISTICA Y SERVICIOS S DE RL DE CV ATTN JOSÉ ISRAEL GONZALEZ JUAREZ BLV BOSQUE CENTRAL NUM 30 BOSQUES DEL VALLE 1A SECCION, COACALCO DE BERRIOZABAL 54930,  MX | 0.00 | 0.00 | 0.00 | 20,888.10 | 20,888.10 USD | YES |
| | Date Filed: 3/23/2021 | | | | | | | | | |
| 32 | 20533 | NO | Aerolitoral, S.A. De C.V. | TDA LOGISTICS & SERVICES S DE RL DE CV ATTN JOSE ISRAEL GONZALEZ JUAREZ BLV BOSQUE CENTRAL NUM 30 BOSQUES DEL  VALLE 1A SECCION, COACALCO DE BERRIOZABAL MX 55717 | 0.00 | 0.00 | 0.00 | 31,197.48 | 31,197.48 USD | YES |
| | Date Filed: 3/23/2021 | | | | | | | | | |
| 33 | 14540 | NO | Aerovías De México, S.A. De C.V. | TELEFONOS DE MÉXICO SAB DE CV ATTN ALEJANDRO COCA SANCHEZ AV PARQUE VIA #190, PISO 2 COL CUAUHTÉMOC MEXICO CITY MX 06500,  MX | 0.00 | 0.00 | 0.00 | 142,605.81 | 142,605.81 USD | NO |
| | Date Filed: 1/15/2021 | | | | | | | | | |

Eighth Omnibus Claims Objection

**Schedule 1**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Satisfied Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|-----|--|---------|-------------|--------|------------------------------|---------|----------------|----------|-----------|-------|--------------|
| 34 | | 14505 | NO | Aerolitoral, S.A. De C.V. | TELEFONOS DEL NOROESTE SA DE CV ATTN ALEJANDRO COCA SANCHEZ AV PARQUE VIA #190, PISO 2 COL CUAUHTEMOC MEXICO CITY 06500, MX | 0.00 | 0.00 | 0.00 | 164.23 | 164.23 USD | NO |
| | Date Filed: | 1/15/2021 | | | | | | | | | |
| 35 | | 14508 | NO | Aerovías De México, S.A. De C.V. | TELEFONOS DEL NOROESTE SA DE CV ATTN ALEJANDRO COCA SANCHEZ AV PARQUE VIA #190, PISO 2 COL CUAUHTEMOC MEXICO CITY 06500, MX | 0.00 | 0.00 | 0.00 | 1,381.25 | 1,381.25 USD | NO |
| | Date Filed: | 1/15/2021 | | | | | | | | | |
| 36 | | 561099460 | NO | Aerovías De México, S.A. De C.V. | Urbanizadora Levi SA PLAYA BUCERIAS 5748 RESIDENCIAL MOCTEZUMA PONIENTE ZAPOPAN, JALISCO 45053 MX | 0.00 | 0.00 | 0.00 | 4,257.48 | 4,257.48 USD | NO |
| | Date Filed: | Scheduled | | | | | | | | | |
| | | **Satisfied Claims Total** | **Count:** | | **USD** 23 | 140.94 | 0.00 | 307,824.52 | 1,824,638.35 | 2,132,603.81 | |
| | | | | | **MXN** 13 | 0.00 | 0.00 | 101,878.16 | 19,711,450.03 | 19,813,328.19 | |

**<u>Schedule 2 to Proposed Order</u>**

**Amended Claims**

Eighth Omnibus Claims Objection

## Schedule 2

## Amended Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 13228 | Grupo Aeroméxico, S.A.B. De C.V. | AILLEURS VOYAGES OVP PRIVAS GNBSR2101 5 COURS ST LOUIS PRIVAS 07000, FRANCE | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 EUR | YES |
| | Date Filed: | 1/13/2021 | | | | | | | | |
| | Surviving Claim: | 14866 | Grupo Aeroméxico, S.A.B. De C.V. | AILLEURS VOYAGES OVP PRIVAS GNBSR2101 5 COURS ST LOUIS PRIVAS 07000, FRANCE | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 EUR | |
| | Date Filed: | 5/26/2021 | | | | | | | | |
| 2 | | 20022 | Aerolitoral, S.A. De C.V. | ARRENDADORA LOS ANGELES VALLARTA SA DE C ***NO ADDRESS PROVIDED*** BAHIA DE BANDERAS, 63732 MEXICO | 13,593.01 | 0.00 | 0.00 | 0.00 | 13,593.01 USD | YES |
| | Date Filed: | 9/9/2020 | | | | | | | | |
| | Surviving Claim: | 14848 | Aerolitoral, S.A. De C.V. | ARRENDADORA LOS ANGELES VALLARTA SA DE C BOULEVARD COSTERO 800 COL FLAMINGOS NUEVO VAYARTA, NAY 63732 MEXICO | 13,593.01 | 0.00 | 13,593.01 | 0.00 | 13,593.01 USD | YES |
| | Date Filed: | 4/13/2021 | | | | | | | | |
| 3 | | 20536 | Aerovías De México, S.A. De C.V. | BAZAN, CARLOS ORTA 3722 257TH AVE SE ISSAQUAH, WA, 98029 | 0.00 | 0.00 | 0.00 | 2,063.73 | 2,063.73 USD | YES |
| | Date Filed: | 3/27/2021 | | | | | | | | |
| | Surviving Claim: | 20540 | Aerovías De México, S.A. De C.V. | BAZAN, CARLOS ORTA 3722 257TH AVE SE ISSAQUAH, WA, 98029 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 USD | |
| | Date Filed: | 4/16/2021 | | | | | | | | |
| 4 | | 12864 | Aerovías De México, S.A. De C.V. | CHUNG, DOORYE 113, HANEULDALBIT-RO755-1001JUNG-GU, INCHEON, REPUBLIC OF KOREA JUNG-GO, INCHEON, SEOUL 22406 | 0.00 | 0.00 | 0.00 | 957.93 | 957.93 USD | |
| | Date Filed: | 1/12/2021 | | | | | | | | |
| | Surviving Claim: | 14870 | Aerovías De México, S.A. De C.V. | CHUNG, DOORYE 113, HANEULDALBIT-RO755-1001JUNG-GU, INCHEON, REPUBLIC OF KOREA JUNG-GO, INCHEON, SEOUL 22406 | 0.00 | 0.00 | 0.00 | 957.93 | 957.93 USD | |
| | Date Filed: | 5/28/2021 | | | | | | | | |
| 5 | | 20153 | Grupo Aeroméxico, S.A.B. De C.V. | CISNEROS, ERIC JAVIER FONG 86 PALLADIAN VICTORIA BRIDGE ROAD BATH, , BA2 3FL, UNITED KINGDOM | 0.00 | 0.00 | 0.00 | 1,508.49 | 1,508.49 USD | YES |
| | Date Filed: | 12/29/2020 | | | | | | | | |
| | Surviving Claim: | 20543 | Grupo Aeroméxico, S.A.B. De C.V. | CISNEROS, ERIC JAVIER FONG CALLE FEDERACION 317 INTERIOR 44 RESIDENCIAL LAS GARZAS COLONIA LOS TAMARINDOS IXTAPA JA 48282, MEXICO | 0.00 | 0.00 | 0.00 | 1,508.49 | 1,508.49 USD | YES |
| | Date Filed: | 5/2/2021 | | | | | | | | |

Eighth Omnibus Claims Objection

Schedule 2

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

**Amended Claims**

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | | 254 | Grupo Aeroméxico, S.A.B. De C.V. | CLARKE, WENDY 9960 PRINCE PHILLIP ST RR #1 THEDFORD, ON, N0M 2N0 CANADA | 0.00 | 0.00 | 0.00 | 1,354.58 | 1,354.58 USD | |
| | Date Filed: | 1/8/2021 | | | | | | | | |
| | Surviving Claim: | 14843 | Grupo Aeroméxico, S.A.B. De C.V. | CLARKE, WENDY 9960 PRINCE PHILLIP ST RR #1 THEDFORD, ON, N0M 2N0 CANADA | 0.00 | 0.00 | 0.00 | 1,354.58 | 1,354.58 USD | |
| | Date Filed: | 4/6/2021 | | | | | | | | |
| 7 | | 14841 | Grupo Aeroméxico, S.A.B. De C.V. | DORT, ELINE VAN KLUISSTRAAT 44 MECHELEN 2800 BELGIUM | 0.00 | 0.00 | 0.00 | 19.74 | 19.74 USD | |
| | Date Filed: | 4/6/2021 | | | | | | | | |
| | Surviving Claim: | 14864 | Grupo Aeroméxico, S.A.B. De C.V. | DORT, ELINE VAN KLUISSTRAAT 44 MECHELEN 2800 BELGIUM | 0.00 | 0.00 | 0.00 | 19.74 | 19.74 USD | |
| | Date Filed: | 5/19/2021 | | | | | | | | |
| 8 | | 14856 | Grupo Aeroméxico, S.A.B. De C.V. | FLIGHT CENTRE TRAVEL GROUP LIMITED 275 GREY ST SOUTH BRISBANE 4101, AUSTRALIA | 0.00 | 0.00 | 0.00 | 860.00 | 860.00 USD | |
| | Date Filed: | 4/27/2021 | | | | | | | | |
| | Surviving Claim: | 14858 | Grupo Aeroméxico, S.A.B. De C.V.. | FLIGHT CENTRE TRAVEL GROUP LIMITED 275 GREY ST SOUTH BRISBANE 4101, AUSTRALIA | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 USD | |
| | Date Filed: | 4/29/2021 | | | | | | | | |
| 9 | | 20193 | Grupo Aeroméxico, S.A.B. De C.V. | GARCIA, AITOR GIL CALLE HUERTO DE SAN VALERO, Nº1 PISO 10 PUERTA 39 VALENCIA 46013, SPAIN | 0.00 | 0.00 | 0.00 | 389.72 | 389.72 EUR | |
| | Date Filed: | 1/7/2021 | | | | | | | | |
| | Surviving Claim: | 20544 | Grupo Aeroméxico, S.A.B. De C.V. | GARCIA, AITOR GIL CALLE FITERO, 53 1º IZDA CORELLA 31591, SPAIN | 0.00 | 0.00 | 0.00 | 389.72 | 389.72 EUR | |
| | Date Filed: | 6/10/2021 | | | | | | | | |
| 10 | | 11883 | Grupo Aeroméxico, S.A.B. De C.V. | ICHIMURA, HARUKA 2-21-5, YANAGIBASHI 403, MAGNOLIA COURT TAITO-KU, TOKYO 1110052, JAPAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 USD | |
| | Date Filed: | 1/6/2021 | | | | | | | | |
| | Surviving Claim: | 14879 | Grupo Aeroméxico, S.A.B. De C.V. | ICHIMURA, HARUKA 4-26-19,NISHI-SHINKOIWA 301,FLEUR-DE-LIS KATSUSHIKA-KU TOKYO 1240025, JAPAN | 0.00 | 0.00 | 0.00 | 969.20 | 969.20 USD | |
| | Date Filed: | 6/19/2021 | | | | | | | | |

# Schedule 2

## Amended Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|-----|---|---------|--------|------------------------------|---------|----------------|----------|-----------|-------|--------------|
| 11 | | 14879 | Grupo Aeroméxico, S.A.B. De C.V. | ICHIMURA, HARUKA 4-26-19,NISHI-SHINKOIWA 301,FLEUR-DE-LIS KATSUSHIKA-KU TOKYO 1240025 | 0.00 | 0.00 | 0.00 | 969.20 | 969.20 USD | |
| | Date Filed: | 6/19/2021 | | | | | | | | |
| | Surviving Claim: | 14880 | Grupo Aeroméxico, S.A.B. De C.V. | ICHIMURA, HARUKA 4-26-19,NISHI-SHINKOIWA 301,FLEUR-DE-LIS KATSUSHIKA-KU TOKYO 1240025 | 0.00 | 0.00 | 0.00 | 1,371.98 | 1,371.98 USD | |
| | Date Filed: | 6/19/2021 | | | | | | | | |
| 12 | | 14868 | Grupo Aeroméxico, S.A.B. De C.V. | KIM, YOUNG-KWANG 501 HUNGERFORD DR, APT 361 ROCKVILLE, MD, 20850 | 0.00 | 0.00 | 0.00 | 525.29 | 525.29 USD | |
| | Date Filed: | 5/26/2021 | | | | | | | | |
| | Surviving Claim: | 14869 | Grupo Aeroméxico, S.A.B. De C.V. | KIM, YOUNG-KWANG 501 HUNGERFORD DR, APT 361 ROCKVILLE, MD, 20850 | 0.00 | 0.00 | 0.00 | 525.29 | 525.29 USD | |
| | Date Filed: | 5/26/2021 | | | | | | | | |
| 13 | | 14315 | Grupo Aeroméxico, S.A.B. De C.V. | NIPPON EXPRESS TRAVEL 3 FLS, NITTSU MINAMIHORIE BLDG 20-1 MINAMIHORIE 1-CHOME NISHI-KU NISHI-KU OSAKA 550-0015, JAPAN | 0.00 | 0.00 | 0.00 | 7,616.00 | 7,616.00 USD | |
| | Date Filed: | 1/15/2021 | | | | | | | | |
| | Surviving Claim: | 14863 | Grupo Aeroméxico, S.A.B. De C.V. | NIPPON EXPRESS CO LTD 3F 5-4-10, NAKATSU KITA-KU OSAKA 531-0071, JAPAN | 0.00 | 0.00 | 0.00 | 7,616.00 | 7,616.00 USD | |
| | Date Filed: | 5/14/2021 | | | | | | | | |
| 14 | | 12475 | Aerovías De México, S.A. De C.V. | PARK, HYUNJIN 66-8, ORYU-RO, GURO-GU, 204 SEOUL, 08343, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 875.67 | 875.67 USD | |
| | Date Filed: | 1/10/2021 | | | | | | | | |
| | Surviving Claim: | 14865 | Aerovías De México, S.A. De C.V. | PARK, HYUNJIN 66-8, ORYU-RO, GURO-GU, 204 SEOUL, 08343, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 875.67 | 875.67 USD | |
| | Date Filed: | 5/25/2021 | | | | | | | | |
| 15 | | 13381 | Aerovías De México, S.A. De C.V. | SABRE GLBL INC C/O WILMER CUTLER PICKERING HALE & DORR ATTN PHILIP D ANKER 7 WORLD TRADE CENTER, 250 GREENWICH ST NEW YORK, NY, 10007 | 1,867,661.08 | 0.00 | 0.00 | 0.00 | 1,867,661.08 USD | YES |
| | Date Filed: | 1/13/2021 | | | | | | | | |
| | Surviving Claim: | 14857 | Aerovías De México, S.A. De C.V. | SABRE GLBL INC C/O WILMER CUTLER PICKERING HALE & DORR ATTN PHILIP D ANKER 7 WORLD TRADE CENTER, 250 GREENWICH ST NEW YORK, NY, 10007 | 3,160,458.49 | 0.00 | 0.00 | 0.00 | 3,160,458.49 USD | |
| | Date Filed: | 4/28/2021 | | | | | | | | |

Eighth Omnibus Claims Objection

**Schedule 2**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

**Amended Claims**

| Ref | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|
| 16 | 14881 | Grupo Aeroméxico, S.A.B. De C.V. | SANCHEZ, STEPHANIE<br>55 TRAVELER STREET<br>APT 1706<br>BOSTON, MA, 2118 | 0.00 | 0.00 | 0.00 | 515.86 | 515.86 USD | |
| Date Filed: | 6/25/2021 | | | | | | | | |
| Surviving Claim: | 14882 | Grupo Aeroméxico, S.A.B. De C.V. | SANCHEZ, STEPHANIE<br>55 TRAVELER STREET<br>APT 1706<br>BOSTON, MA, 2118 | 0.00 | 0.00 | 0.00 | 515.86 | 515.86 USD | |
| Date Filed: | 6/25/2021 | | | | | | | | |
| 17 | 20519 | Aerolitoral, S.A. De C.V. | TDA LOGISTICS & SERVICES S DE RL DE CV<br>ATTN JOSE ISRAEL GONZALEZ JUAREZ<br>BLV BOSQUE CENTRAL NUM 30<br>BOSQUES DEL VALLE 1A SECCION, MX 55717<br>COACALCO DE BERRIOZABAL | 0.00 | 0.00 | 0.00 | 31,197.48 | 31,197.48 USD | YES |
| Date Filed: | 2/16/2021 | | | | | | | | |
| Surviving Claim: | 20533 | Aerolitoral, S.A. De C.V. | TDA LOGISTICS & SERVICES S DE RL DE CV<br>ATTN JOSE ISRAEL GONZALEZ JUAREZ<br>BLV BOSQUE CENTRAL NUM 30<br>BOSQUES DEL VALLE 1A SECCION, MX 55717<br>COACALCO DE BERRIOZABAL | 0.00 | 0.00 | 0.00 | 31,197.48 | 31,197.48 USD | YES |
| Date Filed: | 3/23/2021 | | | | | | | | |
| 18 | 11649 | Aerovías De México, S.A. De C.V. | TFK CORPORATION<br>NARITA INTERNATIONAL AIRPORT<br>NARITA CHIBA 2820004<br>JAPAN | 0.00 | 0.00 | 0.00 | 228,800.35 | 228,800.35 USD | |
| Date Filed: | 1/4/2021 | | | | | | | | |
| Surviving Claim: | 14876 | Aerovías De México, S.A. De C.V. | TFK CORPORATION<br>NARITA INTERNATIONAL AIRPORT<br>NARITA CHIBA 2820004<br>JAPAN | 0.00 | 0.00 | 0.00 | 228,800.35 | 228,800.35 USD | |
| Date Filed: | 6/8/2021 | | | | | | | | |
| 19 | 213 | Grupo Aeroméxico, S.A.B. de C.V. | VIP CLASS AUTO SL<br>46 7B, OMEGA<br>MADRID 28032, SPAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 EUR | |
| Date Filed: | 12/31/2020 | | | | | | | | |
| Surviving Claim: | 20111 | Aerovías de México, S.A. de C.V. | VIP CLASS AUTO SL<br>46 7B, OMEGA<br>MADRID 28032, SPAIN | 0.00 | 0.00 | 0.00 | 7,069.36 | 7,069.36 EUR | YES |
| Date Filed: | 12/14/2020 | | | | | | | | |

Page 4

Eighth Omnibus Claims Objection

**Schedule 2**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Amended Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | | 14849 | Grupo Aeroméxico, S.A.B. De C.V. | WLTT SA 40 RUE DE L'ALZETTE ESCH-SUR-ALZETTE 4010 LUXEMBOURG | | 3,354.20 | 3,354.20 | 3,354.20 | 0.00 | 3,354.20 USD | YES |
| | Date Filed: | 4/14/2021 | | | | | | | | | |
| | Surviving Claim: | 14850 | Grupo Aeroméxico, S.A.B. De C.V. | WLTT SA 40 RUE DE L'ALZETTE ESCH-SUR-ALZETTE 4010 LUXEMBOURG | | 12,393.22 | 12,393.22 | 12,393.22 | 0.00 | 12,393.22 USD | |
| | Date Filed: | 4/14/2021 | | | | | | | | | |
| | Amended Claims Total | Count: | USD EUR | 17 3 | | 1,884,608.28 0.00 | 3,354.20 0.00 | 3,354.20 0.00 | 277,264.32 1,719.72 | 2,161,872.60 1,719.72 | |

## **Schedule 3 to Proposed Order**

### **Duplicate Claims**

Eighth Omnibus Claims Objection

**Schedule 3**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Duplicate Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[(1)] | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 96 | Grupo Aeroméxico, S.A.B. de C.V. | DUNBAR SECURITY PRODUCTS INC<br>8525 KELSO DR, STE L<br>ESSEX, MD 21221 | 0.00 | 0.00 | 0.00 | 109.08 | 109.08 USD | |
| | Date Filed: | 9/9/2020 | | | | | | | | |
| | Surviving Claim: | 261 | Grupo Aeroméxico, S.A.B. de C.V. | DUNBAR SECURITY PRODUCTS INC<br>8525 KELSO DR, STE L<br>ESSEX, MD 21221 | 0.00 | 0.00 | 0.00 | 109.08 | 109.08 USD | |
| | Date Filed: | 1/11/2021 | | | | | | | | |
| 2 | | 165 | Aerolitoral, S.A. de C.V. | SAFRAN AEROSYSTEMS SERVICES AMERICAS<br>101 WORLD DR, STE 400<br>PEACHTREE CITY, GA 30269 | 0.00 | 0.00 | 0.00 | 51,564.39 | 51,564.39 USD | |
| | Date Filed: | 12/17/2020 | | | | | | | | |
| | Surviving Claim: | 10081 | Aerolitoral, S.A. de C.V. | SAFRAN AEROSYSTEMS SERVICES AMERICAS<br>101 WORLD DR, STE 400<br>PEACHTREE CITY, GA 30269 | 0.00 | 0.00 | 0.00 | 51,564.39 | 51,564.39 USD | |
| | Date Filed: | 7/30/2020 | | | | | | | | |
| 3 | | 719 | Grupo Aeroméxico, S.A.B. de C.V. | SUPER KISE SA DE CV<br>2515 DIVISION DEL NORTE<br>DEL CARMEN COYOACAN<br>CIUDAD DE MEXICO 04100, MX | 0.00 | 0.00 | 0.00 | 8,000.38 | 8,000.38 USD | |
| | Date Filed: | 3/15/2021 | | | | | | | | |
| | Surviving Claim: | 720 | Aerovías de México, S.A. de C.V. | SUPER KISE SA DE CV<br>ATTN PATRICIA SEKIGUCHI<br>AV DIVISION DEL NORTE #2515 L-A<br>DEL CARMEN COYOACAN<br>CIUDAD DE MEXICO 04100, MX | 0.00 | 0.00 | 0.00 | 8,000.38 | 8,000.38 USD | |
| | Date Filed: | 3/15/2021 | | | | | | | | |
| 4 | | 602 | Aerovías de México, S.A. de C.V. | TRAVEL COMUNICACION ONLINE S DE RL DE CV<br>ATTN JESUS ALONSO IGLESIAS<br>547 PETEN<br>COLONIA LETRAN VALLE<br>ALCALDIA BENITO JUAREZ<br>CIUDAD DE MEXICO DF 03650, MX | 0.00 | 0.00 | 0.00 | 5,275.17 | 5,275.17 USD | |
| | Date Filed: | 1/15/2021 | | | | | | | | |
| | Surviving Claim: | 11786 | Aerovías de México, S.A. de C.V. | TRAVEL COMUNICACION ONLINE S DE RL DE CV<br>547 PETEN<br>COLONIA LETRAN VALLE<br>ALCALDIA BENITO JUAREZ<br>CIUDAD DE MEXICO DF 03650, MX | 0.00 | 0.00 | 0.00 | 5,275.17 | 5,275.17 USD | |
| | Date Filed: | 1/5/2021 | | | | | | | | |
| | Duplicate Claims Totals | Count: | USD | 4 | 0.00 | 0.00 | 0.00 | 64,949.02 | 64,949.02 | |

1.    Pursuant to ¶ 8(d), n.4 of the Bar Date Order, the Debtors have converted certain claims which were originally denominated in Mexican pesos to the legal tender of the United States, based upon the conversion rate in place as of the Petition Date from Banco de Mexico (Central Bank).

**<u>Exhibit 2 to Objection</u>**

**Sánchez Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF RICARDO JAVIER SÁNCHEZ BAKER IN SUPPORT OF THE
DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
(SATISFIED, AMENDED, AND DUPLICATE CLAIMS)**

I, Ricardo Javier Sánchez Baker, hereby declare that the following is true to the best of

my knowledge, information and belief:

**Background**

1.      I am the Chief Financial Officer of Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo
Aeroméxico**"), and its affiliates that are debtors and debtors in possession in these proceedings

(collectively, the "**Debtors**;" the Debtors collectively with their direct and indirect non-Debtor

subsidiaries, the "**Company**").  I have held several other positions at the Company since 2006,

including serving as advisor to the Chief Executive Officer and Director of Revenue Management.  I

have been the chairman of the board of directors of the SABRE Corporation, a member of the SEAT

Technical Committee, and a member of the Aeromexpress, CECAM, and PLM boards of directors.  I

have held various positions within the Federal Public Administration (*Administración Pública
Federal*), including deputy director general of public debt for the Ministry of Finance and Public

Credit in 2003 and 2005.  I hold a bachelor's degree in economics from the Universidad

---

[1]      The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as
follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral,
S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate
headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P.
06500.

Iberoamericana, a diploma in finance from Instituto Tecnológico Autónomo de México, and master's and doctorate degrees in economics from the University of California, Los Angeles.  I am familiar with the day-to-day operations, business, and financial affairs of the Debtors.

2.      I submitted the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20] (the "**Sánchez First Day Declaration**").  I make this declaration (the "**Declaration**") in support of the *Debtors' Eighth Omnibus Claims Objection to Proofs of Claim (Satisfied, Amended, and Duplicate Claims)* (the "**Objection**").  I have reviewed the Objection or have otherwise had its contents explained to me, and the Objection is, to the best of my knowledge, accurate.

3.      Except as otherwise indicated, all facts set forth in the Objection and this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge, and information concerning the operations of the Debtors and the aviation industry as a whole.  If I were called upon to testify, I could and would testify to each of the facts set forth herein.

4.      I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and Books and Records[2] that reflect, among other things, the Debtors' liabilities, and the amount thereof owed to their creditors as of the Petition Date.  I have read the Objection and corresponding Proposed Order, each filed contemporaneously herewith.

5.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  In evaluating the Claims, the Debtors and other reviewing parties have reviewed the Debtors' Books and Records, the relevant Proofs of Claim, as well as the supporting documentation provided by the claimants, and determined that the Satisfied Claims, Amended

---

[2]      Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

Claims, and Duplicate Claims should be disallowed, expunged, and/or otherwise treated as set forth in the Objection and Proposed Order. I believe the disallowance, expungement, and/or other treatment of the claims listed on the schedules attached to the Proposed Order on the terms set forth in the Objection and Proposed Order is appropriate.

### Satisfied Claims

6.      To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register and each Satisfied Claim, the Debtors have determined that the Satisfied Claims have been paid and/or otherwise satisfied. If the Satisfied Claims identified on Schedule 1 to the Proposed Order are not disallowed and expunged, the claimants identified therein may obtain double recovery from the same alleged liability, at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order disallowing and expunging the Satisfied Claims as set forth therein and in the Objection.

### Amended Claims

7.      To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register and each of the Amended Claims, the Debtors have determined that the Amended Claims listed on Schedule 2 to the Proposed Order have been amended or superseded by other Claims filed against the Debtor by or on behalf of the same claimants relating to the same purported liabilities. If the Amended Claims identified on Schedule 2 to the Proposed Order are not disallowed and expunged, the claimants identified therein may obtain double recovery from the same alleged liability, at the expense of the Debtors and other creditors.

8.      Furthermore, for each of the Amended Claims, the Debtors have identified a surviving Claim which asserts the same liability and is identified on Schedule 2 to the Proposed Order in the applicable row labeled "Surviving Claim." Accordingly, I believe it is proper for the Court to enter the Proposed Order disallowing and expunging the Amended Claims as set forth

therein and in the Objection.

## **Duplicate Claims**

9.     To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register and each Duplicate Claim, the Debtors have determined that the Duplicate Claims are duplicative of other Claims filed against the Debtor by or on behalf of the same claimants relating to the same purported liability.  If the Duplicate Claims identified on <u>Schedule 3</u> to the Proposed Order are not disallowed and expunged, the claimants identified therein may obtain double recovery from the same alleged liability, at the expense of the Debtors and other creditors.

10.     Furthermore, for each of the Duplicate Claims, the Debtors have identified a surviving Claim which asserts the same liability and is identified on <u>Schedule 3</u> to the Proposed Order in the applicable row labeled "Surviving Claim."  Accordingly, I believe it is proper for the Court to enter the Proposed Order disallowing and expunging the Duplicate Claims as set forth therein and in the Objection.

## **Conclusion**

11.     I am authorized to submit this Declaration on behalf of the Debtors.  In my opinion, and for the reasons set forth in this Declaration and in the Objection, disallowing and expunging the Satisfied Claims, Amended Claims, and Duplicate Claims is in the best interest of the Debtors' estates.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed:   July 8, 2021

By:   */s/  Ricardo Javier Sánchez Baker*
         Ricardo Javier Sánchez Baker
         Chief Financial Officer

4

## **Exhibit B**

## **Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (SCC)** |
| Debtors.[1] | **(Jointly Administered)** |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

The Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**")
described herein have been ordered by the United States Bankruptcy Court for the Southern District
of New York (the "**Court**") to apply to the chapter 11 cases of Grupo Aeroméxico, S.A.B. de C.V.
and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the Order Establishing Certain Notice, Case Management, and
Administrative Procedures, entered on July 8, 2020 [ECF No. 79] (the "**Case Management
Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these
cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for
hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to
proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V.
108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The
Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc,
Mexico City, C.P. 06500.

[2]      Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the
relevant Claim, and any such information already submitted need not be resubmitted in connection with the

properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

3.       The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their discretion, as set forth herein.

4.       The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

A.       For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors that can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

B.       For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their discretion, serve upon the relevant claimant, by email or overnight delivery, with a copy to the Official Committee of Unsecured Creditors, Apollo Management Holdings, L.P., and the Ad Hoc Group of Senior Noteholders,[3] and file with the Court, a notice substantially in the form attached to the Claims Objections Procedures Order as Exhibit 2 (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in a scheduling order issued by the Court in connection therewith.

5.       Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that

---

Omnibus Claims Hearing Procedures.

[3]      As identified in the *Verified Statement of the Ad Hoc Group of Senior Noteholders Pursuant to Bankruptcy Rule 2019* [ECF No. 390].

could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

7.    The Debtors, in their discretion, are authorized to adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the claimants.