THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, MODIFY, AND/OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT(S) AND SCHEDULE(S) ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT GRUPO AEROMÉXICO'S COUNSEL, DAVIS POLK & WARDWELL LLP, AT aeromexicoclaims@dpw.com, RICHARD J. STEINBERG (richard.steinberg@davispolk.com or +1-212-450-4362), OR ERIK P. JERRARD (+1-212-450-4769).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF HEARING ON DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (WRONG DEBTOR, INCORRECTLY CLASSIFIED, MISCLASSIFIED UNLIQUIDATED, NO LIABILITY, AND FOREIGN CURRENCY CLAIMS)

**PLEASE TAKE NOTICE** that, on July 8, 2021, Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their *Ninth Omnibus Claims Objection to Proofs of Claim (Wrong Debtor, Incorrectly Classified, Misclassified Unliquidated, No Liability, and Foreign Currency Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

The Objection is annexed hereto as **Exhibit A**. The Objection requests that the Bankruptcy Court disallow, expunge, modify, and/or reclassify one or more of your Claims[2] listed on the schedules attached to Exhibit 1 of the Objection annexed hereto on the grounds that such Claims either: (i) have been filed against the wrong Debtor; (ii) are not entitled to the asserted status or other priority;  (iii) incorrectly state that all or a portion of the Claim is unliquidated; (iv) seek to recover amounts for which the Debtors are not liable; and/or (v) were asserted in a currency other than United States dollars or Mexican pesos.  Any Claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.  Any Claim that the Bankruptcy Court modifies and/or reclassifies will remain on the Claims Register as modified and/or reclassified.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Omnibus Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, apply and govern the Objection to your Proof(s) of Claim.  The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.  Therefore, please review the Omnibus Claims Hearing Procedures carefully.  Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance, expungement, modification, and/or reclassification of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, modification, and/or reclassification of your Claim(s) listed on the schedules attached to Exhibit 1 of the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, modification, and/or reclassification of your Claim(s) listed on the schedules attached to Exhibit 1 of the Objection, then you MUST file

---

[2]    Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

with the Bankruptcy Court <u>and</u> serve on the parties listed below a written response to the Objection (a "**Response**") so that it is received on or before **August 9, 2021, at 4:00 p.m.** (prevailing Eastern Time) (the "**Response Deadline**").

Your Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed, expunged, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your Response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received.  A Response will be deemed timely filed, served, and received <u>only if</u> prior to the Response Deadline, the Response is (a) filed electronically with the Bankruptcy Court on the docket of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC), in accordance with the Bankruptcy Court's General Order M-399 (available on the Bankruptcy Court's website at http://www.nysb.uscourts.gov), by registered users of the Bankruptcy Court's electronic case filing system, (b) sent to the chambers of the Honorable Judge Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green, New York, New York 10004; and (c) served (via email or

otherwise) so as to be <u>actually received</u> on or before the Response Deadline upon (i) Davis Polk &

Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Timothy Graulich

(timothy.graulich@davispolk.com), Stephen D. Piraino (stephen.piraino@davispolk.com), Erik P.

Jerrard (erik.jerrard@davispolk.com), and Richard J. Steinberg (richard.steinberg@davispolk.com)),

counsel to the Debtors; and (iii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York,

New York 10019 (Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren

(tgoren@willkie.com), Craig Damast (cdamast@willkie.com), and Debra M. Sinclair

(dsinclair@willkie.com)), counsel to the Official Committee of Unsecured Creditors appointed in

these cases.

 Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing (the

"**Hearing**") will be held on **August 12, 2021, at 10:00 a.m.** (prevailing Eastern Time), to consider

the Objection.  The Hearing will be held in the United States Bankruptcy Court for the Southern

District of New York.  If you file a written Response to the Objection, you should plan to appear at

the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with

respect to your claim(s).  If the Debtors do continue the Hearing with respect to your Claim(s), then

the Hearing will be held at a later date.  If the Debtors do not continue the Hearing with respect to

your Claim(s), then the Hearing on the Objection will be conducted on the above date.

 The Debtors have the right to object to your Claim(s) listed on the schedules attached to

<u>Exhibit 1</u> of the Objection (or to any other Claims you may have filed) at a later date on grounds not

asserted in the Objection unless the Bankruptcy Court disallows and expunges your Claim(s).  You

will receive a separate notice of any such objections.

 Responding parties shall attend the Hearing telephonically so long as General Order M-543 is

in effect or unless otherwise ordered by the Bankruptcy Court.  You may participate in the Hearing

telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com).

Instructions to register for CourtSolutions, LLC are attached to General Order M-543.[3]

      If you wish to view the complete Objection, you can do so for free at

https://dm.epiq11.com/aeromexico. **CLAIMANTS SHOULD NOT CONTACT THE CLERK**

**OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

Dated:    July 8, 2021
        New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By:  */s/ Timothy Graulich*
                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile:  (212) 701-5800
                    Marshall S. Huebner
                    Timothy Graulich
                    James I. McClammy
                    Stephen D. Piraino (admitted *pro hac vice*)

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

---

[3]    A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

## **Exhibit A**

**Objection**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)
*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (WRONG DEBTOR, INCORRECTLY CLASSIFIED, MISCLASSIFIED UNLIQUIDATED, NO LIABILITY, AND FOREIGN CURRENCY CLAIMS)

> \* \* \*
> **TO THE CLAIMANTS LISTED ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION (AS DEFINED HEREIN) AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER.**
> \* \* \*

Grupo Aeroméxico S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Debtors'*

---

[1]     The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

*Ninth Omnibus Claims Objection to Proofs of Claim (Wrong Debtor, Incorrectly Classified, Misclassified Unliquidated, No Liability, and Foreign Currency Claims)* (the "**Objection**"), pursuant to the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Claims Objection Procedures Order**"). This Objection is supported by the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Ninth Omnibus Claims Objection to Proofs of Claim (Wrong Debtor, Incorrectly Classified, Misclassified Unliquidated, No Liability, and Foreign Currency Claims)* (the "**Sánchez Declaration**"), attached hereto as **Exhibit 2** and incorporated herein by reference. In further support of the Objection, the Debtors respectfully state as follows:

## Relief Requested

1.      By this Objection, and pursuant to sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Claims Objections Procedures Order, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**" and, if entered, the "**Order**"), disallowing, expunging, modifying, and/or reclassifying each of the claims identified on the schedules attached to the Proposed Order, as set forth therein.[2]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is

---

[2]      The schedules attached to the Proposed Order are incorporated herein by reference.

later determined that the Court, absent consent of the parties, cannot enter a final order or judgment

consistent with Article III of the United States Constitution.

3.    The legal predicates for the relief requested herein are sections 105 and 502 of the

Bankruptcy Code, and Bankruptcy Rule 3007.

4.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

### A.    **General Background**

5.    On June 30, 2020 (the "**Petition Date**"), the Debtors each commenced in this Court a

voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code.  The

Debtors are authorized to continue to operate their businesses and manage their properties as debtors

in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6.    The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes

only pursuant to Bankruptcy Rule 1015(b).

7.    On July 13, 2020, the United States Trustee formed an Official Committee of

Unsecured Creditors (the "**Creditors' Committee**") in the Chapter 11 Cases.  No trustee or

examiner has been appointed in the Chapter 11 Cases.

8.    The Court entered a (i) *Final Order Authorizing (I) Debtors to Honor Prepetition*

*Obligations to Customers and Related Third Parties and to Otherwise Continue Customer*

*Programs, (II) Relief from Stay to Permit Setoff in Connection with the Customer Programs and*

*(III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 205] (the

"**Customer Programs Order**"); (ii) *Final Order Authorizing (I) Debtors to Pay Certain Prepetition*

*Taxes, Governmental Assessments and Fees and (II) Financial Institutions to Honor and Process*

*Related Checks and Transfers* on July 29, 2020 [ECF No. 206] (the "**Taxes Order**"); (iii) *Final*

*Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed With Outstanding Workers' Compensation Claims And (III) Financial Institutions to Honor and Process Related Checks and Transfers* on July 30, 2020 [ECF No. 216] (the "**Wages Order**"); and (iv) *Final Order Authorizing (I) Payment of Certain Prepetition Claims of Critical Vendors and Foreign Vendors and (II) Financial Institutions to Honor and Process Related Checks and Transfers* on August 20, 2020 [ECF No. 309] (the "**Critical Vendors Order**" and together with the Customer Programs Order, Taxes Order, and Wages Order, the "**First Day Orders**").

9.      Detailed information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20], filed with the Court on the Petition Date.

**B.      Claims Resolution Process in the Chapter 11 Cases**

10.      On July 2, 2020, the Court entered an *Order Authorizing Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [ECF No. 47], thereby appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as the Debtors' claims and noticing agent in these Chapter 11 Cases.

11.      On August 25, 2020, the Debtors filed Grupo Aeroméxico's schedules of assets and liabilities and its statement of financial affairs [ECF Nos. 326–33], along with the schedules and statements of the remaining Debtors (collectively, the "**Chapter 11 Schedules**" and "**Statements**," respectively).[3]   On December 17, 2020, the Debtors filed amendments to certain of Grupo

---

[3]      The Chapter 11 Schedules and Statements of each Debtor were filed on their respective individual docket. *See*

Aeroméxico's Chapter 11 Schedules [ECF Nos. 737–40], along with amendments to certain Chapter 11 Schedules of the other Debtors.[4]   On January 15, 2021, Grupo Aeroméxico filed additional amendments to certain Chapter 11 Schedules [ECF Nos. 808–10].

12.     On November 18, 2020, the Court entered an *Order (I) Establishing Deadline for Filing Proofs of Claim and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof* [ECF No. 648] (the "**Bar Date Order**") establishing January 15, 2021 at 5:00 p.m. (prevailing Pacific Time) as the General Bar Date (as defined in the Bar Date Order) (the "**Bar Date**").

13.     On December 11, 2020, Epiq duly served the *Notice of Deadline Requiring Filing of Proofs of Claim on or Before January 15, 2021* (the "**Bar Date Notice**").  *See* Bowdler Aff., ECF No. 778.  Between December 14, 2020 and December 16, 2020, the Debtors caused the Bar Date Notice to be published in the *New York Times International Edition*, the *New York Times*, and the *Wall Street Journal*.  *See* Noblesala Aff., ECF No. 759; Noblesala Aff., ECF No. 760; Bell Aff., ECF No. 761.

14.     In the ordinary course of business, the Debtors maintain books and records (the "**Book and Records**") that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors.

15.     The Debtors' claims register (the "**Claims Register**"), prepared and maintained by Epiq, reflects that approximately 6,053 proofs of claim (collectively, the "**Proofs of Claim**") have been filed in the Chapter 11 Cases asserting claims against the Debtors (each a "**Claim**," and

---

*In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF Nos. 6–7; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 6–7; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 6–7.

[4]     These amendments were filed on each Debtor's respective individual docket.  *See In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF Nos. 10–11; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 10–11; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 10–11.

collectively, the "**Claims**"). The Debtors and their advisors are comprehensively reviewing and reconciling all Claims, including both the Claims listed on the Schedules (the "**Scheduled Claims**") and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in the Chapter 11 Cases. The Debtors and their advisors are also comparing the Claims asserted in the Proofs of Claims with the Debtors' Books and Records to determine the validity of the asserted Claims.

16.     This reconciliation process includes identifying particular categories of Claims that the Debtors believe should be reduced, reclassified, disallowed, or expunged. To avoid a possible double recovery or otherwise improper recovery by claimants, the Debtors will continue to file omnibus objections to such categories of Claims if and where warranted. This Objection is one such omnibus objection.

17.     On February 17, 2021, the Court entered the Claims Objection Procedures Order. On March 16, 2021, the Debtors filed their *First Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 985], *Second Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 986], and *Third Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 987]. On April 16, 2021, the Debtors filed their *Fourth Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 1074] and *Fifth Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 1075]. The Court subsequently entered orders granting each of these objections [ECF Nos. 1086–87, 1102, 1207–08]. On June 3, 2021, the Debtors filed their *Sixth Omnibus Claims Objection to Proofs of Claim (Satisfied Claims and Incorrectly Classified Claims)* [ECF No. 1265] and *Seventh Omnibus Claims Objection to Proofs of Claim (Wrong Debtor Claims)* [ECF No. 1266].

18.     The Debtors submit that this Objection, and the notice provided to claimants in connection hereto, are consistent with the Claims Objection Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules.

**Basis for Relief**

19.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

20.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Lehman Bros. Holdings, Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019); *In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).   Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *See In re Lehman Bros.*, 602 B.R. at 574.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  *See In re Dreier LLP*, 544 B.R. 760, 766 (Bankr. S.D.N.Y. 2016), *aff'd*, No. 08-15051 (SMB), 2016 WL 3920358 (S.D.N.Y. July 15, 2016), *aff'd*, 683 F. App'x 78 (2d Cir. 2017) (quoting *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 CIV. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (in turn quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992))).  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  *See In re Dreier*, 544 B.R. at 766.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *See id.*

21.    A court should not deem a claim to be allowable if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11. U.S.C. § 502(b)(1). A debtor may file an omnibus claims objection if all the claims being objected to fall under one of several listed categories as described in the Bankruptcy Rules and the Claims Objection Procedures Order. *See* Fed. R. Bankr. P. 3007(d); Claims Obj. Proc. Order, ¶ 2(a), ECF No. 904 (providing additional bases under which the Debtors may file omnibus claim objections).

**Objection**

### A.    **Wrong Debtor Claims**

22.    The Debtors object to the Claims listed on <u>Schedule 1</u> to the Proposed Order as they were each filed against the incorrect Debtor according to the Debtors' Books and Records (the "**Wrong Debtor Claims**"), and request that each Wrong Debtor Claim be modified as Claims against the proper Debtor(s).

23.    A court should not deem a claim to be allowable if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, the Claims Objection Procedures Order authorizes the Debtors to file omnibus claims objections to claims "filed against…the wrong Debtor." Claims Obj. Proc. Order, ¶ 2(a)(iii).

24.    After analyzing each of the Wrong Debtor Claims and reviewing the Books and Records, the Debtors have determined that the Wrong Debtor Claims have each been filed against the incorrect Debtor. In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries on a Claim against the incorrect Debtor, the Debtors seek to reclassify the Wrong Debtor Claims by reassigning the Claim from the Debtor against which such Claim was originally filed to the Debtor(s) identified in the "Correct Debtor(s)" column applicable thereto on <u>Schedule 1</u> to the Proposed Order.

8

**B.**    **Incorrectly Classified Claims**

25.    The Debtors object to the Claims listed on Schedule 2 to the Proposed Order and request that each such Claim be reclassified as set forth therein, as the claimant for each of these Claims is not entitled to the asserted status or other priority (the "**Incorrectly Classified Claims**").

26.    The Claims Objection Procedures Order authorizes the Debtors to file omnibus claims objections to Claims for which "[t]he claimant is not entitled to the asserted secured status or other priority."  Claims Obj. Proc. Order, ¶ 2(a)(v).  After analyzing each of the Incorrectly Classified Claims and any documentation provided therewith, and after reviewing the Books and Records, the Debtors have determined that each of the Incorrectly Classified Claims did not include sufficient documentation to support the asserted status or other priority and/or asserted a status or other priority that is not supported by the Bankruptcy Code or other applicable law.  The specific basis for objection to each Incorrectly Classified Claim is stated on Schedule 2 to the Proposed Order, in the column labeled "Reason."

27.    In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries on account of the Incorrectly Classified Claims at the expense of the Debtors and other creditors, the Debtors respectfully request that each of the Incorrectly Classified Claims be reclassified as set forth on Schedule 2 to the Proposed Order, in the corresponding row labeled "Modified Claim."

**C.**    **Misclassified Unliquidated Claims**

28.    The Debtors object to the Claims listed on Schedule 3 to the Proposed Order, each of which asserts an amount owed and indicates that the Claim or a portion thereof is unliquidated (the "**Misclassified Unliquidated Claims**").  Through this Objection, the Debtors seek to reclassify the Misclassified Unliquidated Claims as claims for fixed amounts that are not "unliquidated."  While

the Debtors at this time do not object to the stated amounts of such claims, the Debtors' Books and Records indicate that the Misclassified Unliquidated Claims are not unliquidated, nor are these claimants owed any additional unliquidated amounts in connection with their claims.

29.    Pursuant to the Claims Objection Procedures Order, the Debtors may file omnibus claims objections to claims that are "inconsistent with the Debtors' books and records" or fail to "specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim."  Claims Obj. Proc. Order, ¶ 2(a)(i)–(ii).

30.    To the extent the Misclassified Unliquidated Claims assert unliquidated claims, such amounts are inconsistent with the Debtors' Books and Records and are not supported by sufficient supporting documentation.  In order to preserve the integrity and accuracy of the Claims Register, and to avoid the claimants from improperly receiving additional recoveries on account of the Claim at the expense of the Debtors and other creditors, the Debtors request that the Misclassified Unliquidated Claims be reclassified as set forth on Schedule 3 to the Proposed Order, in the corresponding row labeled "Modified Claim."

**D.    Wrong Debtor and Incorrectly Classified Claims**

31.    The Debtors object to the Claims listed on Schedule 4 to the Proposed Order as (i) they were each filed against the incorrect Debtor according to the Debtors' Books and Records and (ii) the claimant for each of these Claims is not entitled to the asserted status or other priority (the "**Wrong Debtor and Incorrectly Classified Claims**"), and request that each Wrong Debtor and Incorrectly Classified Claim be reclassified as set forth on Schedule 4 to the Proposed Order.

32.    After analyzing each of the Wrong Debtor and Incorrectly Classified Claims and any documentation provided therewith, as well as reviewing the Books and Records, the Debtors have determined that the Wrong Debtor and Incorrectly Classified Claims (i) have each been filed against

10

the incorrect Debtor and (ii) did not include sufficient documentation to support the asserted status or other priority, and/or asserted a status or other priority that is not supported by the Bankruptcy Code or other applicable law. The specific basis for objecting to each Wrong Debtor and Incorrectly Classified Claim with respect to prong (ii) is stated on <u>Schedule 4</u> to the Proposed Order, in the column labeled "Reason."

33.     In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries on a Claim against the incorrect Debtor or on account of incorrectly classified claims at the expense of the Debtors and other creditors, the Debtors seek to modify and reclassify the Wrong Debtor and Incorrectly Classified Claims by modifying each such Claim as set forth on <u>Schedule 4</u> to the Proposed Order, in the corresponding row labeled "Modified Claim" so as to (i) reassign the Claim from the Debtor against which such Claim was originally filed to the correct Debtor(s) identified therein and (ii) remove unwarranted status or priority.

**E.      <u>Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim</u>**

34.     The Debtors object to the Claim listed on <u>Schedule 5</u> to the Proposed Order as (i) it was filed against the incorrect Debtor according to the Debtors' Books and Records, (ii) the claimant for this Claim is not entitled to the asserted status or other priority, and (iii) this Claim asserts that the Claim or a portion thereof is unliquidated and the Debtors' Books and Records indicate that the Claim is not unliquidated (the "**Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim**"), and request that the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim be modified and reclassified as set forth on <u>Schedule 5</u> to the Proposed Order.

35.     After analyzing the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim and any documentation provided therewith, as well as reviewing the Books and

Records, the Debtors have determined that the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim (i) has been filed against the incorrect Debtor, (ii) did not include sufficient documentation to support the asserted status or other priority and/or asserted a status or other priority that is not supported by the Bankruptcy Code or other applicable law, and (iii) states a claim for an unliquidated amount that is inconsistent with the Debtors' Books and Records and is not supported by sufficient supporting documentation. The specific basis for objection to the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim with respect to prong (ii) is stated on Schedule 5 to the Proposed Order, in the column labeled "Reason."

36. In order to preserve the integrity and accuracy of the Claims Register, and to avoid a claimant from improperly receiving a recovery on a Claim against the incorrect Debtor or on account of incorrectly classified claims at the expense of the Debtors and other creditors, the Debtors seek to modify and reclassify the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim by modifying such Claim as set forth on Schedule 5 to the Proposed Order, in the corresponding row labeled "Modified Claim" so as to (i) reassign the Claim from the Debtor against which such Claim was originally filed to the correct Debtor(s) identified therein, (ii) remove unwarranted status or priority, and (iii) remove any indication or classification that such Claim is "unliquidated."

F. **Incorrectly Classified and Misclassified Unliquidated Claims**

37. The Debtors object to the Claims listed on Schedule 6 to the Proposed Order as (i) the claimant for each of these Claims is not entitled to the asserted status or other priority and (ii) each such Claim asserts that the Claim or a portion thereof is unliquidated and the Debtors' Books and Records indicate that the Claim is not unliquidated (the "**Incorrectly Classified and Misclassified**

**Unliquidated Claims**"), and request that each Incorrectly Classified and Misclassified Unliquidated Claim be reclassified as set forth on Schedule 6 to the Proposed Order.

38.    After analyzing each of the Incorrectly Classified and Misclassified Unliquidated Claims and any documentation provided therewith, as well as reviewing the Books and Records, the Debtors have determined that the Incorrectly Classified and Misclassified Unliquidated Claims (i) did not include sufficient documentation to support the asserted status or other priority and/or asserted a status or other priority that is not supported by the Bankruptcy Code or other applicable law and (ii) state claims for unliquidated amounts that are inconsistent with the Debtors' Books and Records and are not supported by sufficient supporting documentation.  The specific basis for objecting to each Incorrectly Classified and Misclassified Unliquidated Claim with respect to prong (i) is stated on Schedule 6 to the Proposed Order, in the column labeled "Reason."

39.    In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries on account of incorrectly classified claims at the expense of the Debtors and other creditors, the Debtors seek to reclassify the Incorrectly Classified and Misclassified Unliquidated Claims by reclassifying such Claims as set forth on Schedule 6 to the Proposed Order, in the corresponding row labeled "Modified Claim" so as to remove (i) unwarranted status or priority and (ii) any indication or classification that such Claims are "unliquidated."

**G.    No Liability Claims**

40.    The Debtors object to the Claims listed on Schedule 7 to the Proposed Order (the "**No Liability Claims**") and request that each such Claim be disallowed and expunged in its entirety, as such Claims seek to recover amounts for which the Debtors are not liable.

41.    A court should not deem a claim to be allowable if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

After analyzing each of the No Liability Claims and reviewing the Books and Records, the Debtors have determined that each of the No Liability Claims (i) fails to establish a basis for a valid claim against the Debtors and (ii) seeks recovery for amounts for which the Debtors are not liable. The specific basis for objection to each No Liability Claim is stated on Schedule 7 to the Proposed Order, in the column labeled "Reason."

42.      In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries on account of the No Liability Claims at the expense of the Debtors and other creditors, the Debtors respectfully request that each of the No Liability Claims be disallowed and expunged in its entirety.

## H.      **Foreign Currency Claims**

43.      The Debtors object to the Claims set forth on Schedule 8 to the Proposed Order (the "**Foreign Currency Claims**") and request that each such Claim be converted to United States dollars as set forth therein, as such Claims were asserted in a currency other than United States dollars or Mexican pesos.

44.      The Claims Objection Procedures Order authorizes the Debtors to file omnibus claims objections to Claims filed in a currency other than United States dollars or Mexican Pesos. *See* Claims Obj. Proc. Order, ¶ 2(a)(iv). Nonetheless, through this Objection, the Debtors are *not* seeking to disallow the Foreign Currency Claims. Rather, the Debtors seek to convert such Claims to United States dollars by first converting such Claims to Mexican pesos, and then converting each such Claim from Mexican pesos to United States dollars, with each conversion based on the applicable conversion rate in place on the Petition Date from Banco de Mexico (Central Bank), as provided for in the Bar Date Order. *See* Bar Date Order, ¶ 8(c), n.4 ("Where a claim has been denominated in Mexican Pesos on a Proof of Claim, the Debtors will convert such claim to one

14

calculated in legal tender of the United States based upon the conversion rate in place as of the Petition Date from Banco de Mexico (Central Bank).").[5]

45.     Accordingly, the Debtors respectfully request that the Court modify the amount of each of the Foreign Currency Claims to reflect a Claim in United States dollars as set forth on Schedule 8 to the Proposed Order, in the corresponding row labeled "Modified Claim."

## Separate Contested Matters

46.     Each of the Claims and the Objection with respect thereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by this Court with respect to a request for disallowance, expungement, modification, and/or reclassification herein shall be deemed a separate order with respect to each Claim.

## Response to Omnibus Objections

47.     To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is received no later than the deadline set forth in the accompanying notice (the "**Response Deadline**").  All Responses shall be filed electronically with the Court on the docket of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC), in accordance with the Court's General Order M-399 (available on the Court's website at http://www.nysb.uscourts.gov), by registered users of the Court's electronic case filing system, and served (via email or otherwise) so as to be actually received on or before the Response Deadline upon:

---

[5]     Certain of the (i) Misclassified Unliquidated Claims, (ii) and Wrong Debtor and Incorrectly Classified Claims, and (iii) Incorrectly Classified and Misclassified Unliquidated Claims were also initially asserted in a currency other than United States dollars or Mexican pesos.  By this Objection, and as set forth in each applicable schedule attached to the Proposed Order, the Debtors also seek to convert such Claims to United State dollars using the methodology described in this section.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Attn:    Timothy Graulich (timothy.graulich@davispolk.com)
        Stephen D. Piraino (stephen.piraino@davispolk.com)
        Erik P. Jerrard (erik.jerrard@davispolk.com)
        Richard J. Steinberg (richard.steinberg@davispolk.com)
*Counsel to the Debtors*

-and-

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Attn:    Brett H. Miller (bmiller@willkie.com)
        Todd M. Goren (tgoren@willkie.com)
        Craig Damast (cdamast@willkie.com)
        Debra M. Sinclair (dsinclair@willkie.com)
*Counsel to the Creditors' Committee.*

48.    Every Response to this Objection must contain, at a minimum, the following information:

a.    A caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the Objection to which the response is directed;

b.    The name of the claimant and a description of the basis for the amount of the Claim;

c.    A concise statement setting forth the reasons why the Claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which will be relied on in opposing the Objection;

d.    All documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which will be relied on in opposing the Objection; and

e.    The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and

f.    The name, address, and telephone number of the person (which may be the claimant or their legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on the claimant's behalf.

16

49.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing, expunging, modifying and/or reclassifying their Claim(s), without further notice or a hearing.

### Reservation of Rights

50.     The Debtors expressly reserve the right to amend, modify, or supplement this Objection, including, without limitation, to modify the currency associated with each Claim set forth on the schedule(s) attached to the Proposed Order.  The Debtors further reserve their right to object to each of the: (i) Wrong Debtor Claims; (ii) the Incorrectly Classified Claims; (iii) the Misclassified Unliquidated Claims; (iv) the Wrong Debtor Claims and Incorrectly Classified Claims; (v) the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim; (vi) the Incorrectly Classified and Misclassified Unliquidated Claims; (vii) the No Liability Claims; and (viii) the Foreign Currency Claims on any other grounds that the Debtors discover or elect to pursue, unless such Claims are disallowed and expunged from the Claims Register.  The Debtors reserve their right to assert substantive and/or one or more additional non-substantive objections to the Claims at a later time.

51.     Notwithstanding anything contained in this Objection, or the exhibits or schedules attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (i) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the claimants subject to this Objection, (ii) enforce the Debtors' rights of setoff against the claimants relating to such avoidance actions, or (iii) seek disallowance pursuant to section 502(d) of the Bankruptcy Code of Claims of the claimants that are subject to such avoidance actions.

## Notice

52.     Notice of this Objection will be given to (i) the United States Trustee for the Southern District of New York; (ii) each of the parties listed on the schedules attached to the Proposed Order; (iii) each of the parties listed in paragraph 2(h) of the Claims Objection Procedures Order; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## No Prior Request

53.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated:    July 8, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Timothy Graulich* _____

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit 1 to Objection

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | Case No. 20-11563 (SCC) |
| **Debtors.**[1] | (Jointly Administered) |

## ORDER GRANTING DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (WRONG DEBTOR, INCORRECTLY CLASSIFIED, MISCLASSIFIED UNLIQUIDATED, NO LIABILITY, AND FOREIGN CURRENCY CLAIMS)

Upon the objection (the "**Objection**")[2] of the above-captioned Debtors, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking to (i) modify and/or reclassify the Claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4**, **Schedule 5**, **Schedule 6**, **Schedule 8** attached hereto, as described therein, and (ii) disallow and expunge the Claims identified on **Schedule 7** attached hereto; and upon the Sánchez Declaration, attached to the Objection as Exhibit 2; and the Court having jurisdiction to consider the matters raised in the Objection pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having authority to hear the matters raised in the Objection pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and consideration of the Objection and the relief requested therein being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and

---

[1]     The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2]     Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

proper notice of the Objection and opportunity for a hearing on the Objection having been given to

the parties listed therein, and it appearing that no other or further notice need be provided; and the

Court having reviewed and considered the Objection; and the Court having the opportunity to hold a

hearing on the Objection; and the Court having determined that the legal and factual bases set forth

in the Objection establish just cause for the relief granted herein; and the Court having found that the

relief granted herein being in the best interests of the Debtors, their creditors, and all other parties in

interest; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is hereby granted as set forth herein.

2.      The Wrong Debtor Claims identified on **Schedule 1** annexed hereto are hereby

modified as described therein such that each Wrong Debtor Claim is hereby reassigned from the

Debtor against which such Claim was originally filed to the Debtor(s) identified in the column

labeled "Correct Debtor(s)" applicable thereto on **Schedule 1**.

3.      The Incorrectly Classified Claims identified on **Schedule 2** annexed hereto are hereby

reclassified as described in the corresponding row labeled "Modified Claim" on **Schedule 2** and

shall not be considered administrative, secured, and/or priority status claims, as applicable, for any

purpose in the Chapter 11 Cases, except as provided on **Schedule 2**.

4.      The Misclassified Unliquidated Claims identified on **Schedule 3** annexed hereto are

hereby reclassified as described in the corresponding row labeled "Modified Claim" on **Schedule 3**

and shall not be considered unliquidated claims for any purpose in the Chapter 11 Cases.

5.      The Wrong Debtor and Incorrectly Classified Claims identified on **Schedule 4**

annexed hereto are hereby modified and reclassified as described in the corresponding row labeled

2

"Modified Claim" on **Schedule 4** and (i) shall be reassigned from the Debtor against which such

Claim was originally filed to the Debtor(s) identified therein in the row labeled "Modified Claim"

and (ii) shall not be considered administrative, secured, and/or priority status claims, as applicable,

for any purpose in the Chapter 11 Cases, except as provided on **Schedule 4**.

6.      The Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim

identified on **Schedule 5** annexed hereto is hereby modified and reclassified as described in the

corresponding row labeled "Modified Claim" on **Schedule 5** and (i) shall be reassigned from the

Debtor against which such Claim was originally filed to the Debtor identified therein in the row

labeled "Modified Claim," (ii) shall not be considered administrative, secured, and/or priority status

claims, as applicable, for any purpose in the Chapter 11 Cases, except as provided on **Schedule 5**

and (iii) shall not be considered an unliquidated claim for any purpose in the Chapter 11 Cases.

7.      The Incorrectly Classified and Misclassified Unliquidated Claims identified on

**Schedule 6** annexed hereto are hereby reclassified as described in the corresponding row labeled

"Modified Claim" on **Schedule 6** and shall not be considered (i) administrative, secured, and/or

priority status claims, as applicable, for any purpose in the Chapter 11 Cases, except as provided on

**Schedule 6** and (ii) unliquidated claims for any purpose in the Chapter 11 Cases.

8.      The No Liability Claims identified on **Schedule 7** annexed hereto are hereby

disallowed and expunged in their entirety.

9.      The Foreign Currency Claims identified on **Schedule 8** annexed hereto are hereby

modified as described in the corresponding row labeled "Modified Claim" on **Schedule 8**.

10.     All Claims listed on the schedules annexed hereto which were not asserted in United

States dollars are hereby modified to be Claims listed in United States dollars, as described in the

respective schedules attached hereto.

3

11.     This Order shall be deemed a separate Order with respect to each of the Claims identified on the schedules annexed hereto.  Any stay of this Order pending appeal by any claimants whose Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

12.     The Debtors, Epiq Corporate Restructuring, LLC, and the Clerk of this Court are authorized to take, or refrain from taking, any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

13.     Notwithstanding any Bankruptcy Rule, the Local Bankruptcy Rules for the Southern District of New York, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from, arising under, or related to the Chapter 11 Cases, to the fullest extent permitted by law, including, without limitation, to enforce this Order.

Dated:  _____, 2021
         New York, New York

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

4

## **Schedule 1 to Proposed Order**

### **Wrong Debtor Claims**

9th Omnibus Claims Objection

**Schedule 1**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Wrong Debtor Claims

| Ref | | Claim # | Transferred | Name and Address of Claimant | Wrong Debtor | Correct Debtor(s) | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 45 | No | 255 NORTH SAM HOUSTON HOTEL LLC C/O DRIFTWOOD HOSPITALITY MANAGEMENT LLC 11770 N US HWY 1, STE 202 NORTH PALM BEACH FL 33408 | Grupo Aeroméxico, S.A.B. de C.V. | Aerolitoral, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 48,829.36 | 48,829.36 USD | No |
| | Date Filed: | 8/10/2020 | | | | | | | | | | |
| 2 | | 190 | No | ABBY'S AIRCRAFT CATERING SERVICE 2700 GREENS RD, STE J500 HOUSTON TX 77032 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 795.96 | 795.96 USD | No |
| | Date Filed: | 12/28/2020 | | | | | | | | | | |
| 3 | | 174 | No | AIR CREW TRANSPORT INC 150 DAVIE BLVD, STE 401 FORT LAUDERDALE FL 33316 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 4,850.00 | 4,850.00 USD | No |
| | Date Filed: | 12/21/2020 | | | | | | | | | | |
| 4 | | 682 | No | AIRPORT TERMINAL SERVICES CANADIAN CO 7700 FORSYTH BLVD, STE 1800 SAINT LOUIS MO 63105 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 330,559.03 | 330,559.03 USD | No |
| | Date Filed: | 1/26/2021 | | | | | | | | | | |
| 5 | | 10290 | No | AMAZON ATTN DANIELLE LAPLANTE 202 WESTLAKE AVE N SEATTLE WA 98109 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 31,489.87 | 31,489.87 USD | No |
| | Date Filed: | 10/26/2020 | | | | | | | | | | |
| 6 | | 10167 | No | BACHUS & SON INC D/B/A YARDSTORE 725 E CENTRAL AVE WICHITA KS 67202 | Aerovias Empresa de Cargo, S.A. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 USD | No |
| | Date Filed: | 8/17/2020 | | | | | | | | | | |
| 7 | | 47 | No | CENTRAL TELEPHONE COMPANY - NEVADA D/B/A CENTRUYLINK COMMUNICATIONS LLC ATTN LEGAL BKY 1025 EL DORADO BLVD BROOMFIELD CO 80021 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 237.34 | 237.34 USD | No |
| | Date Filed: | 8/6/2020 | | | | | | | | | | |
| 8 | | 10662 | No | CITY OF AUSTIN, TEXAS C/O KAPLAN KIRSCH & ROCKWELL ATTN STEVEN OSIT 1675 BROADWAY, STE 2300 DENVER CO 80202 | Aerolitoral, S.A. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 147,563.47 | 147,563.47 USD | No |
| | Date Filed: | 12/24/2020 | | | | | | | | | | |
| 9 | | 10631 | No | COOP TAXI DE L'OUEST 570 MARSHALL DORVAL QC H9P 1C9 CANADA | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 101.68 | 101.68 USD | No |
| | Date Filed: | 12/23/2020 | | | | | | | | | | |

Page 1

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 1

## Wrong Debtor Claims

| Ref | Claim # | Transferred | Name and Address of Claimant | Wrong Debtor | Correct Debtor(s) | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 261 | No | DUNBAR SECURITY PRODUCTS INC 8525 KELSO DR, STE L ESSEX MD 21221 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 109.08 | 109.08 USD | No |
| | Date Filed: 1/11/2021 | | | | | | | | | | |
| 11 | 713 | No | DUTRIZ HERMANOS SA DE CV BOULEVARD SANTA ELENA, CALLE CONCHAGUA E IZALCO ANTIGUO CUSCATLAN LA LIBERTAD 1511 EL SALVADOR | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 739.00 | 0.00 | 739.00 USD | No |
| | Date Filed: 3/4/2021 | | | | | | | | | | |
| 12 | 265 | No | EDEN SPRINGS NEDERLAND BV EDELGASSTRAAT 50 ZOETERMEER 2-718SX THE NETHERLANDS | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 499.14 | 499.14 USD | No |
| | Date Filed: 1/11/2021 | | | | | | | | | | |
| 13 | 379 | No | FORMULARIOS DE MEXICO SA DE CV 33 AZTECAS NAUCALPAN DE JUAREZ EDOMEX 53150 MEXICO | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 6,468.60 | 6,468.60 USD | No |
| | Date Filed: 1/14/2021 | | | | | | | | | | |
| 14 | 10472 | No | GREENON CO LTD ROOM 506, 57-5, YANGSAN-RO YEONGDEUNGPO-GU SEOUL 07271 REPUBLIC OF KOREA | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,830.16 | 1,830.16 USD | No |
| | Date Filed: 12/15/2020 | | | | | | | | | | |
| 15 | 10023 | No | GRUPO PRONAIN SA DE CV AV LAS ROSAS, INT 71, CASA 3 COL AMPLIACION EL TRIUNFO DEL IZTAPALAPA CDMX 09438 MEXICO | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 11,380.25 | 0.00 | 0.00 | 11,380.25 USD | No |
| | Date Filed: 7/20/2020 | | | | | | | | | | |
| 16 | 12753 | No | HANAMI RESTAURANTS INC PO BOX 32307 RPO YVR TERMINAL RICHMOND BC V7B 1W2 CANADA | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,508.26 | 1,508.26 USD | No |
| | Date Filed: 1/11/2021 | | | | | | | | | | |
| 17 | 116 | No | HEICO COMPONENT REPAIR GROUP 7875 NW 64TH ST MIAMI FL 33166 | Grupo Aeroméxico, S.A.B. de C.V. | Aerolitoral, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 7,708.13 | 7,708.13 USD | No |
| | Date Filed: 10/26/2020 | | | | | | | | | | |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 1

## Wrong Debtor Claims

| Ref | Claim # | Transferred | Name and Address of Claimant | Wrong Debtor | Correct Debtor(s) | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 660 | No | HOGAN WINGS LIMITED ATTN PATRICK CHENG 1408 LIPPO SUN PLAZA, 28 CANTON RD TST, KOWLOON HONG KONG HONG KONG | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 3,921.25 | 3,921.25 USD | No |
| | Date Filed: 1/19/2021 | | | | | | | | | | |
| 19 | 469 | No | HOLMAN FENWICK WILLAN LLP (HFW LLP) AVENUE LOUISE 326 BOX 19 IXELLES 1050 BELGIUM | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 33,430.00 | 33,430.00 USD | No |
| | Date Filed: 1/14/2021 | | | | | | | | | | |
| 20 | 83 | No | JET AIRWAYS OF THE UNITED STATES INC ATTN TAMMY ZWICKI 1411 W 190TH ST, STE 100 GARDENA CA 90248 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovias Empresa de Cargo, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 27,877.00 | 27,877.00 USD | No |
| | Date Filed: 8/12/2020 | | | | | | | | | | |
| 21 | 10387 | No | LOS ANGELES WEST TERMINAL FUEL CORP C/O SHERMAN & HOWARD LLC ATTN SAM BALLINGRUD, ESQ 633 17TH ST, STE 3000 DENVER CO 80202 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 34,320.23 | 34,320.23 USD | No |
| | Date Filed: 12/11/2020 | | | | | | | | | | |
| 22 | 14132 | No | MBI BAGGAGE DELIVERY SERVICE & STORAGE ATTN ANNA DAVITIAN 2360 JUPITER DR LOS ANGELES CA 90046 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 4,048.00 | 4,048.00 USD | No |
| | Date Filed: 1/14/2021 | | | | | | | | | | |
| 23 | 11615 | No | MICHIGAN BELL TELEPHONE COMPANY C/O AT&T SERVICES INC ATTN KAREN A CAVAGNARO, LEAD PARALEGAL 1 AT&T WAY, RM 3A104 BEDMINSTER NJ 07921 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 2,912.22 | 2,912.22 USD | No |
| | Date Filed: 1/4/2021 | | | | | | | | | | |
| 24 | 10003 | No | MILWAUKEE COUNTY AIRPORT DIVISION C/O GENERAL MITCHELL INT'L AIRPORT ATTN TAMARA WICK 5300 S HOWELL AVE MILWAUKEE WI 53207 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,102.40 | 1,102.40 USD | No |
| | Date Filed: 7/14/2020 | | | | | | | | | | |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 1

## Wrong Debtor Claims

| Ref | Claim # | Transferred | Name and Address of Claimant | Wrong Debtor | Correct Debtor(s) | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 14362 | No | MISTERFLY<br>25, RUE DE PONTHIEU<br>PARIS FR 75008<br>FRANCE | Grupo Aeroméxico, S.A.B. de C.V. | Aervías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 3,035.40 | 3,035.40 USD | No |
| | Date Filed: | 1/15/2021 | | | | | | | | | |
| 26 | 11616 | No | PACIFIC BELL TELEPHONE COMPANY<br>C/O AT&T SERVICES INC<br>ATTN KAREN A CAVAGNARO, LEAD PARALEGAL<br>1 AT&T WAY, RM 3A104<br>BEDMINSTER NJ 07921 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovias Empresa de Cargo, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 2,666.24 | 2,666.24 USD | No |
| | Date Filed: | 1/4/2021 | | | | | | | | | |
| 27 | 10380 | No | PAN AMERICAN TOOL CORPORATION<br>5990 NW 31ST AVENUE<br>FORT LAUDERDALE FL 33309 | Grupo Aeroméxico, S.A.B. de C.V. | Aervías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 277.00 | 277.00 USD | No |
| | Date Filed: | 12/11/2020 | | | | | | | | | |
| 28 | 31 | No | PORT AUTHORITY OF NY & NJ, THE<br>ATTN PORT AUTHORITY LAW DEPT<br>4 WORLD TRADE CENTER<br>150 GREENWICH ST, 24TH FL<br>NEW YORK NY 10007 | Grupo Aeroméxico, S.A.B. de C.V. | Aervías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 195,904.71 | 195,904.71 USD | No |
| | Date Filed: | 7/16/2020 | | | | | | | | | |
| 29 | 20167 | No | POSADA DEL SOL SA<br>KM 9 1/2 CARRETERA NORTE<br>MANAGUA NI 11052<br>NICARAGUA | Grupo Aeroméxico, S.A.B. de C.V. | Aerolitoral, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 15,277.56 | 15,277.56 USD | Yes |
| | Date Filed: | 1/4/2021 | | | | | | | | | |
| 30 | 43 | No | RESIDENCE INN LV, HENDERSON/GREEN VALLEY<br>ATTN WENDY MOLTON<br>2190 OLYMPIC AVE<br>HENDERSON NV 89014 | Grupo Aeroméxico, S.A.B. de C.V. | Aervías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 48,666.84 | 48,666.84 USD | No |
| | Date Filed: | 8/10/2020 | | | | | | | | | |
| 31 | 11984 | No | RICOHJIMUKI CO LTD<br>CHITYODA KU<br>KANDAZINBOCHO 1-44-2<br>KANDA TNK BUILDING<br>TOKYO 101-0051<br>JAPAN | Grupo Aeroméxico, S.A.B. de C.V. | Aervías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 333.92 | 333.92 USD | Yes |
| | Date Filed: | 1/6/2021 | | | | | | | | | |

9th Omnibus Claims Objection

Schedule 1

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Wrong Debtor Claims

| Ref | | Claim # | Transferred | Name and Address of Claimant | Wrong Debtor | Correct Debtor(s) | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | | 7 | No | SEAL DYNAMICS LLC 2 ADAMS AVE HAUPPAUGE NY 11788-1178 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 126,524.04 | 126,524.04 USD | No |
| | Date Filed: | 7/9/2020 | | | | | | | | | | |
| | | | | | | Aerolitoral, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 16,548 | 16,548 USD | No |
| 33 | | 11613 | No | SOUTHWESTERN BELL TELEPHONE COMPANY C/O AT&T SERVICES INC ATTN KAREN A CAVAGNARO, LEAD PARALEGAL 1 AT&T WAY, RM 3A104 BEDMINSTER NJ 07921 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovias Empresa de Cargo, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 5,285.99 | 5,285.99 USD | No |
| | Date Filed: | 1/4/2021 | | | | | | | | | | |
| 34 | | 42 | No | TBITEC 380 WOLD WAY, BOX S-18 LOS ANGELES CA 90045 | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 108,162.93 | 108,162.93 USD | No |
| | Date Filed: | 8/6/2020 | | | | | | | | | | |
| 35 | | 81 | No | TRAVELODGE HOTEL BY WYNDHAM MONTREAL AIRPORT 7300 CH DE LA COTE-DE-LIESSE SAINT-LAURENT QC H4T 1E7 CANADA | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,646.96 | 1,646.96 USD | No |
| | Date Filed: | 9/8/2020 | | | | | | | | | | |
| 36 | | 718 | No | VIM GROUP BRAND IMPLEMENTATION BV HAZEMEYERSTRAAT 800 HENGELO NL 7555 RJ THE NETHERLANDS | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 1,227.00 | 1,227.00 USD | No |
| | Date Filed: | 3/12/2021 | | | | | | | | | | |
| 37 | | 248 | No | WORD FACTOR S C INSURGENTES SUR 859, STE 200 COL NAPOLES DEL BENITO JUAREZ 03810 MEXICO | Grupo Aeroméxico, S.A.B. de C.V. | Aerovías de México, S.A. de C.V. | 0.00 | 0.00 | 0.00 | 28,188.63 | 28,188.63 USD | No |
| | Date Filed: | 1/7/2021 | | | | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Wrong Debtor Claim Totals: | | Count: | USD | 37 | | 0.00 | 11,380.25 | 739.00 | 1,244,906.39 | 1,257,025.64 | |

Page 5

## **Schedule 2 to Proposed Order**

### **Incorrectly Classified Claims**

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 2

## Incorrectly Classified Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10062 | No | Aerovías de México, S.A. de C.V. | ANASAZI ORIGEN Y DISENO SA DE CV AV JOSE DEL PILAR 19 LOS VOLCANES NEZAHUALCOYOTL, EDOMEX 57450 MEXICO | 0.00 | 11,027.37 | 0.00 | 1,776.89 | 12,804.26 USD | No | Goods not delivered within 20 days |
| | **Date Filed:** 7/27/2020 | | | | | | | | | | |
| | **Modified Claim** 10062 | | | | 0.00 | 0.00 | 0.00 | 12,804.26 | 12,804.26USD | No | |
| 2 | 305 | No | Aerovías de México, S.A. de C.V. | ENLACTEC NEGOCIOS SA DE CV DINTELES 126 B ALCALDIA XOCHIMILCO CIUDAD DE MEXICO, MEXICO 16050 MEXICO | 13,184.91 | 0.00 | 0.00 | 0.00 | 13,184.91 USD | No | Insufficient documentation to support secured claim |
| | **Date Filed:** 1/8/2021 | | | | | | | | | | |
| | **Modified Claim** 305 | | | | 0.00 | 0.00 | 0.00 | 13,184.91 | 13,184.91 USD | No | |
| 3 | 14615 | No | Aerovías de México, S.A. de C.V. | HAMILTON SUNDSTRAND CORPORATION C/O COLLINS AEROSPACE ATTN DAWN SAVARESE 2730 W TYVOLA RD CHARLOTTE, NC 28217 | 0.00 | 9,243.12 | 0.00 | 269,125.17 | 278,368.29 USD | No | Goods not delivered within 20 days |
| | **Date Filed:** 1/15/2021 | | | | | | | | | | |
| | **Modified Claim** 14615 | | | | 0.00 | 0.00 | 0.00 | 278,368.29 | 278,368.29 USD | No | |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 2

## Incorrectly Classified Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | | 395 | No | Aerovías de México, S.A. de C.V. | ISO COMMUNICATIONS INC 6216 SLEEPY HOLLOW LN GURNEE, IL 60031 | 0.00 | 0.00 | 108.00 | 1,396.00 | 1,504.00 USD | No | Sales tax not entitled to priority status |
| | **Date Filed:** | 1/14/2021 | | | | | | | | | | |
| | **Modified Claim** | 395 | | | | 0.00 | 0.00 | 0.00 | 1,504.00 | 1,504.00 USD | No | |
| 5 | | 10061 | No | Aerovías de México, S.A. de C.V. | METROPOLITAN HOTELS SA 49A OESTE Y EUSEBIO A MORALES CIUDAD DE PANAMA 00507 PANAMA | 0.00 | 17,374.50 | 0.00 | 0.00 | 17,374.50 USD | No | No goods delivered, not entitled to 503(b)(9) claim |
| | **Date Filed:** | 7/27/2020 | | | | | | | | | | |
| | **Modified Claim** | 10061 | | | | 0.00 | 0.00 | 0.00 | 17,374.50 | 17,374.50 USD | No | |
| 6 | | 10013 | No | Aerolitoral, S.A. | PARKER-HANNIFIN CORPORATION 6035 PARKLAND BLVD CLEVELAND, OH 44124 | 0.00 | 5,534.07 | 0.00 | 10,048.30 | 15,582.37 USD | No | No goods delivered, not entitled to 503(b)(9) claim |
| | **Date Filed:** | 7/16/2020 | | | | | | | | | | |
| | **Modified Claim** | 10013 | | | | 0.00 | 0.00 | 0.00 | 15,582.37 | 15,582.37 USD | No | |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 2

## Incorrectly Classified Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | | 14804 | No | Aerovías de México, S.A. de C.V. | SID SOLUTIONS SA DE CV ATTN BENJAMIN FERNANDO GOMEZ TAGLE PACIFICO 185 COL LOS REYES, DEL COYOACAN CDMX 04330 MEXICO | 0.00 | 2,321.48 | 0.00 | 0.00 | 2,321.48 USD | No | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: | 3/5/2021 | | | | | | | | | | |
| | Modified Claim | 14804 | | | | 0.00 | 0.00 | 0.00 | 2,321.48 | 2,321.48 USD | No | |
| 8 | | 14805 | No | Aerovías de México, S.A. de C.V. | SID SOLUTIONS SA DE CV IXNALLI ACERETO PALACIOS PACIFICO 185 LOS REYES COYOACAN CDMX 04330 MEXICO | 0.00 | 5,663.42 | 0.00 | 0.00 | 5,663.42 USD | No | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: | 3/5/2021 | | | | | | | | | | |
| | Modified Claim | 14805 | | | | 0.00 | 0.00 | 0.00 | 5,663.42 | 5,663.42 USD | No | |
| 9 | | 10256 | No | Aerovías de México, S.A. de C.V. | THALES AVIONICS INC 140 CENTENNIAL AVE PISCATAWAY, NJ 08854 | 0.00 | 21,600.62 | 0.00 | 0.00 | 21,600.62 USD | No | Goods not delivered within 20 days |
| | Date Filed: | 9/29/2020 | | | | | | | | | | |
| | Modified Claim | 10256 | | | | 0.00 | 0.00 | 0.00 | 21,600.62 | 21,600.62 USD | No | |
| **Incorrectly Classified Claims Total** | | | **Count:** | **USD** | **9** | **13,184.91** | **72,764.58** | **108.00** | **282,346.36** | **368,295.85** | | |

## **Schedule 3 to Proposed Order**

**Misclassified Unliquidated Claims**

9th Omnibus Claims Objection

# Schedule 3

## Misclassified Unliquidated Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 20239 | Aerovías de México, S.A. de C.V. | ALMUNDO.COM SRL SANCHEZ DE LORIA 2395 PISO 7 CABA C1241ACU ARGENTINA | 0.00 | 0.00 | 0.00 | 5,960,880.00 | 5,960,880.00 ARS | Yes |
| | Date Filed: | 1/12/2021 | | | | | | | | |
| | Modified Claim: | 20239 | | | 0.00 | 0.00 | 0.00 | 84,613.08 | 84,613.08 USD | No |
| 2 | | 20046 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,844,470.70 | 1,844,470.70 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20046 | | | 0.00 | 0.00 | 0.00 | 26,181.76 | 26,181.76 USD | No |
| 3 | | 20047 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 551,625.72 | 551,625.72 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20047 | | | 0.00 | 0.00 | 0.00 | 7,830.18 | 7,830.18 USD | No |
| 4 | | 20048 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 63,000.00 | 63,000.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20048 | | | 0.00 | 0.00 | 0.00 | 894.27 | 894.27 USD | No |
| 5 | | 20049 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,254,974.01 | 1,254,974.01 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20049 | | | 0.00 | 0.00 | 0.00 | 17,814.02 | 17,814.02 USD | No |
| 6 | | 20050 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 63,050.00 | 63,050.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20050 | | | 0.00 | 0.00 | 0.00 | 894.98 | 894.98 USD | No |
| 7 | | 20051 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,205,685.21 | 1,205,685.21 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20051 | | | 0.00 | 0.00 | 0.00 | 17,114.38 | 17,114.38 USD | No |
| 8 | | 20052 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES 1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 63,430.00 | 63,430.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20052 | | | 0.00 | 0.00 | 0.00 | 900.37 | 900.37 USD | No |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 3

### Misclassified Unliquidated Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | | 20053 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,398,828.26 | 1,398,828.26 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20053 | | | 0.00 | 0.00 | 0.00 | 19,855.99 | 19,855.99 USD | No |
| 10 | | 20054 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 63,980.00 | 63,980.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20054 | | | 0.00 | 0.00 | 0.00 | 908.18 | 908.18 USD | No |
| 11 | | 20055 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 169,922.08 | 169,922.08 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20055 | | | 0.00 | 0.00 | 0.00 | 2,412.00 | 2,412.00 USD | No |
| 12 | | 20056 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 4,510.00 | 4,510.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20056 | | | 0.00 | 0.00 | 0.00 | 64.02 | 64.02 USD | No |
| 13 | | 20057 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 11,275.00 | 11,275.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20057 | | | 0.00 | 0.00 | 0.00 | 160.05 | 160.05 USD | No |
| 14 | | 20058 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 228,211.87 | 228,211.87 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20058 | | | 0.00 | 0.00 | 0.00 | 3,239.41 | 3,239.41 USD | No |
| 15 | | 20059 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 64,430.00 | 64,430.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20059 | | | 0.00 | 0.00 | 0.00 | 914.57 | 914.57 USD | No |
| 16 | | 20060 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,437,220.25 | 1,437,220.25 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20060 | | | 0.00 | 0.00 | 0.00 | 20,400.95 | 20,400.95 USD | No |
| 17 | | 20061 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 113,742.05 | 113,742.05 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20061 | | | 0.00 | 0.00 | 0.00 | 1,614.54 | 1,614.54 USD | No |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 3

## Misclassified Unliquidated Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 18 | | 20062 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 4,210.00 | 4,210.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20062 | | | 0.00 | 0.00 | 0.00 | 59.76 | 59.76 USD | No |
| 19 | | 20063 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 10,525.00 | 10,525.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20063 | | | 0.00 | 0.00 | 0.00 | 149.40 | 149.40 USD | No |
| 20 | | 20064 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 132,510.73 | 132,510.73 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20064 | | | 0.00 | 0.00 | 0.00 | 1,880.95 | 1,880.95 USD | No |
| 21 | | 20065 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 70,140.00 | 70,140.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20065 | | | 0.00 | 0.00 | 0.00 | 995.62 | 995.62 USD | No |
| 22 | | 20066 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,400.00 | 1,400.00 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20066 | | | 0.00 | 0.00 | 0.00 | 19.87 | 19.87 USD | No |
| 23 | | 20067 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,630,704.84 | 1,630,704.84 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20067 | | | 0.00 | 0.00 | 0.00 | 23,147.42 | 23,147.42 USD | No |
| 24 | | 20068 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 330,503.57 | 330,503.57 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20068 | | | 0.00 | 0.00 | 0.00 | 4,691.41 | 4,691.41 USD | No |
| 25 | | 20069 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 697.50 | 697.50 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20069 | | | 0.00 | 0.00 | 0.00 | 9.90 | 9.90 USD | No |
| 26 | | 20070 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 1,743.75 | 1,743.75 ARS | Yes |
| | Date Filed: | 11/6/2020 | | | | | | | | |
| | Modified Claim: | 20070 | | | 0.00 | 0.00 | 0.00 | 24.75 | 24.75 USD | No |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 3

### Misclassified Unliquidated Claims

| Ref | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|
| 27 | 20071 | Aerovías de México, S.A. de C.V. | CHIEMESE SA RECONQUISTA 737, 2ND FL D CABA, BUENOS AIRES  1003 ARGENTINA | 0.00 | 0.00 | 0.00 | 9,517.39 | 9,517.39 ARS | Yes |
| | Date Filed: 11/6/2020 | | | | | | | | |
| | Modified Claim: 20071 | | | 0.00 | 0.00 | 0.00 | 135.10 | 135.10 USD | No |
| 28 | 10068 | Aerovías de México, S.A. de C.V. | COMERCIALIZADORA CREDRUS SA DE CV PASEO DE LOS TAMARINDOS 400A PISO 21 COL BOSQUES DE LAS LOMAS DEL MIGUEL HIDALGO | 0.00 | 5,800.00 | 0.00 | 0.00 | 5,800.00 USD | Yes |
| | Date Filed: 7/28/2020 | | | | | | | | |
| | Modified Claim: 10068 | | MEXICO CITY MX  11700 MEXICO | 0.00 | 5,800.00 | 0.00 | 0.00 | 5,800.00 USD | No |
| 29 | 20177 | Aerovías de México, S.A. de C.V. | F24 SERVICIOS DE COMUNICACION SL AVENIDA DE EUROPA 26 ATICA 5 PLANTA 2 POZUELO DE ALARCON 28224 | 0.00 | 0.00 | 0.00 | 15,079.50 | 15,079.50 EUR | Yes |
| | Date Filed: 1/5/2021 | | | | | | | | |
| | Modified Claim: 20177 | | SPAIN | 0.00 | 0.00 | 0.00 | 16,902.61 | 16,902.61 USD | No |
| 30 | 10034 | Aerovías de México, S.A. de C.V. | HOTELERA CORDILLERA LUZ SPA CALLE LUZ 2920 COMUNA LAS CONDES SANTIAGO  7550024 | 0.00 | 0.00 | 0.00 | 32,860,601.00 | 32,860,601.00 CLP | Yes |
| | Date Filed: 7/21/2020 | | | | | | | | |
| | Modified Claim: 10034 | | CHILE | 0.00 | 0.00 | 0.00 | 39,946.05 | 39,946.05 USD | No |
| 31 | 14026 | Aerovías de México, S.A. de C.V. | MERCHEL PERU SAC CAL LAS AZUCENAS MZ H LOTE 24 MOSHA SJL SAN JUAN DE LURIGANCHO | 0.00 | 0.00 | 0.00 | 3,174.20 | 3,174.20 PEN | Yes |
| | Date Filed: 1/14/2021 | | | | | | | | |
| | Modified Claim: 14026 | | LIMA PERU | 0.00 | 0.00 | 0.00 | 898.23 | 898.23 USD | No |
| 32 | 20079 | Aerovías de México, S.A. de C.V. | OP DE NEGOCIOS INMOBILIARIA AURORA CARRETERA PANAMERICANA KM 11.1 EJIDO PENUELAS AGUASCALIENTES, AGU  20396 | 0.00 | 0.00 | 0.00 | 51.56 | 51.56 USD | Yes |
| | Date Filed: 11/25/2020 | | | | | | | | |
| | Modified Claim: 20079 | | MEXICO | 0.00 | 0.00 | 0.00 | 51.56 | 51.56 USD | No |
| 33 | 11984 | Grupo Aeroméxico, S.A.B. de C.V. | RICOHJIMUKI CO LTD CHITYODA KU KANDAZINBOCHO 1-44-2 KANDA TNK BUILDING | 0.00 | 0.00 | 0.00 | 333.92 | 333.92 USD | Yes |
| | Date Filed: 1/6/2021 | | | | | | | | |
| | Modified Claim: 11984 | | TOKYO 101-0051 JAPAN | 0.00 | 0.00 | 0.00 | 333.92 | 333.92 USD | No |
| 34 | 20111 | Aerovías de México, S.A. de C.V. | VIP CLASS AUTO SL OMEGA 46 PLANTA 7 PUERTA B MADRID  28032 SPAIN | 0.00 | 0.00 | 0.00 | 7,069.36 | 7,069.36 EUR | Yes |
| | Date Filed: 12/14/2020 | | | | | | | | |
| | Modified Claim: 20111 | | | 0.00 | 0.00 | 0.00 | 7,924.05 | 7,924.05 USD | No |

9th Omnibus Claims Objection

## Schedule 3

## Misclassified Unliquidated Claims

| Misclassified Unliquidated Claim Totals: | Count: | | | | | | |
|---|---|---|---|---|---|---|---|
| | | USD | 3 | 0.00 | 5,800.00 | 0.00 | 385.48 | 6,185.48 |
| | | ARS | 27 | 0.00 | 0.00 | 0.00 | 16,691,187.93 | 16,691,187.93 |
| | | CLP | 1 | 0.00 | 0.00 | 0.00 | 32,860,601.00 | 32,860,601.00 |
| | | EUR | 2 | 0.00 | 0.00 | 0.00 | 22,148.86 | 22,148.86 |
| | | PEN | 1 | 0.00 | 0.00 | 0.00 | 3,174.20 | 3,174.20 |

## Schedule 4 to Proposed Order

**Wrong Debtor and Incorrectly Classified Claims**

9th Omnibus Claims Objection

## Schedule 4

## Wrong Debtor and Incorrectly Classified Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 597 | No | Grupo Aeroméxico, S.A.B. de C.V. | AERO DISPATCH SERVICES LTD 41 ALBERT ST BELIZE CITY BELIZE | 6,697.87 | 0.00 | 0.00 | 0.00 | 6,697.87 USD | No | Insufficient documentation to support secured claim |
| **Date Filed:** 1/15/2021 | | | | | | | | | | | |
| **Modified Claim** | 597 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 6,697.87 | 6,697.87 USD | No | |
| 2 | 13363 | No | Grupo Aeroméxico, S.A.B. de C.V. | AISP E V WILHELM-LEUSCHNER-STRASSE 78 FRANKFURT AM MAIN, DE 60329 GERMANY | 0.00 | 0.00 | 839.13 | 0.00 | 839.13 EUR | No | Insufficient documentation to suport priority status |
| **Date Filed:** 1/13/2021 | | | | | | | | | | | |
| **Modified Claim** | 13363 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 940.58 | 940.58 USD | No | |
| 3 | 60 | No | Grupo Aeroméxico, S.A.B. de C.V. | JIMENEZ-LOPEZ, JAIME MAURICIO D/B/A AEROCAFE SACV PHOENIX, AZ 85012 USA | 0.00 | 0.00 | 43,979.70 | 0.00 | 43,979.70 USD | No | Insufficient documentation to suport priority status |
| **Date Filed:** 8/17/2020 | | | | | | | | | | | |
| **Modified Claim** | 60 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 6,019.16 | 6,019.16 USD | No | |
| **Modified Claim** | 60 | | Aerolitoral, S.A. De C.V | | 0.00 | 0.00 | 0.00 | 37,960.54 | 37,960.54 USD | No | |
| 4 | 147 | No | Grupo Aeroméxico, S.A.B. de C.V. | RDIT DE MEXICO S DE RL DE CV 228 HEGEL CIUDAD DE MEXICO 11570 MEXICO | 0.00 | 27,142.44 | 14,297.30 | 0.00 | 14,297.30 USD | Yes | Services not entitled to priority or 503(b)(9) claim |
| **Date Filed:** 12/14/2020 | | | | | | | | | | | |
| **Modified Claim** | 147 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 14,297.30 | 14,297.30 USD | No | |

Page 1

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 4

## Wrong Debtor and Incorrectly Classified Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 10043 | No | Grupo Aeroméxico, S.A.B. de C.V. | SAINT-GOBAIN PERFORMANCE PLASTICS CORP CV C/O PHILLIPS MURRA PC ATTN MARK E GOLMAN 3710 RAWLINS ST, STE 1420 DALLAS, TX 75219 USA | 0.00 | 22,288.00 | 0.00 | 0.00 | 22,288.00 USD | No | No goods delivered, not entitled to 503(b)(9) claim |
| **Date Filed:** | 7/23/2020 | | | | | | | | | | |
| **Modified Claim** | 10043 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 22,288.00 | 22,288.00 USD | No | |
| 6 | 714 | No | Grupo Aeroméxico, S.A.B. de C.V. | SALGADO, RENAN ALVAREZ #11 HDA SANTA ANA Y LOBOS BOSQUES DE ECHEGARAY MEXICO 53310 MEXICO | 0.00 | 0.00 | 31,696.76 | 0.00 | 31,696.76 USD | Yes | Insufficient documentation to suport priority status |
| **Date Filed:** | 1/13/2021 | | | | | | | | | | |
| **Modified Claim** | 714 | | Aerolitoral, S.A. De C.V. | | 0.00 | 0.00 | 0.00 | 31,696.76 | 31,696.76 USD | No | |
| 7 | 12007 | No | Grupo Aeroméxico, S.A.B. de C.V. | TEI INC 1-5-12,SHIBA, MINATO-KU TOP HAMAMATSUCHO. BLDG. 7F TOKYO 105-0014 JAPAN | 0.00 | 0.00 | 3,356.37 | 0.00 | 3,356.37 USD | No | Corporation not entitled to priority wage claim |
| **Date Filed:** | 1/7/2021 | | | | | | | | | | |
| **Modified Claim** | 12007 | | Aerovías de México, S.A. de C.V. | | 0.00 | 0.00 | 0.00 | 3,356.37 | 3,356.37 USD | No | |

| | | | Count: | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Wrong Debtor Claims and Incorrectly Classified Claim Totals** | | | **USD** | **6** | **6,697.87** | **49,430.44** | **93,330.13** | **0.00** | **149,458.44** | | |
| | | | **EUR** | **1** | **0.00** | **0.00** | **839.13** | **0.00** | **839.13** | | |

Page 2

## **Schedule 5 to Proposed Order**

**Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim**

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 3

## Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 13367 | Grupo Aeroméxico, S.A.B. De C.V. | PECTRA TECHNOLOGY INC | 0.00 | 12,980.00 | 0.00 | 0.00 | 12,980.00 USD | Yes | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: | 1/13/2021 | | 101 E PARK BLVD SE, #413 24 PLANO, TX 75074 USA | | | | | | | |
| | Modified Claim: | 13367 | Aerovías De México, S.A. De C.V. | | 0.00 | 0.00 | 0.00 | 12,980.00 | 12,980.00 USD | No | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim Totals** | **USD** | **Count:  1** | | **0.00** | **12,980.00** | **0.00** | **0.00** | **12,980.00 USD** | |

Page 1

## **Schedule 6 to Proposed Order**

**Misclassified Unliquidated and Incorrectly Classified Claims**

**Schedule 6**

## Incorrectly Classified and Misclassified Unliquidated Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[1] | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 20263 | No | Aerovías De México, S.A. De C.V. | AGENCIA DE VIAJES TURAVION SPA AV APOQUINDO 3000 PISO 11, OFICINA 1102 SANTIAGO 7550000, CHILE | 0.00 | 2,310.00 | 0.00 | 0.00 | 2,310.00 USD | Yes | No goods delivered, not entitled to 503(b)(9) claim |
| | **Date Filed:** | 1/13/2021 | | | | | | | | | | |
| | **Modified Claim** | 20263 | | | | 0.00 | 0.00 | 0.00 | 2,310.00 | 2,310.00 USD | No | |
| 2 | | 20081 | No | Aerovías De México, S.A. De C.V. | AYG DESARROLLOS TECNOLOGICOS S DE RL DE SIENA NO 37 COL RESIDENCIAL ACOXPA TLALPAN MÉXICO, DF 14300, MÉXICO | 0.00 | 3,240.00 | 0.00 | 0.00 | 3,240.00 USD | Yes | Goods not delivered within 20 days |
| | **Date Filed:** | 12/9/2020 | | | | | | | | | | |
| | **Modified Claim** | 20081 | | | | 0.00 | 0.00 | 0.00 | 3,240.00 | 3,240.00 USD | No | |
| 3 | | 20082 | No | Aerovias Empresa De Cargo, S.A. De C.V. | AYG DESARROLLOS TECNOLOGICOS S DE RL DE SIENA NO 37 COL RESIDENCIAL ACOXPA TLALPAN, CIUDAD DE MEXICO MEXICO, DF 14300, MEXICO | 0.00 | 375.00 | 0.00 | 0.00 | 375.00 USD | Yes | Goods not delivered within 20 days |
| | **Date Filed:** | 12/9/2020 | | | | | | | | | | |
| | **Modified Claim** | 20082 | | | | 0.00 | 0.00 | 0.00 | 375.00 | 375.00 USD | No | |
| 4 | | 20015 | No | Aerovías De México, S.A. De C.V. | CJKCONSULTING AND AVIATION SERVICES RICARDO MARGAIN 444 COL VALLE DEL CAMPESTRE SAN PEDRO GARZA GARCIA MONTERREY, NL, 66265, MX | 0.00 | 0.00 | 3,771.98 | 0.00 | 3,771.98 USD | Yes | Insufficient documentation to support priority status |
| | **Date Filed:** | 8/26/2020 | | | | | | | | | | |
| | **Modified Claim** | 20015 | | | | 0.00 | 0.00 | 0.00 | 3,771.98 | 3,771.98 USD | No | |

Notes:

1. Pursuant to ¶ 8(d), n.4 of the Bar Date Order, the Debtors have converted certain claims which were originally denominated in Mexican pesos to the legal tender of the United States, based upon the conversion rate in place as of the Petition Date from Banco de Mexico (Central Bank).

9th Omnibus Claims Objection

## Schedule 6

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Incorrectly Classified and Misclassified Unliquidated Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[1] | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 14600 | No | Aerovías De México, S.A. De C.V. | HOSTAL DEL SOL SA DE CV SM 305, COLONIA LAGOS DEL SOL BLVD LUIS DONALDO COLOSIO MZA 1 LOTE 2Y3 INT COND S 2 2, BENITO JUAREZ CANCUN QR 77533, MEXICO | 0.00 | 0.00 | 5,961.58 | 0.00 | 5,961.58 USD | Yes | Insufficient documentation to support priority status |
| | Date Filed: 1/15/2021 | | | | | | | | | | |
| | Modified Claim 14600 | | | | 0.00 | 0.00 | 0.00 | 5,961.58 | 5,961.58 USD | No | |
| 6 | 20150 | No | Aerovias Empresa De Cargo, S.A. De C.V. | INCOE TECNOSERVICIOS SA DE CV ENRIQUE DIAZ DE LEON NUMERO 1288 COL DEL FRESNO GUADALAJARA, JA 44900 | 0.00 | 9,400.55 | 0.00 | 0.00 | 9,400.55 USD | Yes | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: 12/28/2020 | | | | | | | | | | |
| | Modified Claim 20150 | | | | 0.00 | 0.00 | 0.00 | 9,400.55 | 9,400.55 USD | No | |
| 7 | 20154 | No | Aerovías De México, S.A. De C.V. | INCOE TECNOSERVICIOS SA DE CV ATTN ENRIQUE DIAZ DE LEON NUMERO 1288 COLONIA DEL FRESNO GUADALAJARA, JA 44990 MEXICO | 0.00 | 2,072.73 | 0.00 | 0.00 | 2,072.73 USD | Yes | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: 12/30/2020 | | | | | | | | | | |
| | Modified Claim 20154 | | | | 0.00 | 0.00 | 0.00 | 2,072.73 | 2,072.73 USD | No | |
| 8 | 20497 | No | Aerovías De México, S.A. De C.V. | J J ROCA SAS ONE ROCA PLAZA AVENUE, AEROPUERTO INT. LAS AMERICAS SANTO DOMINGO 2417 DOMINICAN REPUBLIC | 38,896.09 | 0.00 | 0.00 | 0.00 | 38,896.09 USD | Yes | Insufficient documentation to support secured claim |
| | Date Filed: 1/22/2021 | | | | | | | | | | |
| | Modified Claim 20497 | | | | 0.00 | 0.00 | 0.00 | 38,896.09 | 38,896.09 USD | No | |
| 9 | 14785 | No | Aerolitoral, S.A. | LIMPIEZA E IMAGEN AERONAUTICA SA DE CV AV DE LOS VALLES #12 FRACCIONAMIENTO ATLANTA 1A SECCION CUAUTITLAN IZCALLI EDOMEX 54740 MEXICO | 9,376.41 | 0.00 | 0.00 | 0.00 | 9,376.41 USD | Yes | Insufficient documentation to support secured claim |
| | Date Filed: 2/22/2021 | | | | | | | | | | |
| | Modified Claim 14785 | | | | 0.00 | 0.00 | 0.00 | 9,376.41 | 9,376.41 USD | No | |

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 6

## Incorrectly Classified and Misclassified Unliquidated Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[1] | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | | 14786 | No | Aerovías De México, S.A. De C.V. | LIMPIEZA E IMAGEN AERONAUTICA SA DE CV AV DE LOS VALLES #12 FRACCIONAMIENTO ATLANTA 1A SECCION CUAUTITLAN IZCALLI EDOMEX 54740 MEXICO | 1,329.85 | 0.00 | 0.00 | 0.00 | 1,329.85 USD | Yes | Insufficient documentation to support secured claim |
| | Date Filed: | 2/22/2021 | | | | | | | | | | |
| | Modified Claim | 14785 | | | | 0.00 | 0.00 | 0.00 | 1,329.85 | 1,329.85 USD | No | |
| 11 | | 20245 | No | Aerovías De México, S.A. De C.V. | PACHECO, JOSE DAVID CLARO CRA 7A #126A 38 OF 202 BOGOTA 110111 COLOMBIA | 576,000.00 | 0.00 | 0.00 | 0.00 | 576,000.00 COP | Yes | Insufficient documentation to support secured or priority status |
| | Date Filed: | 1/12/2021 | | | | | | | | | | |
| | Modified Claim | 20245 | | | | 0.00 | 0.00 | 0.00 | 153.62 | 153.62 USD | No | |
| 12 | | 10035 | No | Aerovias Empresa De Cargo, S.A. De C.V. | PF BIO PLASTIC BAG SA DE CV VIVEROS DE XOCHIMILCO #17 VIVEROS DE LA LOMA TLALNEPANTLA, 54080, MX | 0.00 | 59,095.04 | 0.00 | 0.00 | 59,095.04 USD | Yes | Only partial amount of goods delivered within 20 days |
| | Date Filed: | 7/21/2020 | | | | | | | | | | |
| | Modified Claim | 10035 | | | | 0.00 | 4,064.19 | 0.00 | 55,030.85 | 59,095.04 USD | No | |
| 13 | | 10030 | No | Aerovías De México, S.A. De C.V. | PF BIO PLASTIC BAG, SA DE CV VIVEROS DE XOCHIMILCO #17 VIVEROS DE LA LOMA TLALNEPANTLA, 54080, MX | 0.00 | 132,057.65 | 0.00 | 0.00 | 132,057.65 USD | Yes | Goods not delivered within 20 days |
| | Date Filed: | 7/20/2020 | | | | | | | | | | |
| | Modified Claim | 10030 | | | | 0.00 | 0.00 | 0.00 | 132,057.65 | 132,057.65 USD | No | |
| 14 | | 10042 | No | Aerovías De México, S.A. De C.V. | PROMEXCOM WORLD PROMOTIONALS SA DE CV AV 16 DE SEPTIEMBRE NO 784 INT EX2-201 INDUSTRIAL ALICE BLANCO NAUCALPAN DE JUAREZ 53370, MEXICO | 0.00 | 25,923.69 | 0.00 | 0.00 | 25,923.69 USD | Yes | Goods not delivered within 20 days |
| | Date Filed: | 7/22/2020 | | | | | | | | | | |
| | Modified Claim | 10042 | | | | 0.00 | 0.00 | 0.00 | 25,923.69 | 25,923.69 USD | No | |

9th Omnibus Claims Objection

**Schedule 6**

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Incorrectly Classified and Misclassified Unliquidated Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[1] | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | | 10310 | No | Aerovías De México, S.A. De C.V. | PROMO ZALE SA DE CV ESTADO DE MEXICO, 15 53550 | 0.00 | 3,868.46 | 0.00 | 0.00 | 3,868.46 USD | Yes | Goods not delivered within 20 days |
| | Date Filed: | 12/8/2020 | | | | | | | | | | |
| | Modified Claim | 10310 | | | | 0.00 | 0.00 | 0.00 | 3,868.46 | 3,868.46 USD | No | |
| 16 | | 11791 | No | Aerovías De México, S.A. De C.V. | RDIT DE MEXICO S DE RL DE CV HEGEL 228 PISO 6 MIGUEL HIDALGO CIUDAD DE MEXICO, 11570 MÉXICO | 0.00 | 14,297.30 | 0.00 | 0.00 | 14,297.30 USD | Yes | No goods delivered, not entitled to 503(b)(9) claim |
| | Date Filed: | 1/5/2021 | | | | | | | | | | |
| | Modified Claim | 11791 | | | | 0.00 | 0.00 | 0.00 | 14,297.30 | 14,297.30 USD | No | |
| 17 | | 10242 | No | Aerovías De México, S.A. De C.V. | VINA SANTA CAROLINA SA TIL TIL 2228, MACUL SANTIAGO, 7810130, CHILE | 0.00 | 14,112.00 | 0.00 | 0.00 | 14,112.00 USD | Yes | Goods not delivered within 20 days |
| | Date Filed: | 9/23/2020 | | | | | | | | | | |
| | Modified Claim | 10242 | | | | 0.00 | 0.00 | 0.00 | 14,112.00 | 14,112.00 USD | No | |
| | Incorrectly Classified Total | | Count | USD COP | 16 1 | 49,602.35 576,000.00 | 266,752.42 0.00 | 9,733.56 0.00 | 0.00 0.00 | 326,088.33 576,000.00 | | |

## **Schedule 7 to Proposed Order**

**No Liability Claims**

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 7

## No Liability Claims

| Ref | | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total[1] | Unliquidated | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 10044 | Grupo Aeroméxico, S.A.B. de C.V. | AEROSPACE RESOURCE GROUP C/O GLASSRATNER ATTN THOMAS SANTORO 200 E BROWARD BLVD, STE 1010 FORT LAUDERDALE, FL 33301 | 53,490.00 | 0.00 | 0.00 | 0.00 | 53,490.00 USD | No | Insufficient documentation provided to substantiate claim |
| | Date Filed: | 7/23/2020 | | | | | | | | | |
| 2 | | 14838 | Grupo Aeroméxico, S.A.B. de C.V. | ROTHAMSTED RESEARCH LTD WEST COMMON HARPENDEN, HE AL5 2JQ UNITED KINGDOM | 0.00 | 0.00 | 0.00 | 1,370.99 | 1,370.99 USD | No | Insufficient documentation provided to substantiate claim |
| | Date Filed: | 4/6/2021 | | | | | | | | | |
| | No Liability Claim Total | Count: | USD | 2 | 53,490.00 | 0.00 | 0.00 | 1,370.99 | 54,860.99 | | |

## **Schedule 8 to Proposed Order**

### **Foreign Currency Claims**

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 8

## Foreign Currency Claims

| Ref | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 14412 | No | Aerovías de México, S.A. de C.V. | BAILLY SAS - A L'OLIVIER C/O COFACE NORTH AMERICA INSURANCE CO 650 COLLEGE RD E, STE 2005 | 0.00 | 0.00 | 0.00 | 13,178.88 | 13,178.88 EUR | No |
| | Date Filed: 1/15/2021 | | | | | | | | | |
| | Modified Claim | 14412 | | PRINCETON NJ 08540 | 0.00 | 0.00 | 0.00 | 14,772.21 | 14,772.21 USD | No |
| 2 | 11929 | No | Aerovias Empresa de Cargo, S.A. de C.V. | CHAMP CARGOSYSTEMS GMBH C/O CHAMP CARGOSYSTEMS SA 2 RUE EDMOND REUTER CONTERN L 5326 | 0.00 | 0.00 | 0.00 | 44,000.00 | 44,000.00 EUR | No |
| | Date Filed: 1/6/2021 | | | | | | | | | |
| | Modified Claim | 11929 | | LUXEMBOURG | 0.00 | 0.00 | 0.00 | 49,319.60 | 49,319.60 USD | No |
| 3 | 20074 | No | Aerovías de México, S.A. de C.V. | GLOBALIA HANDLING SAU CARRETERA ARENAL LLUCMAJOR KM 215 LLUCMAJOR ES 07620 | 0.00 | 0.00 | 0.00 | 157.41 | 157.41 EUR | No |
| | Date Filed: 11/23/2020 | | | | | | | | | |
| | Modified Claim | 20074 | | SPAIN | 0.00 | 0.00 | 0.00 | 176.44 | 176.44 USD | No |
| 4 | 671 | No | Aerovías de México, S.A. de C.V. | GRAND AND TOY 200 AVIVA PARK DR VALIGHAN ON L4L 9C7 CANADA | 0.00 | 0.00 | 0.00 | 882.98 | 882.98 CAD | No |
| | Date Filed: 1/21/2021 | | | | | | | | | |
| | Modified Claim | 671 | | | 0.00 | 0.00 | 0.00 | 641.21 | 641.21 USD | No |
| 5 | 20076 | No | Aerovías de México, S.A. de C.V. | GROUNDFORCE BCN 2015 UTE COMP AEROPUERTO DEL EL PRAT DE BARCELONA SN, OFICINA 253, TERMINAL 1 | 0.00 | 0.00 | 0.00 | 42,813.81 | 42,813.81 EUR | No |
| | Date Filed: 11/23/2020 | | | | | | | | | |
| | Modified Claim | 20076 | | BARCELONA 08820 SPAIN | 0.00 | 0.00 | 0.00 | 47,990.01 | 47,990.01 USD | No |
| 6 | 20075 | No | Aerovías de México, S.A. de C.V. | GROUNDFORCE MAD 2015 UTE AEROPUERTO DE MADRID BARAJAS SN OFICINA AIR EUROPA GROUNDFORCE | 0.00 | 0.00 | 0.00 | 45,766.92 | 45,766.92 EUR | No |
| | Date Filed: 11/23/2020 | | | | | | | | | |
| | Modified Claim | 20075 | | TERMINAL 2 MADRID 28042 SPAIN | 0.00 | 0.00 | 0.00 | 51,300.14 | 51,300.14 USD | No |

Page 1

9th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Schedule 8

## Foreign Currency Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | | 20418 | No | Aerovías de México, S.A. de C.V. | LAXMI INVESTMENT CANTABRIA SL | 0.00 | 0.00 | 0.00 | 1,449.92 | 1,449.92 EUR | No |
| | Date Filed: | 1/15/2021 | | | AVDA. LUIS DE LA CONCHA Nº 28 BAJO 1 | | | | | | |
| | Modified Claim | 20418 | | | RENEDO DE PIELAGOS ES 39470 SPAIN | 0.00 | 0.00 | 0.00 | 1,625.22 | 1,625.22 USD | No |
| 8 | | 13426 | No | Aerovías de México, S.A. de C.V. | LUFTHANSA CITY CENTER REISEBUROPARTNER | 0.00 | 0.00 | 0.00 | 4,216.03 | 4,216.03 EUR | No |
| | Date Filed: | 1/13/2021 | | | LYONER STR. 36 FRANKFURT 60528 | | | | | | |
| | Modified Claim | 13426 | | | GERMANY | 0.00 | 0.00 | 0.00 | 4,725.75 | 4,725.75 USD | No |
| 9 | | 10022 | No | Aerovías de México, S.A. de C.V. | MIDDLEBURY INVEST SL ATTN MARCOS MARIN | 0.00 | 0.00 | 0.00 | 158,122.80 | 158,122.80 EUR | No |
| | Date Filed: | 7/20/2020 | | | AVENIDA DIAGONAL 205 BARCELONA  08018 | | | | | | |
| | Modified Claim | 10022 | | | SPAIN | 0.00 | 0.00 | 0.00 | 177,239.85 | 177,239.85 USD | No |
| 10 | | 10585 | No | Aerovías de México, S.A. de C.V. | TOURCOM 20 BOULEVARD MONTMARTRE | 0.00 | 0.00 | 0.00 | 3,798.00 | 3,798.00 EUR | No |
| | Date Filed: | 12/21/2020 | | | PARIS, 75009 FRANCE | | | | | | |
| | Modified Claim | 10585 | | | | 0.00 | 0.00 | 0.00 | 4,257.18 | 4,257.18 USD | No |
| 11 | | 20174 | No | Aerovías de México, S.A. de C.V. | TRANSGLOBAL SA C ROGER DE LLURIA 117 BAJOS | 0.00 | 0.00 | 0.00 | 290.40 | 290.40 EUR | No |
| | Date Filed: | 1/5/2021 | | | BARCELONA  08037 SPAIN | | | | | | |
| | Modified Claim | 20174 | | | | 0.00 | 0.00 | 0.00 | 325.51 | 325.51 USD | No |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Foreign Currency Claim Totals** | **Count:** | **CAD** | **1** | **0.00** | **0.00** | **0.00** | **882.98** | **882.98** |
| | | **EUR** | **10** | **0.00** | **0.00** | **0.00** | **313,794.18** | **313,794.18** |

Page 2

## Exhibit 2 to Objection

### Sánchez Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.,* | Case No. 20-11563 (SCC) |
| **Debtors.**[1] | (Jointly Administered) |

**DECLARATION OF RICARDO JAVIER SÁNCHEZ BAKER IN SUPPORT OF THE
DEBTORS' NINTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
(WRONG DEBTOR, INCORRECTLY CLASSIFIED, MISCLASSIFIED
UNLIQUIDATED, NO LIABILITY, AND FOREIGN CURRENCY CLAIMS)**

I, Ricardo Javier Sánchez Baker, hereby declare that the following is true to the best of my

knowledge, information and belief:

### Background

1.      I am the Chief Financial Officer of Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo**

**Aeroméxico**"), and its affiliates that are debtors and debtors in possession in these proceedings

(collectively, the "**Debtors**;" the Debtors collectively with their direct and indirect non-Debtor

subsidiaries, the "**Company**").  I have held several other positions at the Company since 2006,

including serving as advisor to the Chief Executive Officer and Director of Revenue Management.  I

have been the chairman of the board of directors of the SABRE Corporation, a member of the SEAT

Technical Committee, and a member of the Aeromexpress, CECAM, and PLM boards of directors.  I

have held various positions within the Federal Public Administration (*Administración Pública*

*Federal*), including deputy director general of public debt for the Ministry of Finance and Public

Credit in 2003 and 2005.  I hold a bachelor's degree in economics from the Universidad

---

[1]      The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

Iberoamericana, a diploma in finance from Instituto Tecnológico Autónomo de México, and master's and doctorate degrees in economics from the University of California, Los Angeles. I am familiar with the day-to-day operations, business, and financial affairs of the Debtors.

2.      I submitted the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20] (the "**Sánchez First Day Declaration**"). I make this declaration (the "**Declaration**") in support of the *Debtors' Ninth Omnibus Claims Objection to Proofs of Claim (Wrong Debtor, Incorrectly Classified, Misclassified Unliquidated, No Liability, and Foreign Currency Claims)* (the "**Objection**"). I have reviewed the Objection or have otherwise had its contents explained to me, and the Objection is, to the best of my knowledge, accurate.

3.      Except as otherwise indicated, all facts set forth in the Objection and this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge, and information concerning the operations of the Debtors and the aviation industry as a whole. If I were called upon to testify, I could and would testify to each of the facts set forth herein.

4.      I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and Books and Records[2] that reflect, among other things, the Debtors' liabilities, and the amount thereof owed to their creditors as of the Petition Date. I have read the Objection and corresponding Proposed Order, each filed contemporaneously herewith.

5.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Claims, the Debtors and other reviewing parties have reviewed the Debtors' Books and Records, the relevant Proofs of Claim, as well as the supporting

---

[2]      Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

2

documentation provided by the claimants, and determined that the: (i) Wrong Debtor Claims; (ii) the Incorrectly Classified Claims; (iii) the Misclassified Unliquidated Claims; (iv) the Wrong Debtor Claims and Incorrectly Classified Claims; (v) the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim; (vi) the Incorrectly Classified and Misclassified Unliquidated Claims; (vii) the No Liability Claims; and (viii) the Foreign Currency Claims should be disallowed, expunged, modified, reclassified, or otherwise treated as set forth in the Objection and Proposed Order. I believe the disallowance, reclassification, or treatment of the claims listed on the schedules attached to the Proposed Order on the terms set forth in the Objection and Proposed Order is appropriate.

## **Wrong Debtor Claims**

6.      To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Wrong Debtor Claim, the Debtors have determined that the Wrong Debtor Claims have each been filed against the wrong Debtor(s). If the Wrong Debtor Claims identified on <u>Schedule 1</u> to the Proposed Order are not modified, the claimants identified therein may improperly receive recoveries on a Claim against the incorrect Debtor. Accordingly, I believe it is proper for the Court to enter the Proposed Order modifying the Wrong Debtor Claims as set forth therein and in the Objection.

## **Incorrectly Classified Claims**

7.      To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Incorrectly Classified Claim, the Debtors have determined that the claimant for each of these Claims is not entitled to the asserted status or other priority identified in the Claim. If the Incorrectly Classified Claims identified on <u>Schedule 2</u>, to the Proposed Order are not properly reclassified as set forth therein, the claimants identified

3

therein may improperly receive recoveries on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order reclassifying these Claims as set forth therein and in the Objection.

### Misclassified Unliquidated Claims

8.    To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Misclassified Unliquidated Claim, the Debtors have determined that such Claims incorrectly indicate that all or a portion thereof are "unliquidated" as such classification is inconsistent with the Debtors' Books and Records. If the Misclassified Unliquidated Claims identified on Schedule 3 to the Proposed Order are not properly reclassified as set forth therein, the claimants identified therein may receive additional recoveries on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order reclassifying these Claims as set forth therein and in the Objection so as to remove any indication or classification that such claims are "unliquidated."

### Wrong Debtor and Incorrectly Classified Claims

9.    To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Wrong Debtor and Incorrectly Classified Claim, the Debtors have determined that (i) the Wrong Debtor and Incorrectly Classified Claims have each been filed against the wrong Debtor(s) and (ii) the claimant for each of these Claims is not entitled to the asserted status or other priority identified in the Claim. If the Wrong Debtor and Incorrectly Classified Claims identified on Schedule 4 to the Proposed Order are not modified and reclassified, the claimants identified therein may improperly receive recoveries on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order modifying and reclassifying the Wrong Debtor and Incorrectly

Classified Claims as set forth therein and in the Objection.

### **Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim**

10.     To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim, the Debtors have determined that (i) the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim has been filed against the wrong Debtor, (ii) the claimant for this Claim is not entitled to the asserted status or other priority identified in the Claim, and (iii) this Claim incorrectly indicate that all or a portion thereof are "unliquidated" as such classification is inconsistent with the Debtors' Books and Records.  If the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim identified on Schedule 5 to the Proposed Order is not modified and reclassified, the claimant identified therein may improperly receive a recovery on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order modifying and reclassifying the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim as set forth therein and in the Objection.

### **Incorrectly Classified and Misclassified Unliquidated Claims**

11.     To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Incorrectly Classified and Misclassified Unliquidated Claim, the Debtors have determined that (i) the claimant for each of these Claims is not entitled to the asserted status or other priority identified in the Claim and (ii) such Claims incorrectly indicate that all or a portion thereof are "unliquidated" as such classification is inconsistent with the Debtors' Books and Records.  If the Incorrectly Classified and Misclassified Unliquidated Claims identified on Schedule 6 to the Proposed Order are not modified and reclassified, the claimants

identified therein may improperly receive recoveries on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order modifying and reclassifying the Incorrectly Classified and Misclassified Unliquidated Claims as set forth therein and in the Objection.

## No Liability Claims

12.     To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each No Liability Claim, the Debtors have determined that such Claims seek to recover amounts for which the Debtors are not liable. If the No Liability Claims identified on Schedule 7 to the Proposed Order are not disallowed and expunged, the claimants identified therein may improperly receive recoveries on account of the Claim at the expense of the Debtors and other creditors. Accordingly, I believe it is proper for the Court to enter the Proposed Order disallowing and expunging the No Liability Claims as set forth therein and in the Objection.

## Foreign Currency Claims

13.     To the best of my knowledge, information, and belief, based on the Debtors' review of the Claims Register, the Books and Records, and each Foreign Currency Claim, the Debtors have determined that the Foreign Currency Claims have each been asserted in a currency other than United States dollars or Mexican pesos. If the Foreign Currency Claims identified on Schedule 8 to the Proposed Order are not converted to United States dollars, the Claims Register will not reflect the proper amounts for such Claims. Accordingly, I believe it is proper for the Court to enter the Proposed Order modifying the Foreign Currency Claims as set forth therein and in the Objection.

## Conclusion

14.     I am authorized to submit this Declaration on behalf of the Debtors. In my opinion,

and for the reasons set forth in this Declaration and in the Objection: (a) disallowing and expunging the No Liability Claims; (b) modifying (i) the Wrong Debtor Claims and (ii) the Foreign Currency Claims; and (c) reclassifying and modifying (i) the Incorrectly Classified Claims, (ii) the Misclassified Unliquidated Claims, (iii) the Wrong Debtor Claims and Incorrectly Classified Claims, (iv) the Wrong Debtor, Incorrectly Classified, and Misclassified Unliquidated Claim, and (v) the Incorrectly Classified and Misclassified Unliquidated Claims is in the best interest of the Debtors' estates.

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed:   July 8, 2021

By:  */s/  Ricardo Javier Sánchez Baker*
Ricardo Javier Sánchez Baker
Chief Financial Officer

7

## **Exhibit B**

## **Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

The Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**")
described herein have been ordered by the United States Bankruptcy Court for the Southern District
of New York (the "**Court**") to apply to the chapter 11 cases of Grupo Aeroméxico, S.A.B. de C.V.
and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the Order Establishing Certain Notice, Case Management, and
Administrative Procedures, entered on July 8, 2020 [ECF No. 79] (the "**Case Management
Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these
cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for
hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to
proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V.
108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The
Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc,
Mexico City, C.P. 06500.

[2]      Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the
relevant Claim, and any such information already submitted need not be resubmitted in connection with the
Omnibus Claims Hearing Procedures.

properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their discretion, as set forth herein.

4.      The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

A.      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors that can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

B.      For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their discretion, serve upon the relevant claimant, by email or overnight delivery, with a copy to the Official Committee of Unsecured Creditors, Apollo Management Holdings, L.P., and the Ad Hoc Group of Senior Noteholders,[3] and file with the Court, a notice substantially in the form attached to the Claims Objections Procedures Order as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in a scheduling order issued by the Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant claimant a Notice of Merits Hearing with respect to the Contested Claim.

---

[3]      As identified in the *Verified Statement of the Ad Hoc Group of Senior Noteholders Pursuant to Bankruptcy Rule 2019* [ECF No. 390].

2

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

7.      The Debtors, in their discretion, are authorized to adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the claimants.