THIS OBJECTION SEEKS TO REDUCE AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT(S) AND SCHEDULE(S) ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT GRUPO AEROMÉXICO'S COUNSEL, DAVIS POLK & WARDWELL LLP, AT aeromexicoclaims@dpw.com, RICHARD J. STEINBERG (richard.steinberg@davispolk.com or +1-212-450-4362), OR ERIK P. JERRARD (+1-212-450-4769).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF HEARING ON DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (REDUCED CLAIMS)

**PLEASE TAKE NOTICE** that, on July 8, 2021, Grupo Aeroméxico, S.A.B. de C.V.

("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**") filed their *Tenth Omnibus Claims Objection*

*to Proofs of Claim (Reduced Claims)* (the "**Objection**") with the United States Bankruptcy Court for

the Southern District of New York (the "**Bankruptcy Court**").

The Objection is annexed hereto as **Exhibit A**.  The Objection requests that the Bankruptcy

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

Court reduce and/or modify one or more of your Claims[2] listed on <u>Schedule 1</u> to <u>Exhibit 1</u> of the Objection annexed hereto on the grounds that such Claims seek to recover amounts that are not supported by the documentation provided by the claimant.  By this Objection, the Debtors seek the reduction and/or modification of each of the Claims listed on <u>Schedule 1</u> to <u>Exhibit 1</u> of the Objection in order to limit each claimant to the recovery they are entitled to.  Any claims that the Bankruptcy Court reduces and/or modifies will remain on the Claims Register as reduced and/or modified.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Omnibus Claims Hearing Procedures**"), annexed hereto as **<u>Exhibit B</u>**, apply and govern the Objection to your Proof(s) of Claim.  The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.  Therefore, please review the Omnibus Claims Hearing Procedures carefully.  Failure to comply with the Omnibus Claims Hearing Procedures may result in the reduction and/or modification of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the reduction and/or modification of your Claim(s) listed on <u>Schedule 1</u> to <u>Exhibit 1</u> of the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the reduction and/or modification of your Claim(s) listed on <u>Schedule 1</u> to <u>Exhibit 1</u> of the Objection, then you MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a written response to the Objection (a "**Response**") so that it is received on or before **August 9, 2021, at 4:00 p.m.** (prevailing Eastern Time) (the "**Response Deadline**").

Your Response, if any, must contain at a minimum the following: (i) a caption setting forth

---

[2]    Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the

Objection to which the response is directed; (ii) the name of the claimant and description of the basis

for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should

not be reduced and/or modified for the reasons set forth in the Objection, including, but not limited

to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all

documentation or other evidence of the Claim, to the extent not included with the Proof of Claim

previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v)

the address(es) to which the Debtors must return any reply to your Response, if different from that

presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person

(which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or

otherwise resolve the Claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is timely filed, served,

and received.  A Response will be deemed timely filed, served, and received <u>only if</u> prior to the

Response Deadline, the Response is (a) filed electronically with the Bankruptcy Court on the docket

of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC), in accordance with the

Bankruptcy Court's General Order M-399 (available on the Bankruptcy Court's website at

http://www.nysb.uscourts.gov), by registered users of the Bankruptcy Court's electronic case filing

system, (b) sent to the chambers of the Honorable Judge Shelley C. Chapman, United States

Bankruptcy Court, One Bowling Green, New York, New York 10004; and (c) served (via email or

otherwise) so as to be <u>actually received</u> on or before the Response Deadline upon (i) Davis Polk &

Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Timothy Graulich

(timothy.graulich@davispolk.com), Stephen D. Piraino (stephen.piraino@davispolk.com), Erik P.

Jerrard (erik.jerrard@davispolk.com), and Richard J. Steinberg (richard.steinberg@davispolk.com)),

counsel to the Debtors; and (iii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), Craig Damast (cdamast@willkie.com), and Debra M. Sinclair (dsinclair@willkie.com)), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing (the "**Hearing**") will be held on **August 12, 2021**, at **10:00 a.m.** (prevailing Eastern Time), to consider the Objection. The Hearing will be held in the United States Bankruptcy Court for the Southern District of New York. If you file a written Response to the Objection, you should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to your claim(s). If the Debtors do continue the Hearing with respect to your Claim(s), then the Hearing will be held at a later date. If the Debtors do not continue the Hearing with respect to your Claim(s), then the Hearing on the Objection will be conducted on the above date.

The Debtors have the right to object on other grounds to the Claim(s) (or to any other Claims you may have filed) at a later date. You will receive a separate notice of any such objections.

Responding parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. You may participate in the Hearing telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com). Instructions to register for CourtSolutions, LLC are attached to General Order M-543.[3]

---

[3]    A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

If you wish to view the complete Objection, you can do so for free at

https://dm.epiq11.com/aeromexico.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK**

**OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

Dated:    July 8, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Timothy Graulich*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors*
*and Debtors in Possession*

## **Exhibit A**

**Objection**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)
*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**(REDUCED CLAIMS)**

> **\* \* \***
> **TO THE CLAIMANTS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION (AS DEFINED HEREIN) AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER.**
> **\* \* \***

Grupo Aeroméxico S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Debtors'*

*Tenth Omnibus Claims Objection to Proofs of Claim (Reduced Claims)* (the "**Objection**"), pursuant

---

[1]    The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

to the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 904] (the "**Claims Objection Procedures Order**").  This Objection is supported by the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Tenth Omnibus Claims Objection to Proofs of Claim (Reduced Claims)* (the "**Sánchez Declaration**"), attached hereto as **Exhibit 2** and incorporated herein by reference.  In further support of the Objection, the Debtors respectfully state as follows:

### Relief Requested

1.      By this Objection, and pursuant to sections 105 and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Claims Objections Procedures Order, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**," and if entered, the "**Order**"), reducing and/or modifying each of the claims identified on Schedule 1 to the Proposed Order (the "**Reduced Claims**").[2]

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

---

[2]      Schedule 1 to the Proposed Order is incorporated herein by reference.

3.      The legal predicates for the relief requested herein are sections 105 and 502 of the
Bankruptcy Code, and Bankruptcy Rule 3007.

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    General Background

5.      On June 30, 2020 (the "**Petition Date**"), the Debtors each commenced in this Court a
voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code.  The
Debtors are authorized to continue to operate their businesses and manage their properties as debtors
in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes
only pursuant to Bankruptcy Rule 1015(b).

7.      On July 13, 2020, the United States Trustee formed an Official Committee of
Unsecured Creditors (the "**Creditors' Committee**") in the Chapter 11 Cases.  No trustee or
examiner has been appointed in the Chapter 11 Cases.

8.      The Court entered a (i) *Final Order Authorizing (I) Debtors to Honor Prepetition
Obligations to Customers and Related Third Parties and to Otherwise Continue Customer
Programs, (II) Relief from Stay to Permit Setoff in Connection with the Customer Programs and (III)
Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 205] (the
"**Customer Programs Order**"); (ii) *Final Order Authorizing (I) Debtors to Pay Certain Prepetition
Taxes, Governmental Assessments and Fees and (II) Financial Institutions to Honor and Process
Related Checks and Transfers* on July 29, 2020 [ECF No. 206] (the "**Taxes Order**"); (iii) *Final
Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other
Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative*

3

*Obligations, (II) Employees and Retirees to Proceed With Outstanding Workers' Compensation Claims And (III) Financial Institutions to Honor and Process Related Checks and Transfers* on July 30, 2020 [ECF No. 216] (the "**Wages Order**"); and (iv) *Final Order Authorizing (I) Payment of Certain Prepetition Claims of Critical Vendors and Foreign Vendors and (II) Financial Institutions to Honor and Process Related Checks and Transfers* on August 20, 2020 [ECF No. 309] (the "**Critical Vendors Order**" and together with the Customer Programs Order, Taxes Order, and Wages Order, the "**First Day Orders**").

9.      Detailed information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20], filed with the Court on the Petition Date.

**B.      Claims Resolution Process in the Chapter 11 Cases**

10.      On July 2, 2020, the Court entered an *Order Authorizing Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [ECF No. 47], thereby appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as the Debtors' claims and noticing agent in these Chapter 11 Cases.

11.      On August 25, 2020, the Debtors filed Grupo Aeroméxico's schedules of assets and liabilities and its statement of financial affairs [ECF Nos. 326–33], along with the schedules and statements of the remaining Debtors (collectively, the "**Chapter 11 Schedules**" and "**Statements**," respectively).[3]    On December 17, 2020, the Debtors filed amendments to certain of Grupo Aeroméxico's Chapter 11 Schedules [ECF Nos. 737–40], along with amendments to certain Chapter

---

[3]      The Chapter 11 Schedules and Statements of each Debtor were filed on their respective individual docket. *See In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF Nos. 6–7; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 6–7; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 6–7.

11 Schedules of the other Debtors.[4]  On January 15, 2021, Grupo Aeroméxico filed additional
amendments to certain Chapter 11 Schedules [ECF Nos. 808–10].

12.     On November 18, 2020, the Court entered an *Order (I) Establishing Deadline for
Filing Proofs of Claim and Procedures Relating Thereto and (II) Approving the Form and Manner
of Notice Thereof* [ECF No. 648] (the "**Bar Date Order**") establishing January 15, 2021 at 5:00 p.m.
(prevailing Pacific Time) as the General Bar Date (as defined in the Bar Date Order) (the "**Bar
Date**").

13.     On December 11, 2020, Epiq duly served the *Notice of Deadline Requiring Filing of
Proofs of Claim on or Before January 15, 2021* (the "**Bar Date Notice**").  *See* Bowdler Aff., ECF
No. 778.  Between December 14, 2020 and December 16, 2020, the Debtors caused the Bar Date
Notice to be published in the *New York Times International Edition*, the *New York Times*, and the
*Wall Street Journal*.  *See* Noblesala Aff., ECF No. 759; Noblesala Aff., ECF No. 760; Bell Aff.,
ECF No. 761.

14.     In the ordinary course of business, the Debtors maintain books and records (the
"**Book and Records**") that reflect, among other things, the Debtors' liabilities and the amounts
thereof owed to their creditors.

15.     The Debtors' claims register (the "**Claims Register**"), prepared and maintained by
Epiq, reflects that approximately 6,053 proofs of claim (collectively, the "**Proofs of Claim**") have
been filed in the Chapter 11 Cases asserting claims against the Debtors (each a "**Claim**," and
collectively, the "**Claims**").  The Debtors and their advisors are comprehensively reviewing and
reconciling all Claims, including both the Claims listed on the Schedules (the "**Scheduled Claims**")

---

[4]     These amendments were filed on each Debtor's respective individual docket.  *See In re Aerovías de México,
S.A. de C.V.*, No. 20-11561, ECF Nos. 10–11; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF Nos. 10–11;
*In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF Nos. 10–11.

5

and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in the Chapter 11 Cases.  The Debtors and their advisors are also comparing the Claims asserted in the Proofs of Claims with the Debtors' Books and Records to determine the validity of the asserted Claims.

16.    This reconciliation process includes identifying particular categories of Claims that the Debtors believe should be reduced, reclassified, disallowed, or expunged.  To avoid a possible double recovery or otherwise improper recovery by claimants, the Debtors will continue to file omnibus objections to such categories of Claims if and where warranted.  This Objection is one such omnibus objection.

17.    On February 17, 2021, the Court entered the Claims Objection Procedures Order.  On March 16, 2021, the Debtors filed their *First Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 985], *Second Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 986], and *Third Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 987].  On April 16, 2021, the Debtors filed their *Fourth Omnibus Claims Objection to Proofs of Claim (Satisfied Claims)* [ECF No. 1074] and *Fifth Omnibus Claims Objection to Proofs of Claim (Amended and Duplicate Claims)* [ECF No. 1075].  The Court subsequently entered orders granting each of these objections [ECF Nos. 1086–87, 1102, 1207–08].  On June 3, 2021, the Debtors filed their *Sixth Omnibus Claims Objection to Proofs of Claim (Satisfied Claims and Incorrectly Classified Claims)* [ECF No. 1265] and *Seventh Omnibus Claims Objection to Proofs of Claim (Wrong Debtor Claims)* [ECF No. 1266].

18.    The Debtors submit that this Objection, and the notice provided to claimants in connection hereto, are consistent with the Claims Objection Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules.

6

### Basis for Relief

19.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

20.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Lehman Bros. Holdings, Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019); *In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).   Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.   *See In re Lehman Bros.*, 602 B.R. at 574.   A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *See In re Dreier LLP*, 544 B.R. 760, 766 (Bankr. S.D.N.Y. 2016), *aff'd*, No. 08-15051 (SMB), 2016 WL 3920358 (S.D.N.Y. July 15, 2016), *aff'd*, 683 F. App'x 78 (2d Cir. 2017) (quoting *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 CIV. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (in turn quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992))).   In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.   *See In re Dreier*, 544 B.R. at 766.   Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.   *See id*.

21.     A court should not deem a claim to be allowable if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1). A debtor may file an omnibus claims objection if all the claims being objected to fall under one of several listed categories as described in the Bankruptcy Rules and the Claims Objection Procedures

Order.  *See* Fed. R. Bankr. P. 3007(d); Claims Obj. Proc. Order, ¶ 2(a), ECF No. 904 (providing additional bases under which the Debtors may file omnibus claim objections).

**Objection**

22.     The Debtors object to the Reduced Claims and request that the amount of each such Claim be modified as set forth on <u>Schedule 1</u> to the Proposed Order, as each of the Reduced Claims seeks to recover amounts that are not supported by the documentation provided by the claimant.

23.     The Claims Objection Procedures Order authorizes the Debtors to file omnibus claims objections if a claimant "fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim."  Claims Obj. Proc. Order, ¶ 2(a)(ii).  After analyzing each of the Reduced Claims and any documentation provided therewith, the Debtors have determined that the asserted amount of each of the Reduced Claims is not supported by the documentation provided by the claimant.

24.     In order to preserve the integrity and accuracy of the Claims Register, and to avoid claimants from improperly receiving recoveries in excess of what they are entitled at the expense of the Debtors and other creditors, the Debtors respectfully request that the Court modify the amount of the Reduced Claims such that the amount of each Reduced Claim corresponds with the documentation provided with the asserted proof of claim (the "**Reduction**"), as set forth in more detail on <u>Schedule 1</u> to the Proposed Order, in the corresponding row labeled "Reduced Claim."

25.     Further, many of the Reduced Claims were asserted in an unknown currency, and the supporting documentation provided therewith supports Claims in currencies other than United States dollars.  The Claims Objection Procedures Order authorizes the Debtors to file omnibus claims objections to Claims filed in a currency other than United States dollars or Mexican Pesos.  Claims Obj. Proc. Order, ¶ 2(a)(iv).  Nonetheless, through this Objection, the Debtors are *not* seeking to

8

disallow the Reduced Claims simply because they were not asserted in United States dollars or Mexican Pesos. Rather, following the Reductions, the Debtors seek to convert such Claims to United States dollars by first converting such Claims to Mexican pesos and then converting each such Claim from Mexican pesos to United States dollars, with each conversion based on the applicable conversion rate in place on the Petition Date from Banco de Mexico (Central Bank), as provided for in the Bar Date Order. *See* Bar Date Order, ¶ 8(c), n.4 ("Where a claim has been denominated in Mexican Pesos on a Proof of Claim, the Debtors will convert such claim to one calculated in legal tender of the United States based upon the conversion rate in place as of the Petition Date from Banco de Mexico (Central Bank)."). The Debtors respectfully request that the Court modify the amount of the Reduced Claims such that the amount of each Reduced Claim is now denominated in United States dollars, as set forth in more detail on Schedule 1 to the Proposed Order, in the corresponding row labeled "Converted Claim."

## Separate Contested Matters

26.    Each of the Claims and the Objection with respect thereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by this Court with respect to a request for reduction and/or modification herein shall be deemed a separate order with respect to each Claim.

## Response to Omnibus Objections

27.    To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is received no later than the deadline set forth in the accompanying notice (the "**Response Deadline**"). All Responses shall be filed electronically with the Court on the docket of *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC), in accordance with the Court's General Order M-399 (available on the Court's website at

http://www.nysb.uscourts.gov), by registered users of the Court's electronic case filing system, and

served (via email or otherwise) so as to be actually received on or before the Response Deadline

upon:

> Davis Polk & Wardwell LLP
> 450 Lexington Avenue
> New York, New York 10017
> Attn:   Timothy Graulich (timothy.graulich@davispolk.com)
>       Stephen D. Piraino (stephen.piraino@davispolk.com)
>       Erik P. Jerrard (erik.jerrard@davispolk.com)
>       Richard J. Steinberg (richard.steinberg@davispolk.com)
> *Counsel to the Debtors*
>
> -and-
>
> Willkie Farr & Gallagher LLP
> 787 Seventh Avenue
> New York, New York 10019
> Attn:   Brett H. Miller (bmiller@willkie.com)
>       Todd M. Goren (tgoren@willkie.com)
>       Craig Damast (cdamast@willkie.com)
>       Debra M. Sinclair (dsinclair@willkie.com)
> *Counsel to the Creditors' Committee*.

28.     Every Response to this Objection must contain, at a minimum, the following

information:

    a.     A caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and title of the Objection to which the response is directed;

    b.     The name of the claimant and a description of the basis for the amount of the Claim;

    c.     A concise statement setting forth the reasons why the Claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which will be relied on in opposing the Objection;

    d.     All documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which will be relied on in opposing the Objection; and

      e.      The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and

      f.      The name, address, and telephone number of the person (which may be the claimant or their legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on the claimant's behalf.

29.      If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order reducing and/or modifying their Claim(s), without further notice or a hearing.

## Reservation of Rights

30.      The Debtors expressly reserve the right to amend, modify, or supplement this Objection, including, without limitation, to modify the currency associated with each Claim set forth on <u>Schedule 1</u> to the Proposed Order.  Should the grounds for objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Claims on any other grounds that the Debtors discover or elect to pursue.  The Debtors reserve their right to assert substantive and/or one or more additional non-substantive objections to the Claims at a later time.

31.      Notwithstanding anything contained in this Objection, or the exhibits or schedules attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (i) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the claimants subject to this Objection, (ii) enforce the Debtors' rights of setoff against the claimants relating to such avoidance actions, or (iii) seek disallowance pursuant to section 502(d) of the Bankruptcy Code of Claims of the claimants that are subject to such avoidance actions.

## **Notice**

32.     Notice of this Objection will be given to (i) the United States Trustee for the Southern District of New York; (ii) each of the parties listed on Schedule 1 to the Proposed Order; (iii) each of the parties listed in paragraph 2(h) of the Claims Objection Procedures Order; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, under the circumstances, no other or further notice is required.

## **No Prior Request**

33.     The Debtors have not previously sought the relief requested herein from the Court or any other court.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated:    July 8, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (admitted *pro hac vice*)

*Counsel to the Debtors*
*and Debtors in Possession*

13

**<u>Exhibit 1 to Objection</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.,* | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER GRANTING DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM (REDUCED CLAIMS)

Upon the objection (the "**Objection**")[2] of the above-captioned Debtors, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking to reduce and/or modify the Claims identified on **Schedule 1** attached hereto; and upon the Sánchez Declaration, attached to the Objection as Exhibit 2; and the Court having jurisdiction to consider the matters raised in the Objection pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having authority to hear the matters raised in the Objection pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and consideration of the Objection and the relief requested therein being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Objection and opportunity for a hearing on the Objection having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Objection; and the Court having the opportunity to hold a

---

[1]    The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2]    Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

hearing on the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having found that the relief granted herein being in the best interests of the Debtors, their creditors, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Objection is hereby granted as set forth herein.

2.      The Reduced Claims identified on **Schedule 1** annexed hereto are hereby reduced and or/modified as set forth therein, and shall be reflected in the Claims Register in the amounts set forth on **Schedule 1** in the row labeled "Converted Claim."

3.      All Claims identified on **Schedule 1** annexed hereto, once reduced and/or modified as set for herein, will be unaffected by the relief granted herein, and each of the claimants' rights to assert these liabilities against the applicable Debtor's estate will be preserved, subject to the Debtors' reservations of their rights to object to such surviving Claims on all grounds, whether legal, factual, procedural, substantive, or non-substantive.

4.      This Order shall be deemed a separate Order with respect to each of the Claims identified on **Schedule 1**.  Any stay of this Order pending appeal by any claimants whose Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.      The Debtors, Epiq Corporate Restructuring, LLC, and the Clerk of this Court are authorized to take, or refrain from taking, any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

6.      Notwithstanding any Bankruptcy Rule, the Local Bankruptcy Rules for the Southern District of New York, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from, arising under, or related to the Chapter 11 Cases, to the fullest extent permitted by law, including, without limitation, to enforce this Order.

Dated:    _____, 2021
          New York, New York

                                        _____
                                        THE HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

## **Schedule 1 to Proposed Order**

### **Reduced Claims**

10th Omnibus Claims Objection

## Schedule 1

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

## Reduced Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 13236 | No | Aerovías de México, S.A. de C.V. | AHN, SEOHYUN A-301, 60 HAAN-RO GWANGMYEONG-SI 14322, REPUBLIC OF KOREA | 0.00 | 0.00 | 0.00 | 7,334,604.00 | 7,334,604.00 Unknown | No |
| | Date Filed: | 1/13/2021 | | | | | | | | | |
| | Reduced Claim | 13236 | | | | 0.00 | 0.00 | 0.00 | 1,246,400.00 | 1,246,400.00 KRW | No |
| | Converted Claim | 13236 | | | | 0.00 | 0.00 | 0.00 | 1,037.63 | 1,037.63 USD | No |
| 2 | | 11044 | No | Grupo Aeroméxico, S.A.B. de C.V. | BAEK, SEULGI CHUNGCHEONGNAM-DO, REPUBLIC OF KOREA 67, MOSAN-RO,BAEBANG-EUP,ASAN-SI104-1903 ASAN, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 1,624,293,445.84 | 1,624,293,445.84 Unknown | No |
| | Date Filed: | 12/29/2020 | | | | | | | | | |
| | Reduced Claim | 11044 | | | | 0.00 | 0.00 | 0.00 | 1,350,600.00 | 1,350,600.00 KRW | No |
| | Converted Claim | 11044 | | | | 0.00 | 0.00 | 0.00 | 1,124.38 | 1,124.38 USD | No |
| 3 | | 11046 | No | Grupo Aeroméxico, S.A.B. de C.V. | BAEK, SEULGI CHUNGCHEONGNAM-DO, REPUBLIC OF KOREA 67,MOSAN-RO,BAEBANG-EUP,ASAN-SI,104-1903 ASAN, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 7,494,888,756.47 | 7,494,888,756.47 Unknown | No |
| | Date Filed: | 12/29/2020 | | | | | | | | | |
| | Reduced Claim | 11046 | | | | 0.00 | 0.00 | 0.00 | 623,200.00 | 623,200.00 KRW | No |
| | Converted Claim | 11046 | | | | 0.00 | 0.00 | 0.00 | 518.82 | 518.82 USD | No |
| 4 | | 11088 | No | Aerovías de México, S.A. de C.V. | HONG, JIHYE CHUNCHEON-SI, GANGWON-DO, KOREA 203-1705, 129, UDU 1-GIL, CHUNCHEON-SI,  24221 SOUTH KOREA | 0.00 | 0.00 | 0.00 | 1,919,268,299.69 | 1,919,268,299.69 Unknown | No |
| | Date Filed: | 12/29/2020 | | | | | | | | | |
| | Reduced Claim | 11088 | | | | 0.00 | 0.00 | 0.00 | 1,166,700.00 | 1,166,700.00 KRW | No |
| | Converted Claim | 11088 | | | | 0.00 | 0.00 | 0.00 | 971.28 | 971.28 USD | No |
| 5 | | 13686 | No | Aerovías de México, S.A. de C.V. | HONG, MINAE 1904-107 1338-44, HYOHAENG-RO HWASEONG-SI GYEONGGI-DO 18382, REPUBLIC OF KOREA | 0.00 | 0.00 | 0.00 | 74,988,875.64 | 74,988,875.64 Unknown | No |
| | Date Filed: | 1/14/2021 | | | | | | | | | |
| | Reduced Claim | 13686 | | | | 0.00 | 0.00 | 0.00 | 515,200.00 | 515,200.00 KRW | No |
| | Converted Claim | 13686 | | | | 0.00 | 0.00 | 0.00 | 428.91 | 428.91 USD | No |

10th Omnibus Claims Objection

# Schedule 1

## Reduced Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | | 13178 | No | Aerovías de México, S.A. de C.V. | IM, JONGBEOM MUNMAK-EUP, WONJU-SI, WANGWON-DO WONJU-SI 26371, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 12,026,458.21 | 12,026,458.21 Unknown | No |
| | Date Filed: | 1/13/2021 | | | | | | | | | |
| | Reduced Claim | 13178 | | | | 0.00 | 0.00 | 0.00 | 546,200.00 | 546,200.00 KRW | No |
| | Converted Claim | 13178 | | | | 0.00 | 0.00 | 0.00 | 454.71 | 454.71 USD | No |
| 7 | | 11328 | No | Aerovías de México, S.A. de C.V. | JI, RANHEE 14, NONGGO-GIL 45BEON-GIL, YANGDONG-MEON YANGPYEONG-GUN GYEONGGI-DO 12540, SOUTH OF KOREA | 0.00 | 0.00 | 0.00 | 12,026,458.26 | 12,026,458.26 Unknown | No |
| | Date Filed: | 1/2/2021 | | | | | | | | | |
| | Reduced Claim | 11328 | | | | 0.00 | 0.00 | 0.00 | 1,188,700.00 | 1,188,700.00 KRW | No |
| | Converted Claim | 11328 | | | | 0.00 | 0.00 | 0.00 | 989.60 | 989.60 USD | No |
| 8 | | 14282 | No | Grupo Aeroméxico, S.A.B. de C.V. | JO, SANGUK 91101-1305 GWAHAKSANDAN 2-RO 20BEON-GIL GANGSEO-GU PSAN 46743, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 100,000.00 | 100,000.00 Unknown | No |
| | Date Filed: | 1/15/2021 | | | | | | | | | |
| | Reduced Claim | 14282 | | | | 0.00 | 0.00 | 0.00 | 1,030,400.00 | 1,030,400.00 KRW | No |
| | Converted Claim | 14282 | | | | 0.00 | 0.00 | 0.00 | 857.81 | 857.81 USD | No |
| 9 | | 12708 | No | Aerovías de México, S.A. de C.V. | KIM, JIYUN 10, WONSEON 1-RO, 102DONG 1404HO DANWON-GU, ANSAN-SI GYEONGGI-DO ANSAN 15388, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 202,811.98 | 202,811.98 Unknown | No |
| | Date Filed: | 1/11/2021 | | | | | | | | | |
| | Reduced Claim | 12708 | | | | 0.00 | 0.00 | 0.00 | 2,437,800.00 | 2,437,800.00 KRW | No |
| | Converted Claim | 12708 | | | | 0.00 | 0.00 | 0.00 | 2,029.48 | 2,029.48 USD | No |
| 10 | | 12010 | No | Aerovías de México, S.A. de C.V. | KIM, KIOK HANGMONG-RO, AEWOL-EUP, JEJU CITY 7 101-WING 202(HAGUKOARU OCEAN VIEW) JEJU ISLAND 63051, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 95,000.00 | 95,000.00 Unknown | No |
| | Date Filed: | 1/7/2021 | | | | | | | | | |
| | Reduced Claim | 12010 | | | | 0.00 | 0.00 | 0.00 | 1,017,700.00 | 1,017,700.00 KRW | No |
| | Converted Claim | 12010 | | | | 0.00 | 0.00 | 0.00 | 847.24 | 847.24 USD | No |

10th Omnibus Claims Objection

In re: GRUPO AEROMEXICO, S.A.B. de C.V., et al.

Case No 20-11563 (SCC) Jointly Administered

# Schedule 1

## Reduced Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | | 199 | No | Grupo Aeroméxico, S.A.B. de C.V. | KIM, SUNGSOO C/O HANA TOUR 5 GIL 41 INSA-DONG JONGRO-GU, SEOUL 03161, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 59,400.00 | 59,400.00 USD | No |
| | Date Filed: | 12/28/2020 | | | | | | | | | |
| | Reduced Claim | 199 | | | | 0.00 | 0.00 | 0.00 | 6,532,600.00 | 6,532,600.00 KRW | No |
| | Converted Claim | 199 | | | | 0.00 | 0.00 | 0.00 | 5,438.41 | 5,438.41 USD | No |
| 12 | | 12523 | No | Aerovías de México, S.A. de C.V. | KIM, YONGSUOP 101-301, 63, YONGDAM-GIL JEONGSEON-EUP JEONGSEON-GUN GANGWON-DO, 26132, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 1,116,704,499.81 | 1,116,704,499.81 Unknown | No |
| | Date Filed: | 1/10/2021 | | | | | | | | | |
| | Reduced Claim | 12523 | | | | 0.00 | 0.00 | 0.00 | 1,440,100.00 | 1,440,100.00 KRW | No |
| | Converted Claim | 12523 | | | | 0.00 | 0.00 | 0.00 | 1,198.89 | 1,198.89 USD | No |
| 13 | | 10526 | No | Grupo Aeroméxico, S.A.B. de C.V. | KJUN, CHO HYU 205-501, AJU 2 RO 2 GIL 13 GEOJESI, 53306, KOREA | 0.00 | 0.00 | 0.00 | 22,843.60 | 22,843.60 Unknown | Yes |
| | Date Filed: | 12/17/2020 | | | | | | | | | |
| | Reduced Claim | 10526 | | | | 0.00 | 0.00 | 0.00 | 31,209.00 | 31,209.00 MXN | Yes |
| | Converted Claim | 10526 | | | | 0.00 | 0.00 | 0.00 | 1,351.66 | 1,351.66 USD | Yes |
| 14 | | 12039 | No | Aerovías de México, S.A. de C.V. | LEE, AH YOUNG SASANG-GU, BUSAN, REPUBLIC OF KOREA 20, BAEGYANG-DAERO 934BEON-GIL 104-905 BUSAN 46928, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 8,567,775,998.68 | 8,567,775,998.68 Unknown | No |
| | Date Filed: | 1/7/2021 | | | | | | | | | |
| | Reduced Claim | 12039 | | | | 0.00 | 0.00 | 0.00 | 1,030,400.00 | 1,030,400.00 KRW | No |
| | Converted Claim | 12039 | | | | 0.00 | 0.00 | 0.00 | 857.81 | 857.81 USD | No |
| 15 | | 13688 | No | Aerovías de México, S.A. de C.V. | LEE, SEUNGMIN 1904-107 1338-44, HYOHAENG-RO HWASEONG-SI GYEONGGI-DO 18382, REPUBLIC OF KOREA | 0.00 | 0.00 | 0.00 | 74,988,875.64 | 74,988,875.64 Unknown | No |
| | Date Filed: | 1/14/2021 | | | | | | | | | |
| | Reduced Claim | 13688 | | | | 0.00 | 0.00 | 0.00 | 623,200.00 | 623,200.00 KRW | No |
| | Converted Claim | 13688 | | | | 0.00 | 0.00 | 0.00 | 518.82 | 518.82 USD | No |

# Schedule 1

## Reduced Claims

| Ref | | Claim # | Transferred | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | Unliquidated |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | | 10773 | No | Aerovías de México, S.A. de C.V. | NA, YEOJIN 417.1102 70,DOLMI-RO,OKPO-EUP,DAEGU DAEGU, 42974, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 128,294.06 | 128,294.06 Unknown | No |
| | Date Filed: | 12/27/2020 | | | | | | | | | |
| | Reduced Claim | 10773 | | | | 0.00 | 0.00 | 0.00 | 7,083,400.00 | 7,083,400.00 KRW | No |
| | Converted Claim | 10773 | | | | 0.00 | 0.00 | 0.00 | 5,896.95 | 5,896.95 USD | No |
| 17 | | 10775 | No | Aerovías de México, S.A. de C.V. | NA, YEOJIN 417.1102 70,DOLMI-RO,OKPO-EUP,DAEGU DAEGU, 42974, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 128,294.06 | 128,294.06 Unknown | No |
| | Date Filed: | 12/27/2020 | | | | | | | | | |
| | Reduced Claim | 10775 | | | | 0.00 | 0.00 | 0.00 | 7,083,400.00 | 7,083,400.00 KRW | No |
| | Converted Claim | 10775 | | | | 0.00 | 0.00 | 0.00 | 5,896.95 | 5,896.95 USD | No |
| 18 | | 13147 | No | Aerovías de México, S.A. de C.V. | SHIN, A-YOUNG NAMDONG-GU, INCHEON, REPUBLIC OF KOREA 18-4, GUWOLMAL-RO 103BEON-GIL GWONWELLEUM APT. 403HO IN CHEON 21542, SOUTH KOREA | 0.00 | 0.00 | 0.00 | 9,126,544.01 | 9,126,544.01 Unknown | No |
| | Date Filed: | 1/13/2021 | | | | | | | | | |
| | Reduced Claim | 13147 | | | | 0.00 | 0.00 | 0.00 | 1,203,100.00 | 1,203,100.00 KRW | No |
| | Converted Claim | 13147 | | | | 0.00 | 0.00 | 0.00 | 1,001.58 | 1,001.58 USD | No |

|  | | | | Count: | Unknown | 17 | 0.00 | 0.00 | 0.00 | 20,914,100,059.95 | 20,914,100,059.95 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Reduced Claim Totals | | | | USD | 1 | 0.00 | 0.00 | 0.00 | 59,400.00 | 59,400.00 |

## **Exhibit 2 to Objection**

**Sánchez Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | Case No. 20-11563 (SCC) |
| **Debtors.**[1] | **(Jointly Administered)** |

**DECLARATION OF RICARDO JAVIER SÁNCHEZ BAKER IN SUPPORT OF THE
DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
(REDUCED CLAIMS)**

I, Ricardo Javier Sánchez Baker, hereby declare that the following is true to the best of my knowledge, information and belief:

**Background**

1.     I am the Chief Financial Officer of Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**"), and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**;" the Debtors collectively with their direct and indirect non-Debtor subsidiaries, the "**Company**").  I have held several other positions at the Company since 2006, including serving as advisor to the Chief Executive Officer and Director of Revenue Management.  I have been the chairman of the board of directors of the SABRE Corporation, a member of the SEAT Technical Committee, and a member of the Aeromexpress, CECAM, and PLM boards of directors.  I have held various positions within the Federal Public Administration (*Administración Pública Federal*), including deputy director general of public debt for the Ministry of Finance and Public Credit in 2003 and 2005.  I hold a bachelor's degree in economics from the Universidad

---

[1]     The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

Iberoamericana, a diploma in finance from Instituto Tecnológico Autónomo de México, and master's and doctorate degrees in economics from the University of California, Los Angeles.  I am familiar with the day-to-day operations, business, and financial affairs of the Debtors.

2.      I submitted the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20] (the "**Sánchez First Day Declaration**").  I make this declaration (the "**Declaration**") in support of the *Debtors' Tenth Omnibus Claims Objection to Proofs of Claim (Reduced Claims)* (the "**Objection**").  I have reviewed the Objection or have otherwise had its contents explained to me, and the Objection is, to the best of my knowledge, accurate.

3.      Except as otherwise indicated, all facts set forth in the Objection and this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge, and information concerning the operations of the Debtors and the aviation industry as a whole.  If I were called upon to testify, I could and would testify to each of the facts set forth herein.

4.      I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and Books and Records[2] that reflect, among other things, the Debtors' liabilities, and the amount thereof owed to their creditors as of the Petition Date.  I have read the Objection and corresponding Proposed Order, each filed contemporaneously herewith.

5.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  In evaluating the Claims, the Debtors and other reviewing parties have reviewed the Debtors' Books and Records, the relevant Proofs of Claim, as well as the supporting documentation provided by the claimants, and determined that the Reduced Claims should be

---

[2]      Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objection.

reduced, modified, and/or otherwise treated as set forth in the Objection and Proposed Order.  I

believe the reduction, modification, and/or other treatment of the claims listed on Schedule 1 to the

Proposed Order on the terms set forth in the Objection and Proposed Order is appropriate.

### Reduced Claims

6.       To the best of my knowledge, information, and belief, based on the Debtors' review

of the Claims Register and each Reduced Claim, the Debtors have determined that the Reduced

Claims seek to recover amounts that are not supported by the documentation provided by the

claimant.  If the Reduced Claims identified on Schedule 1 to the Proposed Order are not reduced

and/or modified as set forth therein, the claimants identified therein may obtain recoveries in excess

of what they are entitled at the expense of the Debtors and other creditors.  Accordingly, I believe it

is proper for the Court to enter the Proposed Order reducing and/or modifying the Reduced Claims

as set forth therein and in the Objection.

### Conclusion

7.       I am authorized to submit this Declaration on behalf of the Debtors.  In my opinion,

and for the reasons set forth in this Declaration and in the Objection, reducing and/or modifying the

Reduced Claims is in the best interest of the Debtors' estates.

8.       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true

and correct.

Executed:   July 8, 2021

By:   _/s/  Ricardo Javier Sánchez Baker_____
     Ricardo Javier Sánchez Baker
     Chief Financial Officer

## **Exhibit B**

## **Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | **(Jointly Administered)** |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

The Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Grupo Aeroméxico, S.A.B. de C.V. and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures, entered on July 8, 2020 [ECF No. 79] (the "**Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2]     Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the

properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their discretion, as set forth herein.

4.    The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

A.    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors that can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

B.    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their discretion, serve upon the relevant claimant, by email or overnight delivery, with a copy to the Official Committee of Unsecured Creditors, Apollo Management Holdings, L.P., and the Ad Hoc Group of Senior Noteholders,[3] and file with the Court, a notice substantially in the form attached to the Claims Objections Procedures Order as Exhibit 2 (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in a scheduling order issued by the Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that

---

Omnibus Claims Hearing Procedures.

[3]    As identified in the *Verified Statement of the Ad Hoc Group of Senior Noteholders Pursuant to Bankruptcy Rule 2019* [ECF No. 390].

could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

7.      The Debtors, in their discretion, are authorized to adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the claimants.