Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
David A. Crichlow, Esq.
Michael E. Comerford, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:      (212) 940-8776
sreisman@katten.com
cgiglio@katten.com
david.crichlow@katten.com
michael.comerford@katten.com

Jonathan I. Levine, Esq.
Maja Zerjal Fink, Esq.
Lucas B. Barrett, Esq.
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Telephone:     (212) 836-8000
Facsimile:      (212) 836-8689
maja.zerjalfink@arnoldporter.com
jonathan.levine@arnoldporter.com
lucas.barrett@arnoldporter.com

*Co-Counsel to Ad Hoc Group of OpCo Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*,[1] | Case No. 20-11563 (SCC) |
| Debtors. | (Jointly Administered) |

**THE AD HOC GROUP OF OPCO CREDITORS' LIMITED PRELIMINARY OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE DEBT FINANCING COMMITMENT LETTER, (II) AUTHORIZING THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE EQUITY COMMITMENT LETTER, (III) AUTHORIZING THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE SUBSCRIPTION AGREEMENT AND (IV) AUTHORIZING INCURRENCE, PAYMENT, AND ALLOWANCE OF RELATED PREMIUMS, FEES, COSTS, AND EXPENSES AS <u>SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS</u>**

---

[1] The Debtors in these chapter 11 cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

The Ad Hoc Group of OpCo Creditors ("<u>Ad Hoc Group</u>")[2] files this limited preliminary objection (the "<u>Preliminary Objection</u>")[3] to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors' Entry Into, and Performance Under, the Debt Financing Commitment Letter, (II) Authorizing the Debtors' Entry Into, and Performance Under, the Equity Commitment Letter, (III) Authorizing the Debtors' Entry Into, and Performance Under, the Subscription Agreement and (IV) Authorizing Incurrence, Payment, and Allowance of Related Premiums, Fees, Costs, and Expenses as Superpriority Administrative Expense Claims* [Docket No. 1860] and the *Supplement to Debtors' Exit Financing Motion and Notice of Filing of Revised Equity and Debt Commitment Letters* [Docket No. 2168] (collectively, the "<u>Exit Financing Motion</u>").  In further support of the Preliminary Objection, the Ad Hoc Group respectfully states as follows:

## <u>OBJECTION</u>

1.     The Court should not approve the Exit Financing Motion in the face of the alternative proposal developed by the Ad Hoc Group (the "<u>Ad Hoc Group Proposal</u>"), which provides a consensual path towards exiting chapter 11 while at the same time distributing value fairly across the capital structure, including to fulcrum general unsecured claims holders ("<u>GUC Holders</u>") and increasing plan value by $450 million (i.e., by properly accounting for the full amount of estate assets in the form of excess cash).

2.     As constructive capital solution providers, the Ad Hoc Group proposed the Ad Hoc Group Proposal and used their own balance sheets to guarantee the Debtors a consensual path forward that does not impermissibly strip value from the fulcrum GUC Holders.  The Debtors' proposed exit financing (the "<u>Existing Proposal</u>") is not the Debtors' only or highest and best path

---

[2] A statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedures will be filed for the Ad Hoc Group contemporaneously with this Preliminary Objection.

[3] All capitalized terms used herein but not otherwise defined are given the meaning in the Motion.

forward.  The Ad Hoc Group Proposal improves or leaves unaltered the negotiated economic rights of certain key parties (Delta, Apollo, and significant Mexican shareholders)[4] and provides markedly improved recoveries for the fulcrum class of GUC Holders -- *i.e.*, increasing the recovery range from 14-14.5% to up to 29-31%.  Notably, the Ad Hoc Group Proposal also treats bondholders and "double dip" claimants fairly by paying them in full, in cash, and rendering them unimpaired, thus mooting any objection from these parties.

3.  **Exhibit 1** (attached hereto) highlights several key economic benefits of the Ad Hoc Group Proposal, including, but not limited to: (x) a higher distribution recovery, (y) the ability for a broader group of key constituents, including the fulcrum class of unsecured creditors, to participate in the new equity, and (z) significantly lower commitment fees.  The Ad Hoc Group Proposal, memorialized in the term sheet attached hereto as **Exhibit 2**,[5] was sent to the Debtors, the Official Committee of Unsecured Creditors, Apollo, Delta and significant Mexican shareholders on or around November 21, 2021.

4.  On the contrary, the Debtors' Existing Proposal fails to deliver consensus and is not value maximizing for all of the Debtors' key constituencies.  Instead, the Existing Proposal benefits bondholders and "double-dip" claimants that are already being paid in full and shifts significant value to third party investors without any claims in these chapter 11 cases, at the expense of fulcrum GUC Holders, who are left receiving a meager recovery and no right to participate in the new equity.

5.  Despite the significant improvements in the Ad Hoc Group Proposal, the Debtors seem to have resigned themselves to moving forward with an inferior deal by failing to engage with

---

[4] The Ad Hoc Group reserves all rights in connection with any and all objections related to confirmation of any plan that is approved for solicitation by this Court including, without limitation, with respect to (i) good faith, (ii) distributions to prepetition shareholders, and (iii) valuation of double dip claims.

[5] A redline marked against the term sheet including in the Debtors' Existing Proposal has also been included, which shows the few changes that have been made.

the Ad Hoc Group.  Recognizing the Debtors' refusal to engage on the superior Ad Hoc Group Proposal, the Ad Hoc Group is investigating whether the process leading to the Existing Proposal was tainted by other considerations.[6]  The Court should not let inertia take over in the face of a superior proposal, and the Debtors as fiduciaries have an obligation to maximize value for fulcrum GUC Holders.

6.      The Ad Hoc Group stands ready, willing and able to engage with all parties in interest.  Conscious of the need to expeditiously exit chapter 11, the Ad Hoc Group Proposal was crafted to be immediately actionable, since it builds on the Existing Proposal, and can simply be dropped into the chapter 11 plan that the Debtors must already revise.  In that regard, the Ad Hoc Group Proposal takes full advantage of the hard work that all parties in interest have already completed by keeping the vast majority of key components in the Existing Proposal.

7.      We look forward to engaging with the Debtors and other stakeholders to build greater consensus, improved recoveries for unsecured claimholders and an expeditious emergence from these chapter 11 cases.

## **RESERVATION OF RIGHTS**

The Ad Hoc Group reserves all rights to supplement this Preliminary Objection prior to the Objection Deadline of December 1, 2021 at 4:00 p.m. ET and/or in connection with discovery obtained in connection with the Exit Financing Motion.

---

[6] The Ad Hoc Group's efforts will necessarily involve serving discovery in connection with the Exit Financing Motion.

Dated: November 26, 2021
     New York, NY

*/s/ Steven J. Reisman*

Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
David A. Crichlow, Esq.
Michael E. Comerford, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email:    sreisman@katten.com
    cgiglio@katten.com
    david.crichlow@katten.com
    michael.comerford@katten.com

Jonathan I. Levine, Esq.
Maja Zerjal Fink, Esq.
Lucas B. Barrett, Esq.
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Telephone:    (212) 836-8000
Facsimile:    (212) 836-8689
Email:    maja.zerjalfink@arnoldporter.com
    jonathan.levine@arnoldporter.com
    lucas.barrett@arnoldporter.com

*Co-Counsel to Ad Hoc Group of OpCo Creditors*