| | |
|---|---|
| Richard J. Cooper | Lewis R. Clayton |
| Luke A. Barefoot | Jeffrey D. Saferstein |
| Thomas S. Kessler | William A. Clareman |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | Jacob A. Adlerstein |
| | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| One Liberty Plaza | 1285 Avenue of the Americas |
| New York, New York 10006 | New York, New York 10019 |
| Telephone: (212) 225-2000 | Telephone: (212) 373-3000 |
| Facsimile: (212) 225-3999 | Facsimile: (212) 757-3990 |

*Counsel to Apollo Management Holdings, L.P.,
on behalf of one or more affiliates and/or funds
or separate accounts managed by it and its affiliates*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF APOLLO FOR AUTHORITY TO REDACT AND FILE UNDER
SEAL CERTAIN PORTIONS OF APOLLO'S JOINDER AND REPLY
IN SUPPORT OF DEBTORS' JOINT CHAPTER 11 PLAN AND THE
DECLARATION OF THOMAS S. KESSLER AND SUPPORTING EXHIBITS**

Apollo Management Holdings, L.P., on behalf of one or more affiliates and/or funds or separate accounts managed by it and its affiliates, including Alpage Debt Holdings S.à.r.l. ("Apollo"), by and through their undersigned counsel, hereby submits this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, as amended

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

(the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing Apollo to redact and file under seal for the duration of these chapter 11 cases (the "Chapter 11 Cases") certain portions of *Apollo's Joinder and Reply in Support of Debtors' Joint Chapter 11 Plan* (the "Joinder and Reply") and the *Declaration of Thomas S. Kessler* and exhibits thereto (the "Kessler Declaration"). In support of this Motion, Apollo respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

2. On June 30, 2020, the Debtors commenced the Chapter 11 Cases in this Court by filing voluntary petitions under Chapter 11 of the Bankruptcy Code.

3. On August 16, 2021, the Court entered the *Amended Confidentiality Stipulation and Protective Order Between the Debtors, Committee, Delta, Apollo, the Ad Hoc Group Of Senior Noteholders, and the Ad Hoc Group of Unsecured Claimholders*, (D.I. 1588, the "Protective Order"). Paragraph 8 of the Protective Order requires that any party seeking to file with the Court materials exchanged in discovery that have been designated "Confidential," "Highly Confidential," or "Bidder Confidential" move to file such materials under seal.

4. The Debtors have filed a *Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (D.I. 1806) (as amended, revised, or supplemented, the "Plan").[2]

5. On January 18, 2022, the Official Committee of Unsecured Creditors (the "UCC") filed the *Objection of the Official Committee of Unsecured Creditors to Confirmation of the Debtors' Joint Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (D.I. 2493, the "UCC Objection"); the Ad Hoc Group of "OpCo Creditors" (the "OpCo Creditors") filed the *Objection of the Ad Hoc Group of OpCo Creditors to Confirmation of the Debtors' Joint Chapter 11 Plan* (D.I. 2491, the "Objection of OpCo Creditors"); and Invictus Global Management, LLC ("Invictus") filed *Invictus Global Management, LLC's Objection to Confirmation of Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (D.I. 2490, the "Invictus Objection" and together with the Objection of OpCo Creditors and UCC Objection, the "Objections").

6. On January 24, 2022, the Debtors filed the *Debtors' (I) Memorandum of Law in Support of Confirmation of Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and (II) Omnibus Reply to Objections Thereto* (D.I. 2552, the "Confirmation Brief"), in further support of the Plan.

7. Apollo supports confirmation of the Plan and is filing its Reply and Kessler Declaration to respond to the Objections and join arguments in the Debtors' Confirmation Brief. The exhibits to the Kessler Declaration, and the references to those exhibits in the Joinder and Reply, consist of discovery materials that have been designated as Highly Confidential pursuant to the Protective Order.

---

[2] The Debtors filed revised versions of the Plan at D.I. 1896, 2184, and 2293; they filed plan supplements at D.I. 2369 and 2483. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**BASIS FOR RELIEF REQUESTED**

8. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize Apollo to file under seal portions of the Joinder and Reply and the Kessler Declaration. *See* 11 U.S.C. § 107(b). Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11. U.S.C. § 107(b).

9. Section 107(b) of the Bankruptcy Code does not require the entity seeking protection to demonstrate "good cause." *See Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect the requesting party and has no discretion to deny the request. *Id.* at 27 (holding that, once the court determines that a party is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application"). Thus, under section 107(b) of the Bankruptcy Code, an interested party has to show only that the information it wishes to protect is "confidential" and "commercial" in nature. *Id.* Such information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

10. Courts have also held that the sealing order under section 107(b) should be as broad as "justice requires." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Indeed, a court's "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.* "Courts have supervisory powers over their records and files and may deny access to those records and files to

prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

11. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

12. Moreover, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Here, the exhibits attached to the Kessler Declaration, and the corresponding passages in Apollo's Reply, contain material that is not public known, confidential, and commercially sensitive (the "Confidential Commercial Information"). This material has been designated by the parties as "Highly Confidential" under the Protective Order. With respect to Exhibits 2 through 5, these designations were made by parties other than Apollo because these materials contained their confidential, commercially sensitive information. With respect to Exhibit 1, Apollo designated the document at issue as Highly Confidential because it represented a confidential proposal made to the Debtors as part of the restructuring negotiations. Accordingly, sealing certain portions of the Joinder and Reply and the Kessler Declaration is critical to preserving the status quo so that the Debtors' contested Plan confirmation process may proceed in an orderly fashion that is not injurious to the Debtors or any party in interest.

## NOTICE

14. Notice of this Motion will be given to (a) the entities on the Master Service List (as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (D.I. 79) and available on the Debtors' case website at https://dm.epiq11.com/aeromexico), (b) the United States Trustee, (c) the Debtors, and (d) any persons or entities with a particularized interest in the subject matter of Apollo's Reply and the Kessler Declaration.

## CONCLUSION

WHEREFORE, Apollo respectfully requests that the Court (a) enter the Proposed Order granting the relief requested in this Motion and (b) grant such other relief as is just and proper.

Dated: January 24, 2022

/s/ *Richard J. Cooper*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper
Luke A. Barefoot
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Apollo Management Holdings, L.P., on behalf of one or more affiliates and/or funds or separate accounts managed by it and its affiliates*

/s/ *Lewis R. Clayton*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Lewis R. Clayton
Jeffrey D. Saferstein
William A. Clareman
Jacob A. Adlerstein
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

## Exhibit A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, | ) ) | Case No. 20-11563 (SCC) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

### ORDER AUTHORIZING APOLLO TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF APOLLO'S JOINDER AND REPLY IN SUPPORT OF DEBTORS' JOINT CHAPTER 11 PLAN AND THE DECLARATION OF THOMAS S. KESSLER AND SUPPORTING EXHIBITS

Upon consideration of the *Motion of Apollo for Authority to Redact and File Under Seal Certain Portion of Apollo's Joinder and Reply in Support of Debtors' Joint Chapter 11 Plan and the Declaration of Thomas S. Kessler and Supporting Exhibits* (the "Motion"),[2] and upon the record thereof; and after due deliberation thereon; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (d) notice of the Motion was sufficient under circumstances; and the Court having determined that good and sufficient cause having been shown; it is hereby

**ORDERED THAT:**

1. The Motion is granted as set forth herein;

2. Apollo is authorized (a) to file its Reply and the Kessler Declaration on the public docket of the Chapter 11 Cases in its redacted form and (b) to file the unredacted version of its

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Reply and the Kessler Declaration by delivering to the Clerk of the Court a copy of this Order and a hard copy of the Joinder and Reply, in each case clearly labeled "TO BE FILED UNDER SEAL."

3. Apollo's unredacted Reply and the Kessler Declaration shall remain confidential and shall not be made available to anyone without the prior written consent of Apollo; provided, that (a) the U.S. Trustee, (b) the Debtors, and (c) any persons or entities with a particularized interest in the subject matter of the Plan Confirmation Objection shall receive unredacted copies thereof subject to the terms of the *Amended Confidentiality Stipulation and Protective Order Between the Debtors, Committee, Delta, Apollo, the Ad Hoc Group of Senior Noteholders, and the Ad Hoc Group of Unsecured Claimholders* (D.I. 1588), in each case, on a strictly confidential basis.

4. Any party authorized to receive Apollo's unredacted Reply and the Kessler Declaration pursuant to this Order shall be authorized and hereby directed, subject to Local Rule 9018-1(c), to redact specific references to the Confidential Commercial Information from any pleadings publicly filed on the docket of these chapter 11 cases or otherwise.

5. Entry of this Order is without prejudice to the rights of the U.S. Trustee to seek an order of this Court unsealing all or part of the Plan Confirmation Objection.

6. The Clerk of the Court is authorized to destroy all copies of Apollo's unredacted Reply and the Kessler Declaration upon the conclusion of these chapter 11 cases. If the Clerk of the Court elects not to destroy all unredacted copies of Apollo's Reply and the Kessler Declaration, Apollo is authorized to retrieve such copies from the Clerk of the Court upon the conclusion of these chapter 11 cases.

7. Apollo is authorized to take all actions necessary to effectuate the relief granted in this Order.

8.      This Court retains jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement, and enforce the provisions of this Order.

Dated: _____, 2022

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE